UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN, | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | | |

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION HEARING

Before the Court is the *Motion for Temporary Restraining Order and to Set a Preliminary Injunction Hearing* (R. Doc. 2) filed by Plaintiff MMR Constructors, Inc. ("MMR") on April 25, 2022. MMR's Verified Complaint (R. Doc. 1), the motion, and the arguments and authorities presented, the Court is satisfied that a temporary restraining order should be issued before and until a hearing can be held to determine whether a preliminary injunction should issue, and that issuance of this temporary restraining order is necessary to maintain the *status quo*.

Accordingly, IT IS HEREBY ORDERED that a temporary restraining order is entered, enjoining and prohibiting Defendants JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") and David Heroman, and those persons or entities in active concert or participation with them, from:

1. Disclosing, dissemination, or using MMR's trade secrets and confidential business information, including, but not limited to, all files (and the information contained therein) that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession,

1

   custody, or control during his employment with MMR or in his possession, custody, or control;

2. Accessing, studying, copying, or taking notes about MMR's trade secrets and confidential business information, including, but not limited to, all files (and the information contained therein) that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession, custody, or control;

3. Destroying, altering, erasing, secreting, or failing to preserve any and all of MMR's trade secrets, business materials, property, proprietary information, confidential information, and/or any and all record or documents that may be relevant to this lawsuit; wherever located, and in whatever form, including but not limited to any document, email, report, software, files, electronic data, tangible evidence, financial records, and any and all communications between Heroman and any employee, member, investor, or consultant of ISG and its parent companies, subsidiaries and affiliates;

4. Failing to return the information and external storage devices identified in the *Verified Complaint*, and any other documents/devices that contain MMR's confidential business information.

   IT IS FURTHER ORDERED that MMR is allowed to conduct forensic examinations on the computing devices, networks, and account, the scope of which is detailed in a separate order concerning expedited discovery.

IT IS FURTHER ORDERED that the issuance of this temporary restraining order is conditioned upon MMR furnishing ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS in security.

IT IS FURTHER ORDER that this temporary restraining order, unless extended for good cause and/or by the agreement by the parties, shall expire by its terms within fourteen days from the date and hour of its issuance and the date and time of the preliminary injunction hearing.

IT IS FURTHER ORDERED that oral argument and an evidentiary hearing will be held on the _____ day of _____, 2022, at ___ a.m. on whether the Court should enter a preliminary injunction until a trial on the merits of the claims.

Thus done and signed in Baton Rouge, Louisiana, this ____ day of _____, 2022, at _____, _.m.

_____
UNITED STATES DISTRICT JUDGE