UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**                                         **CIVIL ACTION**

**VERSUS**

**JB GROUP OF LA, LLC, ET AL.**                         **NO. 22-00267-BAJ-RLB**

<u>**STATUS CONFERENCE**</u>

On April 27, 2022, a telephone status conference was conducted by U.S. District Judge Brian A. Jackson to discuss the temporary restraining order (TRO) issued on April 26, 2002 (Doc. 6), Plaintiff's request for preliminary injunctive relief, and Plaintiff's request for expedited discovery in advance of a preliminary injunction (Doc. 3). The parties were represented by the following participants:

**Participants:**   P.J. Kee, Thomas P. Hubert
Jones Walker LLP
*Counsel for Plaintiff MMR Constructors, Inc.*

Jennifer Fiore
Dunlap Fiore LLC
*Counsel for Defendant JB Group of LA, LLC, d/b/a/ Infrastructure Solutions Group*

Kyle Keegan
Keegan, Juban, Lowe & Robichaux, LLC
*Counsel for Defendant David Heroman*

**Service and Defendants' Appearances Discussed.** Plaintiff's counsel represented that service has not yet been perfected and that waiver of service has not been discussed with Defendants' counsel. The Court urged counsel to discuss perfecting service/waiving service. In the meantime, the Court instructed

Defendants' counsel to make their appearances in the record so that they may receive CM/ECF notices.

**Preservation of Evidence Discussed.** Counsel for each Defendant confirmed receipt of Plaintiff's Complaint, Plaintiff's Motion for TRO, Plaintiff's Motion for Expedited Discovery, and the Court's Order Granting Plaintiff's Motion for TRO. Defendants' counsel confirmed that they have instructed their respective clients to preserve, maintain, and provide to counsel any items that may be subject to forensic analysis. Further, counsel for JB Group of LA, LLC advised that Defendant Heroman has been instructed to immediately return his company laptop, so that the laptop may be preserved and submitted for forensic testing. Defendants' counsel stated that they will confirm with Plaintiff's counsel when affected devices have been received. Defendants' counsel represented that their respective clients intend to comply with the TRO and that additional Court orders are not necessary to ensure compliance.

**Preliminary Injunction Hearing and Expedited Discovery Discussed.** The parties have initiated discussions regarding the timing of a preliminary injunction hearing and related pre-hearing discovery. Defendants' counsel generally agreed that discovery will be required before the preliminary injunction hearing, and represented that they have proposed voluntarily extending the TRO for 14 days to allow sufficient time for discovery. The parties have agreed in concept to computer forensic discovery, and Plaintiff's counsel is drafting a forensic protocol that will be promptly circulated for Defendants' approval.

The Court reminds the parties that under Rule 65(b)(2) the TRO will expire 14 days from its issuance unless extended for good cause or by Defendants' consent. The Court advised that it appreciates the parties' good faith efforts to expeditiously address the discovery issues raised by Plaintiff, and will allow the parties to continue to confer, and to submit to the Court a proposed scheduling order related to the preliminary injunction hearing. The Court ordered that on or before Monday, May 2, 2022, the parties shall submit a proposed date for the preliminary injunction hearing, with related pre-hearing discovery deadlines; alternatively, in lieu of a proposed scheduling order the parties may file a joint motion to extend the TRO for 14 days.

**Joint Status Report Discussed.** On or before May 4, 2022, the parties shall submit a joint status report, which shall address (i) the custodial status of the various affected devices set forth in Plaintiffs' verified Complaint; (ii) the status of discovery related to the issues raised in Plaintiffs' Motion for Temporary Restraining Order and Motion for Expedited Discovery (to include what discovery has been agreed to, and what discovery is disputed (if any)); (iii) the parties' proposed timeline for completing said discovery; (iv) the parties' proposed date for a preliminary injunction hearing; or, alternatively, (v) whether Defendants' stipulate to a preliminary injunction, obviating the need for a preliminary injunction hearing.

**Telephone Status Conference Discussed.** A telephone status conference is set for Tuesday, May 10, 2022 at 2:30 p.m. to discuss the issues set forth herein. Dial-in instructions will be emailed to counsel prior to the conference.

**Settlement Conference Discussed.** The Court reminded the parties that

3

the Magistrate Judge is available to set a settlement conference, if such a conference would be beneficial to the parties.

        Baton Rouge, Louisiana, this 28th day of April, 2022

        _____
        **JUDGE BRIAN A. JACKSON**
        **UNITED STATES DISTRICT COURT**
        **MIDDLE DISTRICT OF LOUISIANA**