UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| | : | |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN, | : : : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | | |

## JOINT STATUS REPORT

The Court recently held a status conference to discuss Plaintiff MMR Constructors, Inc.'s ("MMR") request for emergency injunctive relief. (R Doc. 10). The Court directed MMR and Defendants, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") and David Heroman, to file a Joint Status Report on or before May 4, 2022, including an update on five discrete topics. Consistent with the Court's order, the parties address below the five topics identified in the Court's order.

1. **The custodial status of the various affected devices set forth in Plaintiffs' Verified Complaint.**

    The parties have cooperated in collecting the relevant devices and accounts for forensic inspection. Subject to future information learned in discovery and/or the identification of additional devices and/or accounts in the to-be-agreed upon forensic protocol, at this time, there is no disagreement that the three external storage devices that Mr. Heroman plugged into his MMR computer, and retained after his employment with MMR ended, will be subject to the to-be-agreed forensic protocol, and that the personal Google Drive, gmail, and personal iCloud accounts that Mr. Heroman had access to will be subject to the to-be-agreed forensic protocol.[1] Necessary arrangements to give access to and/or turn over accounts and devices are being made and/or have already been made.

---

[1] Defendants requested the insertion of "personal" to modify the Google Drive, gmail, and iCloud accounts. MMR did not object to inclusion of the term "personal" in this Joint Status Report but maintains that both personal

#100395454v1#100395129v1#100393594v3

2. **The status of discovery related to the issues raised in Plaintiffs' Motion for Temporary Restraining Order and Motion for Expedited Discovery (to include what discovery has been agreed to, and what discovery is disputed (if any)).**

On April 28, 2022, MMR circulated a draft of a proposed forensic protocol agreement to govern the forensic searches of, and the production of documents from, the relevant devices and accounts. ISG and Heroman responded with proposed edits on May 3, 2022. The parties believe an agreement can be reached soon, and, as indicated above, the parties have already begun the process of collecting the relevant devices and/or providing access to the relevant accounts that will be the subject of a forensic protocol.

On May 1, 2022, MMR served its first set of written discovery on Mr. Heroman and ISG. The parties have not come to an agreement on when the responses to those requests should be due, and MMR has asked Mr. Heroman and ISG by when they believe they can respond.

As of this moment, depositions have not been scheduled. MMR has requested dates to depose Mr. Heroman, Jason Yates, and ISG's director of technology (or an employee in a similar function) to testify about relevant computing systems and policies, the potential locations of its information, and all instructions from ISG regarding MMR's information.

ISG is in the process of reviewing MMR's discovery requests and preparing objections and responses thereto.

ISG will make Mr. Yates and its IT employee available for a deposition at a time agreed to by the parties.

3. **The parties' proposed timeline for completing said discovery;**

The parties have not reached an agreement on a timeline to complete discovery, as their attention has been directed to agreeing to the terms of a forensic protocol and agreed preliminary injunction.

In terms of priority, MMR believes that answering the interrogatories and completing the three initial depositions should be completed as soon as possible.

ISG is in the process of reviewing MMR's discovery requests and preparing objections and responses thereto. Subject to and without waiving any objections, MMR requested a large volume of documents and communications, including metadata, from numerous sources which necessitates the assistance of a forensic examiner. ISG is working with its forensic examiner to gain insight as to how long that process may take.

With respect to MMR's Interrogatories, subject to and without waiving any objections, ISG believes it can respond by May 20th.

---

and any business devices, servers, or accounts Mr. Heroman accessed and/or had access to should be subject to the forensic protocol that the parties continue to negotiate.

4. **The parties' proposed date for a preliminary injunction hearing.**

The parties have not reached an agreement on this aspect of the case, as their attention has been directed to agreeing to the terms of a forensic protocol and agreed preliminary injunction.

MMR requests that the Court set the preliminary injunction on May 24, 2022, which would be the expiration of the extended TRO now in effect, or at a time when the Court, counsel, and the parties' schedules align. MMR understands that an extension may be required depending on the progress of discovery efforts.

Kyle Keegan, counsel for Mr. Heroman, will be on vacation in Colorado the week of May 23, 2022, and requests that any preliminary injunction hearing be set on or before May 19, 2022, or on or after May 31, 2022. Mr. Heroman and ISG are agreeable to extending the TRO if necessary to accommodate the court's schedule in this regard.

5. **In the alternative, whether Defendants' stipulate to a preliminary injunction, obviating the need for a preliminary injunction hearing.**

The parties are currently negotiating the terms of an agreed preliminary injunction. MMR circulated its first draft on April 26, 2022. ISG and Mr. Heroman responded with edits on May 2, 2022. The parties remain hopeful than an agreement will be reached.

As it stands, an agreed preliminary injunction is contingent upon resolution of the terms of the forensic protocol, as Defendants have agreed to a stipulated preliminary injunction that mirrors the temporary restraining order. Defendants suggest adopting the mirrored preliminary injunction, which also orders the parties to come to an agreement as to the forensic protocol within one week. If the parties are unable to finalize the forensic protocol within one week, the parties can request assistance form the Court to address any disagreements as to its terms.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com

***Counsel for MMR Constructors, Inc.***

#100395454v1#100395129v1#100393594v3

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served through the Court's pacer e-filing system on May 4, 2022.

                                              */s/ P.J. Kee*
                                              P.J. Kee

#100395454v1#100395129v1#100393594v3