UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN, | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | | |

## AGREED PRELIMINARY INJUNCTION AND DISCOVERY ORDER

Plaintiff MMR Constructors, Inc. ("MMR") filed a *Motion for Temporary Restraining Order and to Set a Preliminary Injunction Hearing* (R. Doc. 2) and *Motion for Expedited Discovery* (R. Doc. 3) on April 25, 2022. MMR and Defendants, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") and David Heroman, have since reached an agreement to resolve the relief requested through those motions.

Accordingly, IT IS HEREBY ORDERED that a preliminary injunction is entered, enjoining and prohibiting Defendants JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") and David Heroman, and those persons or entities in active concert or participation with them, from:

1. Disclosing, dissemination, or using MMR's trade secrets and confidential business information, including, but not limited to, all such trade secrets and confidential business information that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession, custody, or control during his employment with MMR or in his possession, custody, or control;

#100390940v3

2. Accessing, studying, copying, or taking notes about MMR's trade secrets and confidential business information, including, but not limited to, all such trade secrets and confidential business information that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession, custody, or control;

3. Destroying, altering, erasing, secreting, or failing to preserve any and all of MMR's trade secrets, business materials, property, proprietary information, confidential information, and/or any and all record or documents that may be relevant to this lawsuit; wherever located, and in whatever form, including but not limited to any document, email, report, software, files, electronic data, tangible evidence, financial records, and any and all communications between Heroman and any employee, member, investor, or consultant of ISG and its parent companies, subsidiaries and affiliates;

4. Failing to return and allow the remediation of (in accordance with the forensic protocol) the documents and information identified in the *Verified Complaint*, and any other documents or information identified through the forensic protocol that contain MMR's trade secrets and confidential business information.

IT IS FURTHER ORDERED that MMR and Defendants shall enter into and abide by an agreed-upon forensic protocol to be submitted to the Court in the form of a jointly proposed order by May 20, 2022.

#100390940v3

IT IS FURTHER ORDER that the preliminary injunction shall expire by its terms at the final trial on the merits.

Thus done and signed in Baton Rouge, Louisiana, this _____ day of _____, 2022, at _____, _.m.

_____
UNITED STATES DISTRICT JUDGE

#100390940v3