UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**                                    **CIVIL ACTION**

**VERSUS**

**JB GROUP OF LA, LLC, ET AL.**                              **NO. 22-00267-BAJ-RLB**

## STIPULATED PRELIMINARY INJUNCTION

On April 25, 2022, Plaintiff MMR Constructors, Inc. ("MMR") filed a Motion for Temporary Restraining Order and to Set a Preliminary Injunction Hearing (Doc. 2), and a Motion for Expedited Discovery related to the same (Doc. 3). Plaintiff and Defendants JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG") and David Heroman have since reached an agreement to resolve the relief requested through those motions, and have stipulated to the terms of the preliminary injunction set forth below. (*See* Doc. 21).

Accordingly,

**IT IS ORDERED** that the parties' **Joint Motion For Entry Of Agreed Preliminary Injunction And Discovery Order (Doc. 21)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that a preliminary injunction be and is hereby **ENTERED**, **ENJOINING AND PROHIBITTING** Defendants and those persons or entities in active concert or participation with them, from:

1. Disclosing, disseminating, or using MMR's trade secrets and confidential business information, including, but not limited to, all such

trade secrets and confidential business information that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession, custody, or control during his employment with MMR or in his possession, custody, or control;

2. Accessing, studying, copying, or taking notes about MMR's trade secrets and confidential business information, including, but not limited to, all such trade secrets and confidential business information that reside on any electronic storage device, cloud-based file repository or file-sharing account, and/or email account used by Mr. Heroman, or any other former MMR employee that now works for ISG, during their employment with MMR or in their possession, custody, or control;

3. Destroying, altering, erasing, secreting, or failing to preserve any and all of MMR's trade secrets, business materials, property, proprietary information, confidential information, and/or any and all record or documents that may be relevant to this lawsuit; wherever located, and in whatever form, including but not limited to any document, email, report, software, files, electronic data, tangible evidence, financial records, and any and all communications between Mr. Heroman and any employee, member, investor, or consultant of ISG and its parent companies, subsidiaries and affiliates;

4.  Failing to return and/or to allow the remediation of (in accordance with the forensic protocol) the documents and information identified in the *Verified Complaint*, and any other documents or information identified through the forensic protocol, that contain MMR's trade secrets and confidential business information.

**IT IS FURTHER ORDER** that the preliminary injunction set forth herein shall remain in effect pending further order of this Court.

**IT IS FURTHER ORDERED** that the temporary restraining order originally entered on April 26, 2022 (Doc. 7), and extended by joint motion of the parties on May 5, 2022 (Doc. 16) be and is hereby **TERMINATED**.

**IT IS FURTHER ORDERED** that on or before May 20, 2022, MMR and Defendants shall enter into and abide by an agreed-upon forensic protocol, to be submitted to the Court in the form of a jointly proposed order.

Baton Rouge, Louisiana, this 20th day of May, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**