# FORENSIC PROTOCOL

Under the *Agreed Preliminary Injunction and Discovery Order* entered in *MMR Constructors, Inc. v. JB Group of LA, LLC d/b/a Infrastructure Solutions Group and David Heroman*, No. 22-267 (M.D. La.) ("**Civil Action**"), the parties are to agree on a forensic protocol that will govern the forensic analysis of specified computing devices, networks, and accounts. The Parties have agreed that this Forensic Protocol (the "**Protocol**") between, on the one hand, MMR Constructors, Inc. ("**MMR**"), and, on the other hand, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("**ISG**") and David Heroman ("**Heroman**," collectively with MMR and ISG, the "**Parties**"), governs the forensic examinations required by the Agreed Preliminary Injunction. "MMR's counsel" as used herein shall mean the attorneys at Jones Walker representing MMR in this litigation, and specifically excludes all In-House attorneys/counsel or other attorneys/counsel working for or retained by MMR.

1. **EXAMINER.** The forensic acquisition and examination will be conducted by digital forensic experts, 337 Forensics (the "**ISG Examiner**"), and LCG, LLC (the "**MMR Examiner**," collectively with the ISG Examiner, the "**Examiners**") in accordance with this Protocol. The Examiners are aware of the pendency of the Civil Action and agree to be bound by the terms of this Protocol.

2. **ISG DEVICES AND ACCOUNTS.** The devices and accounts belonging to ISG that are subject to this Protocol are listed on the attached Exhibit A, which also serves as an executed certification concerning the completeness of ISG's search for the ISG devices and accounts subject to examination pursuant to this Protocol (the "**ISG Devices and Accounts**"). The ISG Devices and Accounts include all computers, tablets, external storage devices, servers, cellphones, and email accounts, assigned to, provided access to, and/or used by Heroman, Kasey Kraft, and/or Travis Dardenne while employed by ISG.

3. **HEROMAN DEVICES AND ACCOUNTS.** The Devices and Accounts belonging to Heroman that are subject to this Protocol are listed on the attached Exhibit B, which also serves as an executed certification concerning the completeness of Heroman's search for the devices and accounts subject to examination pursuant to this Protocol (the "**Heroman Devices and Accounts**" and, collectively with the ISG Devices and Accounts, the "**Devices and Accounts**"). The Heroman Devices and Accounts include all personal laptop computers, servers, tablets, external storage devices, cellphones, as well as all personal email, file-storing, file-sharing accounts. This includes, but is not limited to, the external storage devices and accounts identified in the Verified Complaint filed in the Civil Action.

4. **FORENSIC INSPECTION.** The ISG Examiner shall make forensic images or equivalent copies of the Devices and Accounts (excluding the external storage devices that will be in the MMR Examiners' control), and will also run data recovery software and/or use data recovery tools (including any that the ISG Examiner deems necessary or appropriate to complete the inspections) to retrieve deleted information, if any, from the Devices and Accounts. Any recoverable data will be imaged and will be part of this Protocol. The external storage devices identified in the Verified Complaint will be provided to the MMR Examiner who shall make forensic images and shall take the same steps to retrieve deleted information, if any, from those external storage devices. The Examiners shall preserve and provide a copy of the forensic images or equivalent copies of the Devices and Accounts to

each other for verification. Neither the MMR Examiner nor the ISG shall share those forensic images or equivalent copies with anyone else.

5. **DEVICE AND DRIVE REPORTS.** The Examiners shall generate the following forensic reports (or their relevant equivalents) on the Devices and Accounts under their respective control: Timeline Report, USB Registry Report, LNK File Analysis, Jump List Analysis, Shellbag Analysis, cellphone report, and an analysis listing the existing and deleted user created files including Microsoft Office files such as Word, Excel, PowerPoint, and other file types including .pdf files, email, etc.). The Examiners shall simultaneously provide these reports to the Parties' counsel. The Examiners shall confer about the forensic tools that will be used to generate these forensic reports, and to the extent a required report cannot be generated due to a lack of access to a forensic tool that could generate the report, the Examiner with the required forensic tool(s) shall generate the respective report from the forensic image(s) in their respective control.

6. **SEARCH TERMS.** The ISG Examiner will apply an agreed-upon list of search terms (as set forth in Exhibit C attached). The ISG Examiner is authorized to make necessary modifications to the search terms as required for the various software tools that will be utilized.[1] Any changes will ensure that the terms continue to result in intended responsive hits and a list of modifications will be provided to counsel for both parties. Search terms will be applied to the forensic images/copies (including internal file metadata) of the Devices and Accounts under the ISG Examiner's control. The ISG Examiner will execute the searches across the forensic images/copies of the Devices and Accounts.

7. **RESULTS OF SEARCH TERMS.** The ISG Examiner will provide the Parties' respective counsel with a search term hit list that lists the number of hits found for each search term, the number of documents/data containing each search term, the total number of documents/data containing search terms, and the name and location (e.g. the directory) of each document/data with a hit. The parties shall review the search term hit list and shall have the right, prior to the production contemplated in Section 9 of this Protocol, to demand that any search terms which result in a large number of hits be further refined or narrowed. The documents/data with search term hits (after refining or narrowing if necessary) will be referred to as the "**Targeted Collection**."

8. **PRIVILEGED DOCUMENTS.** The ISG Examiner will apply the following search terms to the Targeted Collection, and any documents or files containing these search terms will be treated as presumptively privileged and will not be delivered to MMR's counsel ("MMR's counsel" shall mean the attorneys at Jones Walker representing MMR in this litigation, but excludes specifically all In-house attorneys working for MMR):

    - dunlapfiore
    - Dunlap
    - Fiore
    - Fonacier
    - Keegan

---

[1] Different data sources may require the use of different software tools (e.g., phone vs. computer vs. cloud), each tool uses a different indexing and search engine (e.g., DT search vs. Lucene, etc) and accordingly require use of different search methods (e.g. Grep, Regex, Plain, etc.)

#100416439v2

- Keeganjuban
- Juban
- Robichaux

The ISG Examiner shall provide a listing of the presumptively privileged files in an Excel spreadsheet format (through the same method set forth in Section 7) and the corresponding files to **ISG's and Heroman's counsel only**. The ISG Examiner will simultaneously provide the same listing that sets forth the document title, date, sender, and recipients of the presumptively privileged files to MMR's counsel. ISG's and Heroman's counsel will review the presumptively privileged files, and if any presumptively privileged files contains MMR's information, ISG's and/or Heroman's counsel shall notify the Examiner as soon as practicable, and the ISG Examiner will produce the files to MMR's counsel in accordance with this Protocol, unless the document also contains privileged information. If the document contains MMR's information and privileged information, the document will be produced to MMR's counsel by ISG's and/or Heroman's counsel with any privileged information redacted. To the extent privileged material is not captured as "presumptively privileged," or otherwise produced under the Protocol, production of such material shall not constitute a waiver of privilege, and upon identification, such material must be returned in accordance with Section 15 of this Protocol.

9. **ISG EXAMINER PRODUCTION.** As soon as practicable, the ISG Examiner shall deliver the Targeted Collection from the ISG Devices and Accounts to ISG's and Heroman's counsel and MMR's counsel simultaneously, which will be designated, by agreement of all counsel, as "**Attorneys' Eyes Only**." The ISG Examiner will produce the Targeted Collection from the ISG Devices and Accounts to ISG's and Heroman's counsel and MMR's counsel in accordance with this Protocol (excluding the presumptively privileged files discussed in Section 8 above) in the following formats: (a) native files containing the search term(s), and, and (b) an Excel spreadsheet listing the name, source Devices and Accounts, and all typical metadata associated with the file/folder discovered. The spreadsheets are for **Attorneys' Eyes Only**. For the Heroman Devices and Accounts, the ISG Examiner shall first provide the Parties' counsel with an Excel spreadsheet listing the name, source Devices and Accounts, and all typical metadata associated with the file/folder that contains a search term. Heroman's counsel shall have five (5) business days to review those spreadsheets and identify files that are believed to be "purely personal" by highlighting the file names on the respective spreadsheets. After Heroman's counsel provides the highlighted spreadsheet to the ISG Examiner and MMR's counsel, the ISG Examiner shall deliver (in the same manner described above) the files within the Targeted Collection from the Heroman Devices and Accounts to Heroman's and ISG's counsel and to MMR's counsel (excluding the files highlighted on the spreadsheets as "purely personal"). Heroman's counsel shall review the files identified as "purely personal" and shall produce those files to MMR's counsel if the files contain information relating to MMR's business information. All files produced by the ISG Examiner are for **Attorneys' Eyes Only.**

10. **MMR EXAMINER PRODUCTION.** For the external storage devices under the MMR Examiner's control, the MMR Examiner shall deliver the reports/spreadsheets referenced in this Section 4 generated from the external storage devices to the Parties' respective counsel. The spreadsheets/reports are for **Attorneys' Eyes Only**. Heroman's counsel shall

#100416439v2

have five (5) business days to review those spreadsheets/reports and identify files that are believed to be "purely personal" by highlighting the file names on the respective spreadsheets/reports. After Heroman's counsel provides the highlighted spreadsheets/reports to the MMR Examiner and MMR's and ISG's counsel, the MMR Examiner shall deliver the files on the external storage devices to ISG's and Heroman's counsel and to MMR's counsel (excluding the files highlighted on the spreadsheets/reports). Heroman's counsel shall review the files identified as "purely personal" and shall produce those files to MMR's counsel if the files contain information relating to MMR's business information. All files produced by the MMR Examiner are for **Attorneys' Eyes Only**.

11. **MMR REVIEW.** MMR's counsel will review the files delivered by the Examiners and will provide to ISG's and Heroman's counsel a list of files ("**MMR Files**") that MMR's counsel believe should be permanently deleted from the Devices and Accounts in accordance with Section 12 below.

12. **REMEDIATION.** The Parties will confer in good faith about the MMR Files that MMR's counsel believe should be removed from the Devices and Accounts. If the Parties cannot reach an agreement on whether the MMR Files should be removed, the Parties will request a conference with the Court to discuss the MMR Files. Once an agreement is reached or a court order is entered, the Examiners will then locate the MMR Files on the Devices and Accounts and will then permanently delete such MMR Files from the Devices and Accounts as soon as practicable. The Examiners will then provide the Parties' counsel with a certification that the removal is complete.

13. **DUPLICATION**. The Examiners will make hash-authenticated working and archival copies of the images of the Devices and copies of the Accounts.

14. **COSTS**. ISG and Heroman shall cover the costs and fees associated with the ISG Examiner's work called by the Protocol, and MMR shall cover the costs and fees associated with the MMR Examiner's work undertaken by this protocol, reserving rights to seek recovery of costs and fees in the Civil Action.

15. **PRIVILEGE AND CONFIDENTIALITY.** Nothing in this Protocol shall waive the attorney-client privilege, work product doctrine, or any other privileges or protections afforded by the applicable rules of civil procedure, the applicable rules of evidence, or any existing or yet-to-be entered into Protective Order in this case or any other federal, state or arbitration proceeding regardless of the circumstances of the document'(s) production. **All documents produced by the Examiners to counsel for the Parties shall be treated as Attorneys Eyes Only.**

16. **RESERVATION OF RIGHTS**. MMR reserves all rights with regard to the subject matter hereof, specifically including petitioning the Court to expand the scope of the Protocol if necessary. ISG and Heroman reserve all rights and defenses with regard to the subject matter hereof.

*[Remainder Intentionally Blank]*

#100416439v2

**IN WITNESS WHEREOF**, the Parties and the Examiner have executed this Protocol on the dates set forth below.

*/s/ P.J. Kee*
P.J. Kee
Jones Walker, LLP
***Counsel for MMR Constructors, Inc.***

*/s/*
Jennifer Fiore
Dunlap Fiore, LLC
***Counsel for JB Group of LA, LLC***

*/s/*
Kyle M. Keegan
Keegan, Juban, Lowe & Robichaux, LLC
***Counsel for David Heroman***

[Signatures]

#100416439v2

**EXHIBIT A - CERTIFICATIONS**
**DEVICES AND ACCOUNTS**

The following certification is made pursuant to the Protocol.

ISG certifies that to the best of its knowledge that the following is a complete list of the ISG Devices and Accounts (as defined in the Protocol), and which also serves as an executed certification concerning the completeness of ISG's search for the ISG Devices and Accounts subject to examination pursuant to this Protocol.

The ISG Devices are as follows:

| Device Description |
|---|
| David Heroman<br>Microsoft Surface Laptop 4 – Serial 038498314157 |
| Travis Dardenne<br>Dell Inspiron 7415 2in1<br>Device ID:  BE020FBB-ED84-4B62-83D81B2449F1<br>Product ID: 00325-82191-02186-AAOEM |
| Kasey Kraft<br>Dell Latitude 5520<br>Device ID: BBDCCFB2-7072-47E2-973C-CAD960A6087D<br>Product ID: 00355-62832-51117-AAOEM |

The ISG Accounts are as follows:

| Account Provider | Account Username |
|---|---|
| Microsoft 365 Account | tdardenne@isg.work |
| Microsoft 365 Account | kkraft@isg.work |
| Microsoft 365 Account | dheroman@isg.work |
| GoDaddy Account | dheroman@isg.work |
| ISG One Drive Account | Ties to the Microsoft accounts listed above |

#100416439v2

**EXHIBIT B – CERTIFICATION**

The following certification is made pursuant to the Protocol.

Heroman certifies that to the best of his knowledge that the following is a complete list of the Heroman Devices and Accounts (as defined in the Protocol), and which also serves as an executed certification concerning the completeness of Heroman's search for the Heroman Devices and Accounts subject to examination pursuant to this Protocol.

The Heroman Devices are as follows:

| Device Description |
| --- |
| SanDisk Cruzer (4 GB) flash drive |
| Patriot Xporter XT (8 GB) flash drive |
| Flash drive shaped like Darth Vader |
| USB C Memory Stick (1 TB) |
| David Heroman's iPhone |
| David Heroman's iPad |
| David Heroman's daughter's Chromebook |

The Heroman Accounts are as follows:

| Account Provider | Account Username |
| --- | --- |
| Gmail | David.heroman@gmail.com |
| Gmail | David.heroman2@gmail.com |
| Apple | Davidheroman@icloud.com |
| Box.com | David.heroman@gmail.com |
| Box.com | Dheroman@mmrgrp.com |
| Dropbox | David.heroman@gmail.com |
| OneDrive | David.heroman@gmail.com |
| OneDrive | Dheroman@mmrgrp.com |

## EXHIBIT C – SEARCH TERMS*

1. MMR
2. *mmr*
3. Banana
4. 2021 Estimates
5. 2020 Estimates
6. 2019 Estimates
7. Bckup
8. A Daily
9. TAI2
10. contacts.csv
11. Master Job Sheet
12. Bible
13. Book2
14. Disney
15. Seaworld
16. WDW
17. WD
18. SpaceX
19. Epcot
20. Code Blue
21. Palatka
22. Alford
23. Greensheet
24. green sheet
25. Top sheet
26. Waldorf
27. Smart city
28. star tours
29. data center
30. Orlando
31. animal kingdom
32. golden master
33. Graybar
34. Bom
35. Price w/2 list
36. Price w/2 book
37. Pricebook
38. Lenel
39. Quote w/2 request
40. Rate w/2 slip
41. QAQC
42. PQP

#100416439v2

| | |
|---|---|
| 43. | DAK |
| 44. | SUTA |
| 45. | Mosaic |
| 46. | Agilify |
| 47. | Formosa |
| 48. | P19 |
| 49. | P20 |
| 50. | P21 |
| 51. | P22 |
| 52. | DCBLOX |
| 53. | Universal |
| 54. | Old Data |
| 55. | Overactive |
| 56. | Dow |
| 57. | Shintech |
| 58. | Sumitomo |
| 59. | SWO |
| 60. | Darryl Clark |
| 61. | Jeramiah Blum |
| 62. | Kyle Hebert |
| 63. | Tyler Loupe |
| 64. | Russell Madere |
| 65. | Scott Alexander |

\* THE EXAMINER SHALL ALSO USE ALL ACCEPTED FORENSIC INVESTIGATIVE METHODS TO SEARCH FOR AND LOCATE MMR FILES AND FOLDERS ON OR WITHIN THE DEVICES AND ACCOUNT, INCLUDING THE DOCUMENTS AND FOLDERS IDENTIFIED ON THE DATA LOSS PREVENTION SOFTWARE REFERENCED IN THE VERIFIED COMPLAINT.

#100416439v2