# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.,**                    **CIVIL ACTION NO.: 22-CV-267**

       **Plaintiff,**

**VERSUS**                                                  **JUDGE BRIAN A. JACKSON**

**JB GROUP OF LA, LLC D/B/A**
**INFRASTRUCTURE SOLUTIONS**
**GROUP and DAVID HEROMAN**            **MAGISTRATE JUDGE**
                                  **RICHARD L. BOURGEOIS, JR.**

       **Defendants.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO MMR CONSTRUCTORS, INC.'S VERIFIED COMPLAINT FOR DAMAGES, TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"), which files its answer and affirmative defenses to MMR Constructors, Inc.'s ("MMR") Verified Complaint for Damages, Temporary Restraining Order, and Injunctive Relief (the "Complaint") as follows:

1.      The allegations in Paragraph 1 of the Complaint are denied.

2.      ISG is without knowledge and information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 2 of the Complaint, and such averments are therefore denied. The allegations in the remainder of Paragraph 2 of the Complaint are denied as written. By way of further response, no non-competition or non-solicitation agreements are at issue in this case. Notwithstanding the absence of such convents, ISG has not "poached" or recruited any MMR employees. ISG was founded by an MMR ex-employee. Once that employee resigned from MMR, other MMR employees reached out to ISG seeking employment. Upon information

and belief, MMR was hemorrhaging from employee resignations as over 75 employees resigned from MMR in the past year. Of those employees, only a handful were hired by ISG. None of the MMR employees that quit MMR were subject to employment or non-competition or non-solicitation agreements. Accordingly, MMR cannot stop prevent, or seek to punish ISG for offering employment to anyone ISG chooses, including former MMR employees. But, this is exactly what MMR seeks to do through this litigation. MMR's failure to implement non-competition or non-solicitation agreements is the real issue here, and it seeks to back door such restrictions by use of this lawsuit to intimidate not only ISG and its former employees, but its currently employees as well.

3.     ISG admits only to hiring Kasey Kraft. All remaining allegations in Paragraph 3 of the Complaint are denied as written.

4.     ISG admits only to hiring David Heroman. All remaining allegations in Paragraph 4 of the Complaint are denied as written.

5.     Paragraph 5 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 5 is denied for lack of sufficient information to justify a belief therein.

6.     Paragraph 6 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 6 is denied for lack of sufficient information to justify a belief therein.

7.     The allegations in Paragraph 7 of the Complaint are denied. By way of further response, Heroman was advised by ISG not to remove, take and/or utilize any MMR information or documents prior to his employment with ISG. Heroman has not provided to ISG, nor has ISG

accessed, reviewed, or utilized, any of the alleged "library of MMR's trade secrets" allegedly taken by Heroman.

8.      The allegations in Paragraph 8 of the Complaint are denied.  By way of further response, ISG has not unjustly profited due to any alleged trade secrets, nor has MMR been damaged in anyway.  In fact, to date, for the only project that both ISG and MMR placed bids on, MMR won the bid and was awarded the contract.  ISG is a small business, and the majority of its business is related to Department of Transportation work.  However, a very small amount of its business (under 15%) includes some electrical and instrumentation work such as underground fiberoptic wiring.  However, only approximately 1% of that work is the same type of electrical and instrumentation worked performed by MMR.

9.      Paragraph 9 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 9 is admitted based upon currently available information.

10.      The allegations in Paragraph 10 of the Complaint are admitted as of the date the Complaint was filed.

11.      Paragraph 11 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 11 is admitted based upon currently available information.

## JURISDICTION AND VENUE

12.      Paragraph 12 of the Complaint does not contain allegations that require a response from ISG. However, ISG does not object to the Court's jurisdiction and venue in this matter.

13.      Paragraph 13 of the Complaint is admitted as to the allegation that ISG's principal place of business was in Louisiana at the time this Complaint was filed. The remaining allegations

do not require a response from ISG. However, ISG does not object to the Court's jurisdiction and venue in this matter.

14.    Paragraph 14 of the Complaint does not contain allegations that require a response from ISG. However, ISG does not object to the Court's jurisdiction and venue in this matter.

## **FACTUAL BACKGROUND**

15.    Paragraph 15 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 15 is denied for lack of sufficient information to justify a belief therein

16.    Paragraph 16 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 16 is denied for lack of sufficient information to justify a belief therein.  By way of further response, MMR has not taken substantial care to keep its alleged confidential business information secret.   Moreover, the electrical construction service industry is based on bid proposals wherein the client seeks services from a number of possible contractors, and knowledge of who is awarded the bid is well known within the industry.  Moreover, MMR itself publishes its customers and projects on its website.

17.    Paragraph 17 of the Complaint is denied as MMR has not taken substantial care to keep its alleged confidential business information secret.

18.    The allegations in Paragraph 18 of the Complaint are admitted as far as such documents may have been signed by the enumerated employees. Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso. ISG denies any remaining allegations.  Moreover, upon information and belief, MMR provided no guidance, instructions, or definitions related to what information or documents were confidential, proprietary or trade secrets.

4

19.     The allegations in Paragraph 19 of the Complaint are admitted as far as such documents may have been signed by the enumerated employees. Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso. ISG denies any remaining allegations.

20.     The allegations in Paragraph 20 of the Complaint are admitted as far as such documents may have been signed by Heroman. Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso. ISG denies any remaining allegations.

21.     Paragraph 21 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 21 is denied for lack of sufficient information to justify a belief therein. By way of further response, upon information and belief, MMR provided no training, guidance, specific identification, instructions, or definitions related to what information or documents were confidential, proprietary, or trade secrets.

22.     Paragraph 22 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 22 is denied for lack of sufficient information to justify a belief therein.

23.     Paragraph 23 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 23 is denied for lack of sufficient information to justify a belief therein. By way of further response, MMR has not taken substantial care to keep its alleged confidential business information secret.  Moreover, the electrical construction service industry is based on bid proposals wherein the client seeks services from a number of possible contractors, and knowledge of who is awarded the bid is well known within the industry.  Moreover, MMR itself publishes its customers and projects on its website.

24.    ISG admits that it was formed in Gonzales, Louisiana and provides some industrial electrical and instrumentation services along with other services.  ISG denies any remaining allegations in Paragraph 24 of the Complaint.

25.    ISG admits only that Jason Yates joined MMR in 2003, that Jason Yates is a former MMR Project Manager, that Travis Dardenne joined MMR in 2004, that Travis Dardenne is a former MMR Project Manager, and that ISG hired Jason Yates and Travis Dardenne.  ISG was co-founded by Jason Yates, while he was still employed at MMR.   Yates' supervisors, co-workers, MMR stockholders, and MMR's corporate counsel were aware of Yate's involvement with ISG and on occasion assisted Yates with ISG related business.  During the period when Mr. Yates was working for ISG and MMR, Mr. Yates worked exclusively on Department of Transportation work. ISG denies any remaining allegations in Paragraph 25 of the Complaint.  As previously stated, there are no MMR employment or non-competition agreements in place which could prevent Jason Yates and/or Travis Dardenne from choosing their place of employment—including employment at a business which may compete with MMR.  Moreover, ISG was only created in late 2019 and has been steadily adding new services at it grew.

26.    It is admitted only that Yates resigned from MMR on or about July 12, 2021.  The allegations in Paragraph 26 of the Complaint are denied as written.

27.    The allegations in Paragraph 27 of the Complaint are denied as written. By way of further response, as previously stated, there are no MMR employment or non-competition agreements in place which could prevent Jason Yates and/or Travis Dardenne from choosing their place of employment—including employment at a business which may compete with MMR.

6

28.    ISG admits to hiring Walter Huffman and Tiffany Medine. ISG did not target MMR personnel and both Huffman and Medine reached out to ISG seeking employment.   ISG denies any remaining allegations in Paragraph 28 of the Complaint.

29.    Paragraph 29 of the Complaint does not contain allegations that require a response from ISG. However, therein MMR admits that all of its employees were free to seek employment anywhere they choose, *including for a direct competitor*.

30.    The allegations in Paragraph 30 of the Complaint are denied.

31.    The allegations in Paragraph 31 of the Complaint are denied.

32.    Paragraph 32 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 32 is denied for lack of sufficient information to justify a belief therein.

33.    Paragraph 33 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 33 is denied for lack of sufficient information to justify a belief therein.

34.    Paragraph 34 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 34 is denied for lack of sufficient information to justify a belief therein.

35.    Paragraph 35 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 35 is denied for lack of sufficient information to justify a belief therein.

36.    Paragraph 36 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 36 is denied for lack of sufficient information to justify a belief therein.

37.     Paragraph 37 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 37 is denied for lack of sufficient information to justify a belief therein.

38.     Paragraph 38 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 38 is denied for lack of sufficient information to justify a belief therein.

39.     Paragraph 39 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 39 is denied for lack of sufficient information to justify a belief therein.

40.     The allegations in Paragraph 40 of the Complaint are denied.

41.     Paragraph 41 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 41 is denied for lack of sufficient information to justify a belief therein.

42.     Paragraph 42 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 42 is denied for lack of sufficient information to justify a belief therein.

43.     Paragraph 43 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 43 is denied for lack of sufficient information to justify a belief therein.

44.     Paragraph 44 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 44 is denied for lack of sufficient information to justify a belief therein.

45.     Paragraph 45 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 45 is denied for lack of sufficient information to justify a belief therein.

46.     Paragraph 46 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 46 is denied for lack of sufficient information to justify a belief therein.

47.     The allegations in Paragraph 47 of the Complaint are denied.

48.     Paragraph 48 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 48 is denied for lack of sufficient information to justify a belief therein

49.     The allegations in Paragraph 49 of the Complaint are denied.

50.     Paragraph 50 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 50 is denied for lack of sufficient information to justify a belief therein.

51.     Paragraph 51 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 51 is denied for lack of sufficient information to justify a belief therein.

52.     Paragraph 52 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 52 is denied for lack of sufficient information to justify a belief therein.

53.     Paragraph 53 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 53 is denied for lack of sufficient information to justify a belief therein.

54.     Paragraph 54 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 54 is denied for lack of sufficient information to justify a belief therein.

55.     Paragraph 55 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 55 is denied for lack of sufficient information to justify a belief therein.

56.     Paragraph 56 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 56 is denied for lack of sufficient information to justify a belief therein.

57.     Paragraph 57 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 57 is denied for lack of sufficient information to justify a belief therein.

58.     The allegations in Paragraph 58 of the Complaint are denied as to any allegations related to ISG's actions.  The remaining allegations in Paragraph 58 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.     Paragraph 59 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 59 is denied for lack of sufficient information to justify a belief therein.

60.     ISG admits only to hiring David Heroman.  All remaining allegations in Paragraph 60 of the Complaint are denied as written.

61.     The allegations in Paragraph 61 of the Complaint are denied as written.

62.     The allegations in Paragraph 62 of the Complaint are denied.

63.     Paragraph 63 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 63 is denied for lack of sufficient information to justify a belief therein

**ALLEGED CAUSES OF ACTION**
**ALLEGED COUNT 1**

64.     The allegations in Paragraph 64 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 64 of the Complaint above as if fully stated here.

65.     Paragraph 65 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 65 is denied.

66.     Upon information and belief, MMR does not keep its alleged trade secrets or other alleged information secret.  Until recently, MMR allowed employees to email MMR information to other companies, provided no training or advice as to keeping any particular information or documents secret, and took no precautions (such as removing access to MMR email) upon the departure of employees. Therefore, the allegations in Paragraph 66 of the Complaint are denied.

67.     Paragraph 67 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 67 is denied.

68.     Paragraph 68 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 68 is denied for lack of sufficient information to justify a belief therein.

69.     The allegations in Paragraph 69 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 69 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer

11

is deemed necessary, the remaining allegations in Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.    The allegations in Paragraph 70 of the Complaint are denied.

71.    Paragraph 71 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 71 is denied.

72.    The allegations in Paragraph 72 of the Complaint are denied.

73.    The allegations in Paragraph 73 of the Complaint are denied.

## ALLEGED COUNT 2

74.    The allegations in Paragraph 74 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 74 of the Complaint above as if fully stated here.

75.    Paragraph 75 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 75 is denied.

76.    Paragraph 76 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 76 is denied.

77.    Paragraph 77 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 77 is denied for lack of sufficient information to justify a belief therein.

78.    The allegations in Paragraph 78 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 78 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.    The allegations in Paragraph 79 of the Complaint are denied.

80.     Paragraph 80 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 80 is denied.

81.     The allegations in Paragraph 81 of the Complaint are denied.

82.     The allegations in Paragraph 82 of the Complaint are denied.

## **ALLEGED COUNT 3**

83.     The allegations in Paragraph 83 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 83 of the Complaint above as if fully stated here.

84.     The allegations in Paragraph 84 of the Complaint are denied.

85.     The allegations in Paragraph 85 of the Complaint are denied.

86.     The allegations in Paragraph 86 of the Complaint are denied.

87.     The allegations in Paragraph 87 of the Complaint are denied.

88.     The allegations in Paragraph 88 of the Complaint are denied.

## **ALLEGED COUNT 4**

89.     The allegations in Paragraph 89 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 89 of the Complaint above as if fully stated here.

90.     Paragraph 90 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 90 is denied.

91.     The allegations in Paragraph 91 of the Complaint are denied.

92.     The allegations in Paragraph 92 of the Complaint are denied.

93.     Paragraph 93 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 93 is denied.

94.     Paragraph 94 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 94 is denied for lack of sufficient information to justify a belief therein.

95.     The allegations in Paragraph 95 of the Complaint are denied.

## ALLEGED COUNT 5

96.     The allegations in Paragraph 96 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 96 of the Complaint above as if fully stated here.

97.     The allegations in Paragraph 97 of the Complaint are denied.

98.     The allegations in Paragraph 98 of the Complaint are denied.

99.     The allegations in Paragraph 99 of the Complaint are denied.

100.    The allegations in Paragraph 100 of the Complaint are denied.

101.    Paragraph 101 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 101 is denied.

## ALLEGED COUNT 6

102.    The allegations in Paragraph 102 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 102 of the Complaint above as if fully stated here.

103.    The allegations in Paragraph 103 of the Complaint are denied as to any allegations related to ISG's actions, knowledge or intent.  The remaining allegations in Paragraph 103 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 103 is denied for lack of sufficient information to justify a belief therein.

104.    The allegations in Paragraph 104 of the Complaint are denied.

105.    The allegations in Paragraph 105 of the Complaint are denied.

## ALLEGED COUNT 7

106.    The allegations in Paragraph 106 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 106 of the Complaint above as if fully stated here

107.    Paragraph 107 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 107 is denied for lack of sufficient information to justify a belief therein.

108.    Paragraph 108 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 108 is denied for lack of sufficient information to justify a belief therein.

109.    Paragraph 109 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 109 is denied for lack of sufficient information to justify a belief therein.

110.    Paragraph 110 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 110 is denied for lack of sufficient information to justify a belief therein. The allegations of the prayer for jury trial do not require a response; however, to the extent a response may be required, the allegations are denied as written.

## ALLEGED JURY DEMAND

111.    The allegations of the prayer for jury trial do not require a response; however, to the extent a response may be required, the allegations are denied as written.

## ALLEGED PRAYER FOR RELIEF

112.    The allegations of the prayer for relief do not require a response; however, to the extent a response may be required, the allegations are denied as written.

**AND, NOW FOR FURTHER ANSWERING**, ISG affirmatively assert the following:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

MMR's Complaint fails to state a claim against the ISG upon which relief can be granted.

### SECOND DEFENSE

ISG affirmatively asserts that it has committed no negligent or wrongful act or omission which proximately caused or contributed to the alleged breach and/or damages and that at all times it has acted in good faith and in a reasonable manner.

### THIRD DEFENSE

ISG shows that MMR's damages, if any, were caused by the fault of others over whom ISG had no control and for whom ISG had no responsibility.

### FOURTH DEFENSE

ISG shows that MMR's damages, if any, were caused by the fault and negligence of the MMR, which fault serves as a complete and total bar to any recovery by MMR herein. Alternatively, ISG show that MMR s damages, if any, were caused by the contributing fault and negligence of MMR, which contributing fault and negligence serves to proportionately diminish MMR's recovery.

### FIFTH DEFENSE

ISG asserts that MMR failed to mitigate its damages.

### SIXTH DEFENSE

ISG affirmatively asserts that the claims are barred due to MMR's failure to exhaust available remedies.

## SEVENTH DEFENSE

ISG affirmatively asserts the defense of independent, superseding or intervening cause.

## EIGHTH DEFENSE

MMR is barred from recovery by virtue of its own acts, omissions, and course of conduct, including MMR's own fault, negligence, or intentional actions, whether in whole or in part.

## NINTH DEFENSE

ISG pleads equitable defenses, including but not limited to, laches, equitable estoppel, waiver, and unclean hands, which will be established after a reasonable opportunity for further investigation and discovery.

## TENTH DEFENSE

MMR's claims regarding trade secret violations are barred and precluded because the MMR failed to properly treat the alleged trade secrets as secrets and/or the information sought to be protected does not qualify as trade secret and/or proprietary.  Such information, documents, and/or materials are readily ascertainable through legitimate methods and have no economic value.

## ELEVENTH DEFENSE

ISG asserts that MMR failed to take reasonable precautions or secrecy measures to secure its allegedly confidential, proprietary or secret information.

## TWELFTH DEFENSE

MMR's claims are barred, in whole or in part, by the competitor's privilege because ISG has engaged in fair and protectable competition with MMR.

## THIRTEENTH DEFENSE

ISG acted in accordance with sound business practices, permissible business judgment, and engaged only in appropriate free enterprise transactions.

## FOURTEENTH DEFENSE

MMR's claim for punitive damages is barred because the alleged acts or omissions of ISG do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny MMR its protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle MMR to punitive damages.

## FIFTEENTH DEFENSE

ISG affirmatively asserts that it intends to rely upon such other affirmative defenses and/or denials as may become available or apparent during the discovery phase of this litigation and reserves the right to amend this answer to assert any such defense and/or denial.

**WHEREFORE,** ISG prays that its Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings are had, there be judgment herein in favor of ISG, dismissing the claims of MMR, with prejudice, at MMR's cost.


Respectfully submitted:

**DUNLAP FIORE LLC**

/s/ Jennifer A. Fiore
Jennifer A. Fiore (Bar # 28038)
Erin G. Fonacier (Bar # 33861)
6700 Jefferson Hwy, Building #2
Baton Rouge, LA  70808
Telephone:  225-282-0660
Facsimile:  225-282-0680
jfiore@dunlapfiore.com
efonacier@dunlapfiore.com
*Attorneys for JB Group of LA, LLC d/b/a
Infrastructure Solutions Group*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice to all counsel on this 27th day of June 2022.

/s/ Jennifer A. Fiore
Jennifer A. Fiore
