## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.** | **CIV. NO. 22-267-BAJ-RLB** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, DAVID HEROMAN, and KASEY KRAFT** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

### DEFENDANT DAVID HEROMAN'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF

**NOW INTO COURT,** through undersigned counsel, comes Defendant, David Heroman, who responds to the First Amended Complaint for Damages, Temporary Restraining Order, and Injunctive Relief ("Complaint") of Plaintiff, MMR Constructors, Inc. Any allegation that is not specifically admitted is denied.

1. Defendant denies the first two sentences of Paragraph 1 for lack of information sufficient to justify a belief therein. Defendant denies the last sentence of Paragraph 1.

2. Defendant denies the first and last sentence of Paragraph 2 for lack of information sufficient to justify a belief therein. Defendant denies the remaining sentences of Paragraph 2.

3. Defendant denies Paragraph 3 for lack of information sufficient to justify a belief therein.

4. Defendant admits that he resigned from MMR on April 8, 2022, and began working for JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"). Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits that he plugged in some number of external storage devices and transferred some number of files prior to his resignation, for legitimate reasons, but does

not know the exact number or the names of the files. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6. Further answering, Defendant states that after he gave his resignation and had left the MMR office for lunch, Defendant was notified that he could not return to the MMR office. He left his computer in a computer bag with several external storage devices in his office at MMR. Several of the other external storage devices were also located in Defendant's office at MMR and in other offices at MMR. Defendant had three of his personal external storage devices at his house which have since been produced to MMR.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies Paragraph 9 for lack of information sufficient to justify a belief therein.

10. The allegations in Paragraph 10 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 12.

13. Paragraph 13 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 13 are denied.

14. Defendant denies the first sentence of Paragraph 14 for lack of information sufficient to justify a belief therein. The remaining sentences in Paragraph 14 contain statements and conclusions of law which do not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 14 are denied. However, Defendant submits to the jurisdiction of the Middle District of Louisiana solely for the purposes of this action.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant denies Paragraph 16 for lack of information sufficient to justify a belief therein.

17. Defendant denies Paragraph 17 for lack of information sufficient to justify a belief therein.

18. Defendant denies Paragraph 18.

19. Defendant admits that he signed the documents attached to Plaintiff's Complaint as Exhibits 1, 2 and 3. Defendant denies the remaining allegations.

20. Defendant denies Paragraph 20 for lack of information sufficient to justify a belief therein.

21. Defendant admits that he signed the documents attached to Plaintiff's Complaint as Exhibits 1, 2 and 3. Defendant admits that he was formerly a sergeant with the LSU police department and was trained in computer forensic analysis. Defendant denies the remaining allegations.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23 for lack of information sufficient to justify a belief therein.

24. Defendant denies Paragraph 24.

25. Defendant denies Paragraph 25 for lack of information sufficient to justify a belief therein.

26. Defendant denies Paragraph 26 for lack of information sufficient to justify a belief therein.

27. Defendant denies Paragraph 27 for lack of information sufficient to justify a belief therein.

28. Defendant denies Paragraph 28 for lack of information sufficient to justify a belief therein.

29. Defendant denies Paragraph 29 for lack of information sufficient to justify a belief therein.

30. Defendant denies Paragraph 30 for lack of information sufficient to justify a belief therein.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32 for lack of information sufficient to justify a belief therein.

33. The allegations in Paragraph 33 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies Paragraph 33.

34. Defendant admits the allegations in Paragraph 34.

35. Defendant admits that he had access to financial information concerning MMR's business and its operations in the regions he worked; access to employee databases containing detailed information about MMR's employees, their specializations, and their rates; customer-specific proposals, both submitted and in preparation; contracts with MMR's vendors and suppliers; MMR's cost estimating tools; and more. Defendant denies the remaining allegations in Paragraph 35, including that any of the aforementioned information is a trade secret.

36. Defendant denies Paragraph 36 for lack of information sufficient to justify a belief therein.

37. Defendant denies Paragraph 37 for lack of information sufficient to justify a belief therein.

38. Defendant admits that he plugged in some number of external storage devices and transferred some number of files prior to his resignation, for legitimate reasons, but does not know the exact number or the names of the files. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that he plugged in some number of external storage devices and transferred some number of files prior to his resignation, for legitimate reasons, but does not know the exact number or the names of the files. Further answering, Defendant states that after he gave his resignation and had left the MMR office for lunch, Defendant was notified that he could not return to the MMR office. He left his computer in a computer bag with several external storage devices in his office at MMR. Several of the other external storage devices were also located in Defendant's office at MMR and in other offices at MMR. Defendant had three of his personal external storage devices at his residence which have since been produced to MMR. Defendant denies the remaining allegations in Paragraph 39.
40. Defendant denies the allegations in Paragraph 40.
41. Defendant denies Paragraph 41 for lack of information sufficient to justify a belief therein.
42. Defendant denies Paragraph 42 for lack of information sufficient to justify a belief therein.
43. Defendant denies the allegations in Paragraph 43.
44. Defendant denies Paragraph 44 for lack of information sufficient to justify a belief therein.
45. Defendant denies Paragraph 45 for lack of information sufficient to justify a belief therein.
46. Defendant denies Paragraph 46 for lack of information sufficient to justify a belief therein.
47. Defendant denies Paragraph 47.
48. Defendant denies Paragraph 48 for lack of information sufficient to justify a belief therein.
49. Defendant denies Paragraph 49.
50. Defendant denies Paragraph 50 for lack of information sufficient to justify a belief therein.
51. Defendant denies Paragraph 51 for lack of information sufficient to justify a belief therein.
52. Defendant denies Paragraph 52 for lack of information sufficient to justify a belief therein.

53. Defendant denies Paragraph 53 for lack of information sufficient to justify a belief therein.

54. Defendant denies Paragraph 54 for lack of information sufficient to justify a belief therein. Further answering, Defendant did not "return" any of the external storage devices as alleged in the Complaint. Defendant was away from the office at lunch, when he received notice that he was not to return to the office. He had left his computer in a computer bag with several external storage devices in his office at MMR. Several of the other external storage devices were also located in Defendant's office at MMR and in other offices at MMR.

55. Defendant admits the allegations in Paragraph 55.

56. Defendant denies Paragraph 56 for lack of information sufficient to justify a belief therein.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant admits that he resigned from MMR on April 8, 2022, and that he has been employed by ISG since April 11, 2022. Defendant denies the remaining allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63 as written. Defendant has already stipulated to a preliminary injunction and a Forensic Protocol that have been entered in this case.

64. The allegations in Paragraph 64 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 66.

67. The allegations in Paragraph 67 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 67.

68. The allegations in Paragraph 68 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 72 are denied.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Paragraph 82 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 82 are denied.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94. Defendant has already stipulated to a preliminary injunction and a Forensic Protocol that have been entered in this case.

95. Defendant denies the allegations in Paragraph 95.

96. Paragraph 96 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 96 are denied.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98

99. Defendant denies the allegations in Paragraph 99.

100. The allegations in Paragraph 100 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104.　　Defendant denies the allegations in Paragraph 104.

105.　　Defendant denies the allegations in Paragraph 105.

106.　　Paragraph 106 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 106 are denied.

107.　　Paragraph 107 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 107 are denied.

108.　　Defendant denies the allegations in Paragraph 108.

109.　　Defendant denies the allegations in Paragraph 109.

110.　　Defendant denies the allegations in Paragraph 110.

111.　　Defendant denies the allegations in Paragraph 111.

112.　　Defendant denies the allegations in Paragraph 112.

113.　　Defendant denies the allegations in Paragraph 113.

114.　　Defendant denies the allegations in Paragraph 114.

115.　　Defendant denies the allegations in Paragraph 115.

116.　　Defendant denies the allegations in Paragraph 116.

117.　　The allegations in Paragraph 117 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 117.

118.　　Defendant denies the allegations in Paragraph 118.

119.　　Defendant requests a trial by jury.

120. The allegations in the Prayer for Relief do not require a response from Defendant, but to the extent a response may be required, the allegations are denied.

## AFFIRMATIVE DEFENSES

AND NOW, further answering the Complaint, Defendant avers, alleges and pleads the following affirmative defenses:

### AFFIRMATIVE DEFENSE I

The Complaint fails to state a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSE II

Defendant pleads equitable defenses, including, but not limited to, laches, equitable estoppel, waiver and unclean hands, which will be established after a reasonable opportunity for further investigation and discovery.

### AFFIRMATIVE DEFENSE III

Defendant denies that he is liable to Plaintiff for any damages or amounts alleged due as well as any interest, attorneys' fees and/or other costs associated with this claim whatsoever.

### AFFIRMATIVE DEFENSE IV

To the extent that Plaintiff has sustained damages in connection with the allegations made in the Complaint, such damages were directly and proximately caused by the acts, omissions or fault of persons other than Defendant and for whose conduct Defendant is neither responsible nor liable, including Plaintiff's own fault and/or negligence.

### AFFIRMATIVE DEFENSE V

Defendant pleads that Plaintiff has failed to mitigate its alleged damages.

### AFFIRMATIVE DEFENSE VI

The documents and information that Plaintiff has alleged were misappropriated do not constitute "trade secrets" under the Defend Trade Secrets Act (18 U.S.C. § 1125 *et seq.*), the Louisiana Uniform Trade Secrets Act (La. R.S. § 51:1431 *et seq.*) or the Louisiana Unfair Trade Practices Act (La. R.S. § 51:1401 *et seq.*).

## AFFIRMATIVE DEFENSE VII

Defendant has not used or disclosed Plaintiff's "trade secrets."

## AFFIRMATIVE DEFENSE VIII

Defendant did not use improper means to acquire any of Plaintiff's "trade secrets." Defendant, just like other MMR employees at the time, had to remove files from his computer hard drive because storage capacity problems were preventing other programs from running properly.

## AFFIRMATIVE DEFENSE IX

At the time of Defendant's resignation from Plaintiff, several of the external storage devices were located on the MMR premises. The four external storage devices that Plaintiff has identified as "returned" were actually left in Defendant's office and possibly in his computer bag. Of the fourteen external storage devices identified in the Complaint, Defendant retained three after his resignation from MMR. Those three external storage devices have been produced to Plaintiff's expert pursuant to the Forensic Protocol. On information and belief, the three Corsair external storage devices remained on Plaintiff's premises, one located in Defendant's office and two located in Jean-Mark Bastien's office.

## AFFIRMATIVE DEFENSE X

Plaintiff is not entitled to attorneys' fees or treble damages against Defendant.

## AFFIRMATIVE DEFENSE XI

Plaintiff and Defendant did not execute a valid non-compete or non-solicitation agreement. Absent a valid non-competition or non-solicitation agreement, employees are free to leave their current employers and go to work for competitors and even solicit customers of their former employers after they leave employment without such actions constituting an unfair trade practice.

## AFFIRMATIVE DEFENSE XII

Defendant did not owe a fiduciary duty to Plaintiff.

## AFFIRMATIVE DEFENSE XIII

Defendant reserves its right to amend its Answer to assert any additional affirmative defenses that become available or apparent during the course of its investigation and/or discovery.

/s/ Amber N. Robichaux
Kyle M. Keegan (LSBA No. 19942)
Amber N. Robichaux (LSBA No. 34061)
Keegan, Juban, Lowe & Robichaux, LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, Louisiana 70808
Telephone: (225) 364-3600
Facsimile: (225) 364-3608
kmk@keeganjuban.com
anr@keeganjuban.com

*Attorneys for Defendants, David Heroman and Kasey Kraft*