**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.** | **CIV. NO. 22-267-BAJ-RLB** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A** | |
| **INFRASTRUCTURE SOLUTIONS GROUP,** | **MAGISTRATE JUDGE** |
| **DAVID HEROMAN, and KASEY KRAFT** | **RICHARD L. BOURGEOIS, JR.** |

**DEFENDANT KASEY KRAFT'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Kasy Kraft, who responds to the First Amended Complaint for Damages, Temporary Restraining Order, and Injunctive Relief ("Complaint") of Plaintiff, MMR Constructors, Inc. Any allegation that is not specifically admitted is denied.

1. Defendant denies the first two sentences of Paragraph 1 for lack of information sufficient to justify a belief therein. Defendant denies the last sentence of Paragraph 1.

2. Defendant denies the first and last sentence of Paragraph 2 for lack of information sufficient to justify a belief therein. Defendant denies the remaining sentences of Paragraph 2.

3. Defendant denies Paragraph 3.

4. Defendant denies that he was "caught in the act." The remaining allegations in Paragraph 4 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 4.

5. The allegations in Paragraph 5 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies Paragraph 9 for lack of information sufficient to justify a belief therein.

10. The allegations in Paragraph 10 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are not directed at Defendant, so they do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations in Paragraph 11.

12. Defendant admits that he is domiciled in Louisiana. He currently resides in Metairie, Louisiana.

13. Paragraph 13 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required, the allegations in

Paragraph 14 are denied. However, Defendant submits to the jurisdiction of the Middle District of Louisiana solely for the purposes of this action.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant denies Paragraph 16 for lack of information sufficient to justify a belief therein.

17. Defendant denies Paragraph 17 for lack of information sufficient to justify a belief therein.

18. Defendant denies Paragraph 18.

19. Defendant admits that he signed documents similar to those attached to Plaintiff's Complaint as Exhibits 1, 2 and 3, but denies, for lack of information sufficient to justify a belief therein, that he signed the exact documents referenced in Paragraph 19. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that at some point in his employment with MMR, he signed similar documents as those alleged in Paragraph 20. Defendant denies the remaining allegations in Paragraph 20. If such documents exist, the documents are the best evidence of their contents and the documents speak for themselves.

21. Defendant denies Paragraph 21 for lack of information sufficient to justify a belief therein.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies Paragraph 23 for lack of information sufficient to justify a belief therein.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies Paragraph 25 for lack of information sufficient to justify a belief therein.

26. Defendant denies Paragraph 26 for lack of information sufficient to justify a belief therein.

27. Defendant denies Paragraph 27 for lack of information sufficient to justify a belief therein.

28. Defendant denies Paragraph 28 for lack of information sufficient to justify a belief therein.

29. Defendant denies Paragraph 29 for lack of information sufficient to justify a belief therein.

30. Defendant denies Paragraph 30 for lack of information sufficient to justify a belief therein.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32 for lack of information sufficient to justify a belief therein.

33. Defendant denies the allegations in Paragraph 33. Further answering, Defendant states that he gave a two-week notice of his resignation on or around March 24, 2022, but that his supervisor at MMR, on March 31, 2022, told him that if he had turned over all of work and responsibilities, he could leave. On March 31, 2022, his supervisor, Brad Lambert, confiscated an external hard drive that had been plugged into Defendant's computer. Upon learning that the hard drive contained Defendant's personal documents, Lambert placed a call to the Vice President of IT, Marcel Lalonde, who advised Lambert on how to delete any documents he believed belonged to MMR. Lambert deleted those files, while Defendant watched, and Lambert gave Defendant back the external storage device.

34. Defendant denies Paragraph 34 for lack of information sufficient to justify a belief therein.

35. Defendant denies Paragraph 35 for lack of information sufficient to justify a belief therein.

36. Defendant denies Paragraph 36 for lack of information sufficient to justify a belief therein.

37. Defendant denies Paragraph 37 for lack of information sufficient to justify a belief therein.

38. Defendant denies Paragraph 38 for lack of information sufficient to justify a belief therein.

39. Defendant denies Paragraph 39 for lack of information sufficient to justify a belief therein.

40. Defendant denies Paragraph 40 for lack of information sufficient to justify a belief therein.

41. Defendant denies Paragraph 41 for lack of information sufficient to justify a belief therein.

42. Defendant denies Paragraph 42 for lack of information sufficient to justify a belief therein.

43. Defendant denies Paragraph 43 for lack of information sufficient to justify a belief therein.

44. Defendant denies Paragraph 44 for lack of information sufficient to justify a belief therein.

45. Defendant denies Paragraph 45 for lack of information sufficient to justify a belief therein.

46. Defendant denies Paragraph 46 for lack of information sufficient to justify a belief therein.

47. Defendant denies Paragraph 47 for lack of information sufficient to justify a belief therein.

48. Defendant denies Paragraph 48 for lack of information sufficient to justify a belief therein.

49. Defendant denies Paragraph 49 for lack of information sufficient to justify a belief therein.

50. Defendant denies Paragraph 50 for lack of information sufficient to justify a belief therein.

51. Defendant denies Paragraph 51 for lack of information sufficient to justify a belief therein.

52. Defendant denies Paragraph 52 for lack of information sufficient to justify a belief therein.

53. Defendant denies Paragraph 53 for lack of information sufficient to justify a belief therein.

54. Defendant denies Paragraph 54 for lack of information sufficient to justify a belief therein.

55. Defendant denies Paragraph 55 for lack of information sufficient to justify a belief therein.

56. Defendant denies Paragraph 56 for lack of information sufficient to justify a belief therein.

57. Defendant denies Paragraph 57 for lack of information sufficient to justify a belief therein.

58. Defendant denies Paragraph 58 for lack of information sufficient to justify a belief therein.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies Paragraph 60 for lack of information sufficient to justify a belief therein.

61. Defendant denies Paragraph 61 for lack of information sufficient to justify a belief therein.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies Paragraph 64 for lack of information sufficient to justify a belief therein.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant admits that he had plugged in a Seagate external hard drive to his MMR computer, but does not know the exact dates or number of times. He also does not know

the number of files transferred. Defendant denies the remaining allegations in Paragraph 66.

67. Defendant admits that he had plugged in a Seagate external hard drive to his MMR computer, but does not know the exact dates or number of times. Defendant denies the remaining allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant admits that during the course of his employment with MMR and for legitimate business reasons, such as to print documents for use in his work at MMR, Defendant used external storage devices. Defendant denies the remaining allegations in Paragraph 69. Defendant will produce the storage devices which are in his possession pursuant to a Forensic Protocol to be entered into between the parties.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 72 are denied.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Paragraph 82 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 82 are denied.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Paragraph 96 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 96 are denied.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98

99. Defendant denies the allegations in Paragraph 99.

100. The allegations in Paragraph 100 are not directed at Defendant, so they do not require a response from Defendant. To the extent that an answer is required from Defendant, Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Paragraph 106 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 106 are denied.

107. Paragraph 107 contains statements and conclusions of law which does not require a response from Defendant. To the extent that an answer is required, the allegations in Paragraph 107 are denied.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant requests a trial by jury.

## AFFIRMATIVE DEFENSES

AND NOW, further answering the Complaint, Defendant avers, alleges and pleads the following affirmative defenses:

### AFFIRMATIVE DEFENSE I

The Complaint fails to state a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSE II

Defendant pleads equitable defenses, including, but not limited to, laches, equitable estoppel, waiver and unclean hands, which will be established after a reasonable opportunity for further investigation and discovery.

### AFFIRMATIVE DEFENSE III

Defendant denies that he is liable to Plaintiff for any damages or amounts alleged due as well as any interest, attorneys' fees and/or other costs associated with this claim whatsoever.

### AFFIRMATIVE DEFENSE IV

To the extent that Plaintiff has sustained damages in connection with the allegations made

in the Complaint, such damages were directly and proximately caused by the acts, omissions or fault of persons other than Defendant and for whose conduct Defendant is neither responsible nor liable, including Plaintiff's own fault and/or negligence.

## AFFIRMATIVE DEFENSE V

Defendant pleads that Plaintiff has failed to mitigate its alleged damages.

## AFFIRMATIVE DEFENSE VI

The documents and information that Plaintiff has alleged were misappropriated do not constitute "trade secrets" under the Defend Trade Secrets Act (18 U.S.C. § 1125 *et seq.*), the Louisiana Uniform Trade Secrets Act (La. R.S. § 51:1431 *et seq.*) or the Louisiana Unfair Trade Practices Act (La. R.S. § 51:1401 *et seq.*).

## AFFIRMATIVE DEFENSE VII

Defendant has not used or disclosed Plaintiff's "trade secrets."

## AFFIRMATIVE DEFENSE VIII

Defendant did not use improper means to acquire any of Plaintiff's "trade secrets."

## AFFIRMATIVE DEFENSE IX

Plaintiff is not entitled to attorneys' fees or treble damages against Defendant.

## AFFIRMATIVE DEFENSE X

Plaintiff and Defendant did not execute a valid non-compete or non-solicitation agreement. Absent a valid non-competition or non-solicitation agreement, employees are free to leave their current employers and go to work for competitors and even solicit customers of their former employers after they leave employment without such actions constituting an unfair trade practice.

## AFFIRMATIVE DEFENSE XI

Defendant did not owe a fiduciary duty to Plaintiff.

## AFFIRMATIVE DEFENSE XII

Defendant reserves his right to amend his Answer to assert any additional affirmative defenses that become available or apparent during the course of his investigation and/or discovery.

/s/ Amber N. Robichaux
Kyle M. Keegan (LSBA No. 19942)
Amber N. Robichaux (LSBA No. 34061)
Keegan, Juban, Lowe & Robichaux, LLC
5555 Hilton Avenue, Suite 205
Baton Rouge, Louisiana 70808
Telephone: (225) 364-3600
Facsimile: (225) 364-3608
kmk@keeganjuban.com
anr@keeganjuban.com

*Attorneys for Defendants, David Heroman and Kasey Kraft*
