# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 22-267-BAJ-RLB**

**JB GROUP OF LA, LLC, ET AL.**

## ORDER

Considering the parties' Joint Motion for Entry of Protective Order (R. Doc. 41), the proposed Protective Order (R. Doc. 41-1), and for good cause shown;

**IT IS ORDERED** that the Motion is **GRANTED** and the attached Protective Order is entered into the record of the above-referenced matter. The Court notes that Paragraph 4 refers to a "Forensic Protocol" that is not referenced elsewhere and has not been provided to the Court. The Court takes no position on the terms of the protocol itself. The Court also notes for counsel the modifications it has made in **bold** regarding the filing of documents under seal. See Paragraph 15, and footnotes 1 and 2. The Court further notes modifications to the number of paragraphs to correct a numbering error beginning after Paragraph 14 of the proposed Protective Order.

The parties are also reminded that regardless of any designation of documents exchanged in discovery as "confidential" pursuant to the Protective Order, the Court will apply a "stricter balancing standard" to determine whether any documents may be filed into the record under seal. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416-421 (5th Cir. 2021).

Signed in Baton Rouge, Louisiana, on August 1, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-267-BAJ-RLB** |
| **JB GROUP OF LA, LLC, ET AL.** | |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following Protective Order is issued to govern certain disclosures in this case:

1. **Scope.** This Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery. Specifically, this Protective Order shall govern confidential material produced or disclosed by either party in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude any party's right to: (a) oppose any discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any Designated Material into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential material sought.

2. **Designations.** Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated

Material produced by any party or third-party in this action.

    a. The term "Designated Material" in no way relates to whether any document is proprietary or constitutes a "trade secret" under federal or state law. The parties reserve all rights to litigate whether, and make no admissions that, any document or information was lawfully possessed by any party and whether any document or information is proprietary or constitutes a "trade secret."

    b. Nothing in this Protective Order shall be deemed to alter any party's obligations, or those of its attorneys, with respect to a party's own documents or information. This Protective Order shall not apply to any documents or information (1) which is or becomes publicly available, other than through violations of the terms of this Protective Order; (2) acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information or (3) that was independently developed by a non-designating party using lawful means.

    c. Nothing in this Protective Order shall be interpreted to impact any party's claims, defenses, or positions with regard to the merits of the underlying case or to impact, or create or negate any liability for, the use or disclosure of materials that were in the possession, custody, or control of a person or entity subject to this Protective Order prior to initiation of this lawsuit.

3. **Confidential Information**. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) confidential information, (b) financial information, (c) trade secrets, (d) proprietary business information, or (e) information implicating an individual's legitimate expectation of privacy. The Parties reserve

3

all rights to litigate whether any document was lawfully possessed by any party and whether any document is proprietary or constitutes a "trade secret".

4. **Confidential Information for Attorney's Eyes Only.** "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or is personal health or medical information or an individual's personal credit, banking or other financial information. All documents provided pursuant to the Forensic Protocol are designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY".

5. **Effect of Designation.** Designated Material shall not be used or disclosed for any purpose other than the litigation of this action. Access to Designated Materials shall not be given to any person or entity not specifically described below, including to members of the general public, and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

   b. *Witnesses or Prospective Witnesses:* Except as provided in Section 5(a) above, Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may only be disclosed to a witness or prospective witness in this action with the prior written consent of the Designating Person, which

4

consent shall not be unreasonably withheld. Such material shall be disclosed only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, and it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL -ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYESONLY," may be disclosed to counsel of record for parties to this action and their firm's attorneys, paralegals, and regularly employed office staff working on the matter Counsel of record shall mean only outside counsel and not a party's in-house attorneys.

e. *Other Support Persons*: Designated Material may be provided as necessary to copying services, translators, and litigation and e-discovery support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

f. *The Court, Court Staff, and Court Reporting Services*: Designated Material may be provided as necessary to the Court, Court staff, court reporters and court reporting firms working on the matter, videographers and videography firms working on the matter.

6. **Disclosing Designated Material.** Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

    b. Inform the person of the existence of this Protective Order, that the Designated Material may not be used by him/her for any purpose other than this litigation, and may only be disclosed as permitted under the Protective Order.

7. **Use of Confidential Information.** Authorized persons shall use the confidential material for the purpose of this lawsuit only. Without limiting the generality of the foregoing sentence, authorized persons shall not produce, disclose, or otherwise utilize Designated Material in any other litigation, whether or not that litigation involves parties to this case. If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any authorized person that would require disclosure of Designated Material, that authorized person will immediately notify all counsel of record, provide all counsel of record with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order.

8. **Maintaining Designated Material.** A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9. **Process for Designation.** Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

10. **Limitation of Designation.** The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

11. **Challenging Designation.** A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within seven business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

12. **Application to Deposition Testimony.** Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13. **Filing of Designated Material.** Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, **including**

**the Court's Local Rules and the Court's Administrative Procedures.**[1] This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal. **Any document filed under seal with the Court shall be handled by the Court in accordance with its procedures at the conclusion of the litigation.**[2]

14. **Evidence at Trial.** Prior to seeking to introduce Designated Material into evidence, any party shall give sufficient advance notice to the Court and to counsel of record to allow arrangements to be made for in-camera treatment of the Designated Material. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets or other confidential material, be filed under seal as outlined above.

15. **Destruction/Return of Designated Material.** Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment and the expiration of all appeal periods) to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

---

1   **The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "E-Filing," "CM/ECF Info," "Administrative Procedures." (See pages 10-11).**

2   Under the Court's General Order No. 2019-4: "[A]ll pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal. . . . [T]he deadline for filing any motions regarding the unsealing of any document shall be within thirty days of the final disposition of any action and shall contain a concise statement of reasons for maintaining the pleading or other paper under seal."

16. **Inadvertent Failure to Designate.** Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

17. **No Waiver of Privilege.** Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days, without further review. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel

for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

18. **Improper Disclosure.** Should any confidential material be disclosed to any unauthorized person, the unauthorized person:

   a. shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order;

   b. shall be identified immediately to all counsel of record; and,

   c. shall be directed, if within control of a party or the party's counsel, or otherwise asked to sign a document substantially in the form of Exhibit A.

19. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, and to the extent possible, duplication of, access to, and distribution of copies of Designated Materials.

20. **Governing Court.** The parties hereto and persons agreeing to be bound by this Order agree this Court retains and the Court thus orders that it shall have jurisdiction over the parties and recipients of the Designated Materials for the purposes of any necessary enforcement of the provisions of this Order following termination of this litigation.

21. **Modification of the Order.** The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek

any other relief from the Court. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

**SO ORDERED.**

Signed in Baton Rouge, Louisiana, on August 1, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *MMR Constructors, Inc. v. JB Group of LA, LLC, et al.*, Case No. 22-267, pending in the United States District Court for the Middle District of Louisiana, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Protective Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. except as expressly permitted in the Protective Order I further agree not to use any such information for any purpose other than this litigation.

SIGNED:_____

Print Name:_____

Date:_____