UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : : | |
| VERSUS | : : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN, | : : : : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | | |

# UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff MMR Constructors, Inc. ("MMR") files this *Motion for Leave to File Second Amended Complaint* under Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure. After discovering evidence of misappropriation on the part of other former MMR employees, MMR seeks to add additional defendants and claims, and respectfully requests the Court grant it leave to do so through the proposed pleading, as the requirements for an amendment under those rules are met. In support of this Motion, MMR states as follows:

1.      MMR filed its original complaint on April 25, 2022, seeking, among other things, a temporary restraining order and preliminary injunction based on the misappropriation of trade secrets. The Court granted the request for a temporary restraining order, and the parties were able to reach an agreement on a preliminary injunction and a computer forensic protocol.

2.      As discussed during the Status Conferences between the granting of the temporary restraining order and the entry of the preliminary injunction, MMR continued to investigate other potential misappropriation.

3. The results of that investigation first led to the need to add Kasey Kraft as a defendant in this suit. MMR thus filed its First Amended Complaint on June 9, 2022. (R. Doc. 29).

4. As MMR's investigation in to the extent of the misappropriation of its business information continued, it learned that two additional MMR employees who departed to work for ISG, Jason Yates and Michael Lowe also transferred MMR information to external storage devices that were not returned when they left MMR. Further, based on the limited deposition testimony and inclusion of Travis Dardenne's devices in the forensic protocol, MMR believes that Dardenne did the same and, at the very least, used the misappropriated MMR information knowing it was improperly obtained. MMR now seeks to further amend the Complaint to join these former employees as defendants.

5. Rule 15(a) reflects a strong presumption in favor of granting leave to amend. *See Mayeux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *see also Rotella v. Mid-Continent Cas. Co.*, 2008 WL 5411368, at *1 (N.D. Tex. Dec. 29, 2008) (holding that Rule 15(a) "evinces a bias in favor" and "'restricts the judge's freedom' to deny leave to amend"). According to the Fifth Circuit in *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981), courts should liberally grant leave to amend unless there is a substantial reason to deny such a request:

> The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Id.* at 598 (internal citation omitted).

6. As stated by the United States Supreme Court, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

7. Regarding joinder of parties, Rule 20 of the Federal Rules of Civil Procedure allows permissive joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; and any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20 (a)(2).

8. Here, MMR seeks leave to amend its pleadings to add additional defendants and assert the same claims against them that it asserted against Defendants ISG, Heroman, and Kraft.

9. There has been no undue delay, bad faith or dilatory motive, and at such an early stage in the case, there is no undue prejudice to ISG, Heroman, and Kraft. The discovery deadline is not until July 7, 2023, and trial is not set until May 20, 2024, leaving ample time to conduct discovery as to the claims set forth in the proposed Second Amended Complaint. (*See* R. Doc. 35).

10. MMR's proposed amendment therefore meets the requirements of Rule 15(a).

11. Adding Yates, Lowe, and Dardenne as defendants, moreover, meets the requirement of Rule 20, as the misappropriation arose from a similar series of occurrences and common questions of law and fact will arise.

12. Counsel for Defendants ISG, Heroman, and Kraft do not oppose leave to amend the Complaint, but reserve all rights in their response to the amended Complaint.

\*    \*    \*

For these reasons, MMR respectfully requests this Court grant it leave to file its Second Amended Complaint, as attached to this Motion.

**Certificate of Conference**

I hereby certify, that on August 31 and September 1, 2022, I conferred with counsel for Defendants JB Group of LA, LLC, David Heroman and Kasey Kraft. Counsel for Defendants indicated that they are unopposed to the amendment requested in this Motion, but reserve all rights.

/s/ P.J. Kee
P.J. Kee

Respectfully submitted:

/s/ P.J. Kee
P.J. Kee (La. Bar No. 34860)
Thomas P. Hubert (La. Bar No. 19625)
Jacob J. Pritt (La. Bar No. 38872)
Michael A. Foley (La. Bar No. 35774)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8230
Email:  pkee@joneswalker.com

***Counsel for MMR Constructors, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served through the Court's pacer e-filing system on September 1, 2022.

/s/ P.J. Kee
P.J. Kee