UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP DAVID HEROMAN, KASEY KRAFT, JASON YATES, MICHAEL LOWE, AND TRAVIS DARDENNE, | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | | |

**MOTION FOR CONTEMPT AND TO COMPEL**

Plaintiff MMR Constructors, Inc. ("MMR") files this *Motion for Contempt and to Compel* against Defendant, JB Group of LA, LLC ("ISG"), for violating the Preliminary Injunction (R. Doc. 23) and the Forensic Order (R. Docs. 22, 25, 43-44.) The following sets forth the basis for the motion, which seeks to hold ISG in civil contempt and is supported by a more detailed memorandum and exhibits.

\*   \*   \*

1. On May 19, 2022, the parties filed a *Joint Motion for Preliminary Injunction and Discovery Order* (R. Doc. 21), which the Court granted on May 20, 2022 (R. Doc. 23).

2. The preliminary injunction specifically orders that "MMR and Defendants shall enter into and abide by an agreed-upon forensic protocol to be submitted to the Court in the form of a jointly proposed order by May 20, 2022." (R. Doc. 23).

3. The parties contemporaneously filed a *Joint Motion to Approve Forensic Protocol*, which stated that the parties "conferred in good faith and have agreed to the entry of the Forensic Protocol, as called for in the Agreed Preliminary Injunction and Discovery Order." (R. Doc. 22).

4. The forensic protocol was entered as an order (the "Forensic Order") on May 31, 2022. (R. Docs. 22-1, 25).

5. The Forensic Order sets forth the specific obligations that ISG and its forensic examiner must follow concerning the generation and production of forensic reports and documents from specified computing devices and accounts.

6. Since May 2022, MMR has received *zero* forensic reports or documents from the ISG devices and accounts that are subject to the Forensic Order.

7. But MMR has learned additional facts through preliminary, limited depositions that required the Forensic Order to be amended. Specifically, these depositions revealed that other former MMR employees had used external storage devices to bring MMR information with them to ISG. The discovery of these facts and additional devices led to an amendment of the forensic protocol, which the Court adopted as an order. (R. Docs. 43-44).

8. Despite the Preliminary Injunction's clear, unambiguous obligation for ISG to "abide" by the Forensic Order, as well as the Forensic Order's clear, unambiguous procedures, ISG has confirmed that it instructed its forensic examiner to withhold the required forensic reports and documents.

9. ISG's intentional obstruction with, and failure to abide by, the obligations set forth in the Forensic Order is contemptuous of both the Preliminary Injunction and the Forensic Order.

10. The Court should therefore enter contempt sanctions to coerce compliance with the Preliminary Injunction and the Forensic Order, including transferring obligations from ISG's forensic examiner to MMR's forensic examiner, and to compensate MMR its attorneys' fees and costs relating to this motion.

* * *

WHEREFORE, MMR respectfully requests that the Court grant this motion, hold ISG in contempt, and issue the necessary sanctions to coerce compliance with the Preliminary Injunction and the Forensic Order.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. Kee (La. Bar No. 34860)
Thomas P. Hubert (La. Bar No. 19625)
Jacob J. Pritt (La. Bar No. 38872)
Michael A. Foley (La. Bar No. 35774)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com

**Counsel for MMR Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served through the Court's pacer e-filing system on September 6, 2022.

*/s/ P.J. Kee*
P.J. Kee