UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**                                    **CIVIL ACTION**

**VERSUS**                                                               **NO. 22-267-BAJ-RLB**

**JB GROUP OF LA, LLC, ET AL.**

### ORDER

Before the Court is the Defendant JB Group of LA, LLC *d/b/a* Infrastructure Solutions Group's Motion for Specific Identification of Plaintiff MMR's Alleged "Trade Secrets" and to Stay Further Discovery by MMR and the Forensic Protocol Until MMR Does So ("Motion to Stay Discovery"). (R. Doc. 46). The motion is opposed. (R. Doc. 54).

Also before the Court is MMR Constructors, Inc.'s ("MMR") Motion for Contempt and to Compel ("Motion for Contempt"). (R. Doc. 51). The motion is opposed. (R. Doc. 56).

**I.    Background**

MMR Constructors, Inc. ("MMR") commenced this action by filing a Complaint seeking damages and injunctive relief against JB Group of LA, LLC *d/b/a* Infrastructure Solutions Group ("ISG") and former MMR employee David Heroman ("Heroman"). (R. Doc. 1). MMR alleges that ISG and certain employees stole MMR's trade secrets and confidential business information. MMR seeks relief under the Defend Trade Secrets Act, 18 U.S.C. § 1125 *et seq.* ("DTSA"), the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431 *et seq.* ("LUSTA"), the Louisiana Unfair Trade Practice Act, La R.S. 51:1401 *et seq.* ("LUPTA"), and various torts under Louisiana law. The district judge granted MMR's Motion for Temporary Restraining Order, which sought immediate injunctive relief prohibiting the defendants from accessing, using, disclosing, or

disseminating MMR's trade secrets and confidential business information, and set a preliminary injunction hearing. (R. Doc. 7; *see* R. Doc. 16).

After the parties identified the electronic devices at issue, the district judge entered a Stipulated Preliminary Injunction and required the parties to submit an agreed-upon forensic protocol. (R. Doc. 23). The Court then approved the Forensic Protocol, which was entered into the record on May 31, 2022, and subsequently amended. (R. Docs. 26, 45).

Since the commencement of this action, MMR has named as defendants three additional former MMR employees who departed for ISG: Kasey Kraft, Jason Yates, and Michael Lowe. (R. Docs. 29, 53). Among other things, MMR alleges that these individual defendants "accessed, downloaded, uploaded, emailed and/or transmitted MMR's trade secrets and confidential business information and transferred such information to ISG with the specific and malicious intent to exploit and misappropriate MMR's customer base, business strategies, and pricing to unlawfully compete against MMR for the benefit of ISG, its direct competitor," and that ISG profited from these unlawful misappropriations and deceptive trade practices. (R. Doc. 53 at 25-27).

On June 23, 2022, MMR represented the following in a joint status report: "There is a forensic protocol in place regarding the forensic examinations. Further, [MMR] has taken a limited deposition of Jason Yates, and received responses to its expedited interrogatories and requests for production." (R. Doc. 31-10). The record shows that MMR noticed the depositions of Jason Yates and Michael Lowe, as agreed by the parties, for the "limited purposes relating to the forensic examinations and preliminary examinations." (R. Doc. 46-3).

On July 1, 2022, the Court entered a Scheduling Order setting the deadline to complete all non-expert discovery by July 7, 2023. (R. Docs. 25). The Court has also entered a Protective Order governing the exchange of confidential information. (R. Doc. 42).

After the entry of the Scheduling Order, MMR noticed the depositions of David Heroman and Kasey Kraft, as agreed by the parties, for the "limited purposes" of identifying electronic storage devices and accounts that may contain MMR's confidential information and trade secrets. (R. Docs. 46-2).

On August 31, 2022, ISG filed its Motion to Stay Discovery, which seeks an order requiring MMR to "identify" the alleged trade secrets at issue, and for the stay of any further discovery, including obligations under the Forensic Protocol, until MMR does so. (R. Doc. 46). The bulk of ISG's motion constitutes arguments in support of a finding that MMR bears the burden to specifically identify the alleged trade secrets at issue, MMR has failed to do so, and MMR must provide a more "definite statement" of MMR's trade secrets in its pleadings. (R. Doc. 46-1 at 5-12).

On September 6, 2022, MMR filed its Motion for Contempt, which seeks an order finding that ISG has violated the Preliminary Injunction and the Forensic Order and awarding appropriate sanctions. (R. Doc. 51).

On September 22, 2022, all of the Defendants in this action jointly filed a Joint Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, or Alternatively, Rule 12(e) Motion for More Definite Statement of Plaintiff's Claims ("Joint Motion to Dismiss"). (R. Doc. 55). This dispositive motion remains pending before the district judge. As with the ISG's Motion to Stay Discovery, this Joint Motion to Dismiss argues that

3

MMR has failed to identify with particularity the misappropriated trade secrets alleged in the pleadings.

## II.   Law and Analysis

### A.   ISG's Motion to Stay Discovery

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

As an initial matter, the bulk of ISG's Motion to Stay Discovery is dedicated to seeking dispositive relief appropriately sought in a Rule 12(e) motion for more definitive statement, *i.e.*,

4

the more particularized identification of the alleged misappropriated "trade secrets" at issue in the pleadings. Since the filing of ISG's Motion to Stay Discovery, the Defendants in this action have filed the Joint Motion to Dismiss (R. Doc. 55), which seeks either dismissal of the action or a more definitive statement in the pleadings with respect to the alleged trade secrets at issue. These dispositive issues are best addressed through the latter-filed dispositive motion. To the extent the instant Motion to Stay seeks any relief with respect to the sufficiency of the allegations in the pleadings, the motion is denied as moot in light of the later-filed Joint Motion to Dismiss.

Given the foregoing, the Court will interpret the Motion to Stay Discovery as seeking a general stay of discovery pending resolution of the dispositive issues raised in the later-filed Joint Motion to Dismiss. Having considered the arguments of the parties, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court concludes that ISG has not met its burden of establishing that a stay of discovery, or any other deadlines in this action is warranted.

Foremost, ISG does "not cite, nor has this Court found, Fifth Circuit authority standing for the proposition that a particularized identification of trade secrets must be made before discovery is undertaken." *MCR Oil Tools, LLC v. SPEX Offshore, Ltd.*, No. 18-00731-M, 2018 WL 4362695, at *4 (N.D. Tex. Sept. 13, 2018) (citing cases); *see also JJ Plank Co., LLC v. Bowman*, No. 18-00798, 2018 WL 3545319, at *3 (W.D. La. July 23, 2018) ("[R]equiring pre-discovery identification seems to be the predominate trend. But while a strong consensus may be growing, a mandate has not arisen. This area of litigation is complex, contentious, and fact-intensive."). "In trade secrets appropriation cases, discovery limitations are a case-by-case decision where courts must use their broad discretion based heavily on the distinct circumstances of any particular action. The Court, in determining the scope of discovery in a trade secret

5

misappropriation case, should then, accordingly, balance the general right to broad relevant discovery with the special implications raised by a trade secret misappropriation claim." *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *7 (E.D. La. Jan. 15, 2020) (citations and internal punctuation removed).

Here, the Court has already addressed the special implications raised by Plaintiff's trade secret misappropriation claims. The district judge approved the Stipulated Preliminary Injunction and Discovery Order sought by the parties. (R. Docs. 21, 23). The parties jointly submitted, and the undersigned has approved, a Forensic Protocol designed for the sole purpose of preserving, and determining the scope of, allegedly misappropriated information. (R. Docs. 22, 25, 26). Rather than seek a more particularized identification of the alleged trade secrets and confidential business information through a Rule 12 motion, ISG agreed to the foregoing Stipulated Preliminary Injunction and Forensic Protocol. ISG also did not request any limitations on discovery, other than the potential entry of a protective order, when seeking entry of a Scheduling Order governing the deadlines in this action. (R. Doc. 31 at 10-11; *see* R. Doc. 35). In sum, the procedures requested by the parties, and implemented by the Court, provides an agreed-upon mechanism for the identification of documents and information – whether ultimately identified as trade secrets or confidential business information – taken by former employees of MMR who departed to ISG.

ISG has made it clear that it is concerned that MMR will wrongly "tailor its identification of trade secret materials to the discovery it receives." (R. Doc. 46 at 1). ISG argues that it was "MMR's complete lack of document control" (including the failure to emplace non-competition agreements, non-solicitation agreements, and proper exit interviews) that may have led to the "unintentional" taking of MMR documents by former employees, whether ultimately classified

6

as confidential trade secrets or not. (*See* R. Doc. 46-1 at 2, 10). Regardless of what information is identified pursuant to the Forensic Protocol, ISG will have the opportunity to argue that the information does not consist of protected trade secrets or confidential business information resulting in any liability for misappropriation. The identification of such documents pursuant to the Forensic Protocol does not constitute an admission that the documents are protected trade secrets or confidential business information.

Furthermore, given that ISG's forensic expert has now completed a forensic examination and the documents are ready for production (R. Doc. 56 at 2), it is unclear how requiring ISG to comply with the Forensic Protocol would subject it to any annoyance, embarrassment, oppression, or undue burden or expense. Any concerns with respect to privilege and confidentiality are addressed by the Forensic Protocol and the Protective Order governing the exchange of any confidential information obtained in discovery. (R. Doc. 42).

Based on the foregoing, the Court will not stay discovery in this action pending resolution of the dispositive relief sought by ISG. Indeed, a production of ISG's forensic reports and collected documents may narrow the scope of any additional discovery (including third-party discovery) required in this action.

The Court has been made aware that the Stipulated Preliminary Injunction and Forensic Protocol submitted by the parties do not provide any deadlines for the exchange of forensic reports or documents. MMR represents that its own forensic examiner produces completed forensic reports on June 13, 2022. (R. Doc. 51-1 at 8). As stated above, ISG's forensic examiner has completed a forensic analysis, and the documents and reports are ready for production. (R. Doc. 56 at 2). The Court will modify the Forensic Protocol to provide a deadline below for ISG to provide to MMR the forensic reports and documents required by the Forensic Protocol.

7

### B.     MMR's Motion for Contempt

"The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). Clear and convincing evidence is defined as the "weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citing *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992)). "When a party violates a court order without objecting to it, asking the court to modify or vacate it, or even informing the court why it cannot or will not obey it, the court may hold the party in contempt without first deciding whether the disobedience was justified." *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419, 422 (5th Cir. 2013).

The Court will deny MMR's Motion for Contempt. ISG's forensic examiner, Lee Whitfield, has submitted a declaration demonstrating that has conducted forensic examinations of electronic devices within the scope of the Forensic Protocol since May of 2022. (R. Doc. 56-1 at 1-4). Mr. Whitfield's declaration further provides that he became aware of ISG's Motion to Stay Discovery and the Forensic Protocol on August 31, 2022, but was requested by defense counsel to continue "work on this matter but hold off providing any reports or documents that may become available, to any party, until the Motion to Stay is resolved." (R. Doc. 56-1 at 4). Given the absence of any firm deadlines in the Forensic Protocol, these steps were reasonable and do not amount to a violation of the Preliminary Injunction or Forensic Protocol. To the

extent MMR is seeking an order compelling ISG to comply with the Forensic Protocol, the Court again observes that the Forensic Protocol contains no deadlines. To the extent ISG does not provide forensic reports and documents in accordance with the deadline provided below, then MMR may seek relief from the Court at that time.

Based on the foregoing, the Court finds that Plaintiff has not met its burden to establish that ISG violated the Preliminary Injunction and Forensic Order.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that ISG's Motion to Stay Discovery (R. Doc. 46) is **DENIED**. Any relief regarding the specific identification of alleged "trade secrets" will be resolved in addressing the pending Joint Motion to Dismiss. (R. Doc. 55).

**IT IS FURTHER ORDERED** that MMR's Motion for Contempt (R. Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

**IT IS FURTHER ORDERED** that the Forensic Protocol is further amended to require ISG's forensic examiner to provide to MMR all forensic reports and documents obtained in accordance with the Forensic Protocol within **7 days of the date of this Order.**

Signed in Baton Rouge, Louisiana, on October 6, 2022.

   _____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**