UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**                                           **CIVIL ACTION**

**VERSUS**

**JB GROUP OF LA, LLC, ET AL.**                                       **NO. 22-00267-BAJ-RLB**

### RULING AND ORDER

As set forth previously, this commercial dispute involves allegations of employee poaching and secret stealing among competitors in the telecommunications market. Plaintiff MMR Constructors, Inc. ("MMR") contends that beginning in July 2021, its direct competitor JB Group of LA, LLC *d/b/a* Infrastructure Solutions Group ("ISG") recruited away multiple MMR employees—including co-Defendants David Heroman, Kasey Kraft, Jason Yates, Travis Dardenne, and Michael Lowe—and that these employees took with them external memory devices loaded with MMR's trade secrets and confidential information, intending to boost ISG's business.

The Court has already closely reviewed MMR's allegations, in conjunction with MMR's motion for a temporary restraining order (TRO) barring Defendants from accessing, using, disclosing, or disseminating MMR's trade secrets and confidential information during the pendency of this action. (Doc. 2). On April 26, the Court granted MMR's request for a TRO, determining that MMR's verified allegations establish a substantial likelihood of success on its claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* ("DTSA"), and its Louisiana counterpart, the Louisiana Uniform Trade Secrets Act, La. R.S. § 51:1431, *et seq.* ("LUTSA"). (Doc. 7).

Most relevant here, the Court found that the information Defendants' allegedly stole from MMR—customer and contact lists, estimating tools and bids, customer-specific pricing, and detailed plans for MMR's ongoing and prospective projects in the Orlando, Florida area—qualifies as "trade secrets" under the DTSA and the LUTSA. The Court explained: "The copied files and folders … contain highly sensitive business information that is not generally known and gives MMR a competitive edge," and "[a] direct competitor would benefit greatly if it had access to the information that [MMR's former employees] allegedly misappropriated, particularly with respect to customer-specific pricing information and estimating tools." (*Id.* at pp. 6-7).

MMR's original Complaint was aimed only at Defendants ISG and Heroman. (Doc. 1). In the months since, however, MMR has been permitted to conduct forensic analyses of ISG's and Heroman's computers, pursuant to an agreed preliminary injunction[1] and "forensic protocol." (*See* Doc. 23, Doc. 26). This investigation has allegedly turned up evidence of additional stolen trade secrets, which, in turn, has prompted MMR to amend its complaint (twice) to add Defendants Kraft, Yates, Dardenne, and Lowe. (Doc. 29, Doc. 53). Not surprisingly, MMR's amendments have amplified the material allegations and claims driving this dispute. In sum, the allegations set forth in MMR's operative Second Amended Complaint show that ISG's plundering exceeded MMR's original suspicions, insofar as the Second Amended

---

[1] After the Court granted MMR's request for a TRO, Defendants JB Group and Heroman stipulated to a preliminary injunction prohibiting "Defendants and those persons or entities in active concert or participation with them, from … Disclosing, disseminating, or using MMR's trade secrets and confidential business information." (Doc. 23 at pp. 1-2).

2

Complaint restates nearly *verbatim* the original allegations against ISG and Heroman, and adds specific allegations of similar conduct against Defendants Kraft, Yates, Dardenne, and Lowe. (*Compare* Doc. 1 *with* Doc. 53).[2]

Still, despite MMR's obvious momentum, Defendants now collectively move to dismiss this action under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendants attack the merits of MMR's DTSA claim *only*, arguing solely that MMR "fails to adequately identify the information comprising [its] 'trade secrets.'" (*See* Doc. 55-1 at p. 1). Nonetheless, Defendants seek wholesale dismissal of MMR's case, arguing that if MMR's DTSA claim fails, the Court also should decline jurisdiction over MMR's related state law claims.  (*See* Doc. 55-1 at p. 1). Alternatively, Defendants demand that MMR be required to amend its Complaint yet again, pursuant to Rule 12(e), "to plead its trade secret claims with reasonable particularity/specificity." (*Id.* at p. 2). MMR opposes Defendants' motion. (Doc. 58).

To survive dismissal at the pleadings stage, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Facial

---

[2] Kraft is mentioned in MMR's original Complaint, (Doc. 1 at ¶ 32), but was only named as a Defendant in MMR's First Amended Complaint, (Doc. 29 at ¶ 12). Yates and Dardenne likewise appear in MMR's original Complaint, (Doc. 1 at ¶¶ 25-27), *and* its First Amended Complaint (Doc. 29 at ¶¶ 26-28), but were only named as Defendants in MMR's operative Second Amended Complaint, (Doc. 53 at ¶¶ 14, 16). Michael Lowe appears and is named as a Defendant for the first time in MMR's Second Amended Complaint. (Doc. 53 at ¶ 15).

plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S.at 555. When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Here, MMR's DTSA claim passes the bar. As an initial matter, Defendants' motion is untimely as to ISG, Heroman, and Kraft. A defendant seeking relief under Rule 12(b) and/or Rule 12(e) must file its motion *before* filing its answer. Fed. R. Civ. P. 12(b), (e); *Cox v. Richards*, 761 F. App'x 244, 247 (5th Cir. 2019); *e.g.*, *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003) (defendants' Rule 12(b) challenge to plaintiff's second amended complaint was untimely "because defendants served their answer to the amended complaint prior to making this motion"). An exception to this rule exists when a superseding complaint adds material allegations and claims not addressed in the defendant's original answer. *E.g.*, *Kalin v. Xanboo, Inc*, 526 F. Supp. 2d 392, 398 (S.D.N.Y. 2007). Here, ISG, Heroman, and Kraft each answered MMR's First Amended Complaint. (*See* Doc. 33; Doc. 34; Doc. 38). As to these Defendants, there is no difference between the allegations and claims set forth in MMR's First Amended Complaint and its operative Second Amended Complaint. (*Compare* Doc. 29 *with* Doc. 53). Thus, ISG, Heroman,

4

and Kraft are not entitled to relief under Rule 12(b) or Rule 12(e). *Sears Petroleum & Transp. Corp.*, 217 F.R.D. at 307.

Of course, ISG, Heroman, and Kraft could have sought relief under Rule 12(c). There is no functional difference for present purposes, insofar as "a Rule 12(b)(6) and Rule 12(c) motion warrant the same standard of review." *Cox*, 761 F. App'x at 247. But even treating Defendants' motion as a mash-up of Rule 12(b)(6)—Defendants Yates, Dardenne, and Lowe—and Rule 12(c)—Defendants ISG, Heroman, and Kraft—Defendants' motion *still* fails.

Defendants only argument is that MMR has not sufficiently identified what trade secrets it believes were stolen, and has instead "generically" identified only broad "categories and descriptions of the types of information generally considered to qualify as trade secrets." (*See* Doc. 55-1 at pp. 5, 6). Essentially, Defendants urge the Court to assess MMR's DTSA claim under a heightened pleading standard, similar to that required of fraud claims under Rule 9. But, as MMR notes, the Federal Rules do not impose any such requirement, and the Court will not invent one here. *Cf. Baker Petrolite Corp. v. Brent*, No. 09-cv-7046, 2010 WL 924289, at *2 (E.D. La. Mar. 9, 2010) (Zainey, J.) (rejecting defendant's attempt to impose heightened pleading standard on plaintiff's LUTSA claim).

To the contrary, this Court has previously explained that, consistent with Rule 8, a "trade secret" must only be described with "sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within

5

which the secret lies." *Am. Biocarbon, LLC v. Keating*, No. 20-cv-00259, 2020 WL 7264459, at *4 (M.D. La. Dec. 10, 2020) (Jackson, J.) (quoting *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 75 (N.D. Cal. 2020)). Here, MMR alleges that prior to their departures, Defendants Heroman, Kraft, Yates, Dardenne, and Lowe collectively downloaded *thousands* of files to external memory devices, which have subsequently been put to use for ISG's benefit.[3] MMR alleges that included among these files are customer and contact lists. (Doc. 53 at ¶¶ 3, 83). The analysis could stop here, because multiple "[c]ourts in this circuit have held that customer lists can be considered trade secrets." *Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 518 (E.D. La. 2018) (Fallon, J.) (citing authorities).

Further, however, MMR alleges that Defendants stole an "Estimating" folder that contained MMR's estimating tools and customer-related bids for 2020 and 2021; a "Price Lists" folder that included customer-specific pricing; numerous documents relating to MMR employees and staffing strategy; an Excel spreadsheet titled "Master Job Sheet – BIBLE (ORLANDO).xlsx," showing detailed information regarding MMR's ongoing and prospective projects in Orlando, Florida; and numerous documents relating to customer-specific projects within MMR's active or prospective pipeline. (Doc. 53 at ¶¶ 3, 83). Plainly, the sum of these allegations sufficiently apprises Defendants of "the boundaries" within which MMR's claimed

---

[3] Kraft allegedly downloaded 1,194 files in the week preceding his departure in March 2022 (Doc. 53 at ¶¶ 3, 70); Heroman allegedly downloaded 1,500 files in the month preceding his departure in April 2022 (Doc. 53 at ¶¶ 4, 5, 42); Yates, Lowe, and Dardenne each allegedly retained external hard drives containing MMR's protected information that have since been used to conduct business for ISG (*id.* at ¶¶ 8, 76).

trade secrets lie. *See Am. Biocarbon*, 2020 WL 7264459, at *5; *e.g.*, *Complete Logistical Servs.*, 350 F. Supp. 3d at 519 (plaintiff alleged "trade secrets" sufficient to state a DTSA claim based on "proprietary and confidential electronic data including … its financial statements, customer lists, and sales records"); *Elliott Co. v. Montgomery*, No. 15-cv-02404, 2016 WL 6301042, at *4 (W.D. La. Sept. 28, 2016) (Whitehurst, M.J.) (plaintiff alleged "trade secrets" sufficient to state a LUTSA claim based on "business strategy, customer information, and pricing as well as sensitive information related to its business strategies, customers and pricing"), *adopted* 2016 WL 6301106 (W.D. La. Oct. 26, 2016) (Drell, J.).

In sum, the Court has already determined that MMR's allegations establish a substantial likelihood of success on the merits of its DTSA claim (thus warranting a TRO). (Doc. 3). Now the Court finds that MMR's allegations are more than adequate to plausibly apprise Defendants of what "trade secrets" MMR believes were stolen.

Accordingly,

**IT IS ORDERED** that Defendants' **Joint Rule 12(b)(6) Motion To Dismiss Plaintiff's Second Amended Complaint For Failure To State A Claim, Or Alternatively, Rule 12(e) Motion For More Definite Statement Of Plaintiff's Claims (Doc. 55)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 3rd day of May, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**