# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.,**

    **Plaintiff,**

**VERSUS**

**JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, DAVID HEROMAN, KASEY KRAFT, JASON YATES, TRAVIS DARDENNE, AND MICHAEL LOWE,**

    **Defendants.**

**CIVIL ACTION NO.: 22-CV-267**

**JUDGE BRIAN A. JACKSON**

**MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.**

\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS TO MMR CONSTRUCTORS, INC.'S SECOND AMENDED COMPLAINT FOR DAMAGES, TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"), which files its answer and affirmative defenses to MMR Constructors, Inc.'s ("MMR") Second Amended Complaint for Damages, Temporary Restraining Order, and Injunctive Relief (the "Complaint") as follows:

The factual allegations in the introductory Paragraph of the Complaint are denied.

1.      It is admitted only that MMR is an electrical and instrumentation contractor in the United States.  The remaining allegations in Paragraph 1 of the Complaint are denied.

2.      ISG is without knowledge and information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 2 of the Complaint, and such averments are therefore denied.  The allegations in the remainder of Paragraph 2 of the Complaint are denied as written.  By way of further response, no non-competition or non-solicitation agreements are at issue in this

case.  Notwithstanding the absence of such convenants, ISG has not "poached" or recruited any MMR employees.  ISG was founded by an MMR ex-employee.  Once that employee resigned from MMR, other MMR employees reached out to ISG seeking employment. Upon information and belief, MMR was hemorrhaging from employee resignations as many employees resigned from MMR in the past year.  Of those employees, only a small number were hired by ISG.  None of the MMR employees that quit MMR were subject to employment or non-competition or non-solicitation agreements.   Accordingly, MMR cannot stop or prevent ISG from, or seek to punish ISG for, offering employment to anyone ISG chooses, including former MMR employees.  But, this is exactly what MMR seeks to do through this litigation.  MMR's failure to implement non-competition or non-solicitation agreements is the real issue here, and it seeks to back door such restrictions by use of this lawsuit to intimidate not only ISG and its former employees, but its current employees as well.

3.      ISG admits only to hiring Kasey Kraft.  All remaining allegations in Paragraph 3 of the Complaint are denied as written.

4.      ISG admits only to hiring David Heroman.  All remaining allegations in Paragraph 4 of the Complaint are denied as written.

5.      Paragraph 5 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 5 is denied for lack of sufficient information to justify a belief therein.

6.      Paragraph 6 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 6 is denied for lack of sufficient information to justify a belief therein.

DM1\14145545.1

7.     The allegations in Paragraph 7 of the Complaint are denied.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.  Heroman has not provided to ISG, nor has ISG accessed, reviewed, or utilized, any of the alleged "library of MMR's trade secrets" allegedly taken by Heroman.  Moreover, Heroman has not brought any work to ISG from his start.  He has worked on DOT work, which MMR does not do.

8.     The allegations in Paragraph 8 of the Complaint are denied.  By way of further response, MMR's failure to implement the most basic procedures for document use or exit interviews in its offices has created a situation wherein MMR permitted employees to leave with MMR materials.  These MMR employees, including Jason Yates ("Yates") and Mike Lowe ("Lowe"), did not "take", "steal," or "improperly retain" such documents.  Many MMR employees were not even aware that they still retained MMR materials, especially since MMR never inquired into same.  MMR never implemented any use or control policies related to documents that remained on ex-employees' thumb drives, hard drives, and cell phones when their employment ended with MMR.  MMR's failures have evolved into conspiracies that every ex-employee is a bad actor by simply being in possession of any MMR material, trade secret or not.

9.     The allegations in Paragraph 9 of the Complaint are denied.  By way of further response, ISG has not unjustly profited due to any alleged trade secrets, nor has MMR been damaged in any way.  In fact, to date, for the only project that both ISG and MMR placed bids on, MMR won the bid and was awarded the contract.  ISG is a small business, and the majority of its business is related to Department of Transportation work.  However, a very small amount of its business (under 15%) includes some electrical and instrumentation work.  However, only a very

DM1\14145545.1

small amount of that work is the same type of electrical and instrumentation work performed by MMR. By way of further response, ISG previously agreed to a Forensic Protocol.

## **PARTIES**

10.     Paragraph 10 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 10 is admitted based upon currently available information.

11.     The allegations in Paragraph 11 of the Complaint are admitted as of the date the Complaint was filed.

12.     Paragraph 12 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 12 is admitted based upon currently available information.

13.     Paragraph 13 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 13 is admitted based upon currently available information.

14.     Paragraph 14 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 14 is admitted based upon currently available information.

15.     Paragraph 15 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 15 is admitted based upon currently available information.

16.     Paragraph 16 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 16 is admitted based upon currently available information.

## JURISDICTION AND VENUE

17.    Paragraph 17 of the Complaint does not contain allegations that require a response from ISG.  However, ISG does not object to the Court's jurisdiction and venue in this matter.

18.    Paragraph 18 of the Complaint is admitted as to the allegation that ISG's principal place of business was in Louisiana at the time this Complaint was filed.  The remaining allegations do not require a response from ISG.  However, ISG does not object to the Court's jurisdiction and venue in this matter.

19.    Paragraph 19 of the Complaint does not contain allegations that require a response from ISG.  However, ISG does not object to the Court's jurisdiction and venue in this matter.

## FACTUAL BACKGROUND

20.    Paragraph 20 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, it is admitted only that MMR is a contractor; and the remainder of Paragraph 20 is denied for lack of sufficient information to justify a belief therein.

21.    Paragraph 21 of the Complaint does not contain allegations that require a response from ISG.  To the extent that an answer is deemed necessary, Paragraph 21 is denied for lack of sufficient information to justify a belief therein.  By way of further response, MMR has not taken substantial care to keep its alleged confidential business information secret.  Moreover, the electrical construction service industry is based on bid proposals wherein the client seeks services from a number of possible contractors, and knowledge of who is awarded the bid is well known within the industry.  Moreover, MMR itself publishes its customers and projects on its website.

22.    Paragraph 22 of the Complaint is denied, including as MMR has not taken substantial care to keep its alleged confidential business information secret.  Moreover, the

DM1\14145545.1

electrical construction service industry is based on bid proposals wherein the client seeks services from a number of possible contractors, and knowledge of who is awarded the bid is well known within the industry.  Moreover, MMR itself publishes its customers and projects on its website.

23.     The allegations in Paragraph 23 of the Complaint are admitted as far as such documents may have been signed by MMR employees.  Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso.  ISG denies any remaining allegations.  Moreover, upon information and belief, MMR provided no training, guidance, specific identification, instructions, or definitions related to what information or documents were confidential, proprietary, or trade secrets. Contrary to the artfully worded allegations that misrepresent MMR's protection of its "trade secrets" the truth is that MMR, during the relevant timeframes, did nothing or little to safeguard or protect any of its company information.  MMR provided its employees with an overly broad and generic "trade secrets" policy.  MMR provided no other information or training to its employees to identify what information MMR guarded as a trade secret.

24.     The allegations in Paragraph 24 of the Complaint are admitted as far as such documents may have been signed by the enumerated employees.  Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso.  ISG denies any remaining allegations.

25.     The allegations in Paragraph 25 of the Complaint are admitted as far as such documents may have been signed by Heroman. Such documents are defined by its terms, limitations, and conditions, which are the best evidence of its contents and are pled as if copied in extenso.  ISG denies any remaining allegations.

26.     Paragraph 26 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 26 is denied for lack of sufficient information to justify a belief therein.  By way of further response, upon information and belief, MMR provided no training, guidance, specific identification, instructions, or definitions related to what information or documents were confidential, proprietary, or trade secrets; and, during the relevant timeframes, did nothing or little to safeguard or protect any of its company information.

27.     Paragraph 27 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 27 is denied for lack of sufficient information to justify a belief therein.

28.     Paragraph 28 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 28 is denied for lack of sufficient information to justify a belief therein.  By way of further response, MMR has not taken substantial care to keep its alleged confidential business information secret.  Moreover, the electrical construction service industry is based on bid proposals wherein the client seeks services from a number of possible contractors, and knowledge of who is awarded the bid is well known within the industry.  Moreover, MMR itself publishes its customers and projects on its website. Specifically, MMR's cost estimating tools are already being utilized by other companies, with MMR's knowledge.

29.     ISG admits that it was formed in Gonzales, Louisiana and provides some industrial electrical and instrumentation services, along with other services.  ISG denies any remaining allegations in Paragraph 29 of the Complaint.

DM1\14145545.1

30.     ISG admits only that Jason Yates joined MMR in 2003, that Jason Yates is a former MMR Project Manager, that Travis Dardenne joined MMR in 2004, that Travis Dardenne is a former MMR Project Manager, and that ISG hired Jason Yates and Travis Dardenne.  ISG was co-founded by Jason Yates, while he was still employed at MMR.   Yates' MMR supervisors, MMR co-workers, MMR stockholders, and MMR's corporate counsel were aware of Yate's involvement with ISG and on occasion assisted Yates with ISG-related business.  During the period when Mr. Yates was working for ISG and MMR, Mr. Yates worked exclusively on Department of Transportation work.  ISG denies any remaining allegations in Paragraph 30 of the Complaint.  As previously stated, there are no MMR employment or non-competition agreements in place which could prevent Jason Yates and/or Travis Dardenne from choosing their place of employment—including employment at a business which may compete with MMR.  Moreover, ISG was only created in late 2019 and has been steadily adding new services as it grew.

31.     It is admitted only that Yates resigned from MMR on or about July 12, 2021.  The remaining allegations in Paragraph 31 of the Complaint are denied as written.

32.     The allegations in Paragraph 32 of the Complaint are denied as written. By way of further response, as previously stated, there are no MMR employment, non-competition, or non-solicitation agreements in place which could prevent Jason Yates and/or Travis Dardenne from choosing their place of employment—including employment at a business which may compete with MMR.

33.     ISG admits to hiring Walter Huffman and Tiffany Medine.  ISG did not target MMR personnel, and both Mr. Huffman and Ms. Medine reached out to ISG seeking employment. ISG denies any remaining allegations in Paragraph 33 of the Complaint.  By way of further response, as previously stated, there are no MMR employment, non-competition, or non-

solicitation agreements in place which could prevent ISG from hiring Mr. Huffman, Ms. Medine, and/or any other former MMR employee, or which could prevent Mr. Huffman, Ms. Medine, and/or any other former MMR employee from choosing their place of employment—including employment at a business which may compete with MMR.

34.     Paragraph 34 of the Complaint does not contain allegations that require a response from ISG.  However, therein MMR admits that all of its employees were free to seek employment anywhere they choose, *including for a direct competitor*.

35.     The allegations in Paragraph 35 of the Complaint are denied.

36.     The allegations in Paragraph 36 of the Complaint are denied.

37.     Paragraph 37 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 37 is denied for lack of sufficient information to justify a belief therein.

38.     Paragraph 38 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 38 is denied for lack of sufficient information to justify a belief therein.

39.     Paragraph 39 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 39 is denied for lack of sufficient information to justify a belief therein.

40.     Paragraph 40 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 40 is denied for lack of sufficient information to justify a belief therein.

41.     Paragraph 41 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 41 is denied for lack of

DM1\14145545.1

sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

42.    Paragraph 42 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 42 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

43.    Paragraph 43 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 43 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

44.    The allegations in Paragraph 44 of the Complaint are denied.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

45.    Paragraph 45 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 45 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

46.    Paragraph 46 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 46 is denied for lack of

DM1\14145545.1

sufficient information to justify a belief therein. By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

47.    Paragraph 47 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 47 is denied for lack of sufficient information to justify a belief therein. By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

48.    Paragraph 48 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 48 is denied for lack of sufficient information to justify a belief therein. By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

49.    Paragraph 49 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 49 is denied for lack of sufficient information to justify a belief therein. By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

50.    Paragraph 50 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 50 is denied for lack of sufficient information to justify a belief therein. By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

51.     The allegations in Paragraph 51 of the Complaint are denied.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

52.     Paragraph 52 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 52 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

53.     The allegations in Paragraph 53 of the Complaint are denied.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

54.     Paragraph 54 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 54 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

55.     Paragraph 55 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 55 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

56.     Paragraph 56 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 56 is denied for lack of

12

sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

57.     Paragraph 57 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 57 is denied for lack of sufficient information to justify a belief therein.

58.     Paragraph 58 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 58 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

59.     Paragraph 59 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 59 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

60.     Paragraph 60 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 60 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

61.     Paragraph 61 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 61 is denied for lack of

DM1\14145545.1

sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

62.     The allegations in Paragraph 62 of the Complaint are denied as to any allegations related to ISG's actions.  The remaining allegations in Paragraph 62 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 62 are denied for lack of sufficient information to justify a belief therein.  By way of further response, Heroman was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

63.     Paragraph 63 is denied for lack of sufficient information to justify a belief therein.

64.     ISG admits only to hiring David Heroman.  All remaining allegations in Paragraph 64 of the Complaint are denied as written.

65.     The allegations in Paragraph 65 of the Complaint are denied.

66.     The allegations in Paragraph 66 of the Complaint are denied.

67.     Paragraph 67 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 67 is denied for lack of sufficient information to justify a belief therein.  By way of further response, ISG previously agreed to a Forensic Protocol.

68.     Paragraph 68 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 68 is denied for lack of sufficient information to justify a belief therein.

DM1\14145545.1

69.     Paragraph 69 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 69 is denied for lack of sufficient information to justify a belief therein.

70.     Paragraph 70 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 70 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Kraft was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

71.     Paragraph 71 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 71 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Kraft was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

72.     Paragraph 72 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 72 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Kraft was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

73.     Paragraph 73 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 73 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Kraft was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

74.     Paragraph 74 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 74 is denied for lack of sufficient information to justify a belief therein.  By way of further response, Kraft was advised by ISG not to remove, take, and/or utilize any MMR information or documents prior to his employment with ISG.

75.     Paragraph 75 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, it is admitted only that the parties agreed to a stipulated injunction and a Forensic Protocol and that certain depositions were taken. The remaining allegations in Paragraph 75 are denied.

76.     The allegations in Paragraph 76 of the Complaint are denied. By way of further response, Mr. Yates testified that he had used a hard drive over the course of many years as a backup, and when Mr. Yates realized that he had MMR documents on the backup drive, he *did in fact* tell MMR's then Operations Manager/Vice President, who did not direct him to get rid of and/or return the personal hard drive or the documents.  *See* Deposition of Jason Yates, at 24:6-26:13.

77.     Paragraph 77 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 77 is denied for lack of sufficient information to justify a belief therein.

## ALLEGED CAUSES OF ACTION

### ALLEGED COUNT 1
*Alleged Violation of the Defend Trade Secrets Act*
**(Against all Defendants)**

78.     The allegations in Paragraph 78 of the Complaint are denied.  ISG repeats its response to Paragraphs 1 through 78 of the Complaint above as if fully stated here.

79.     Paragraph 79 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 79 is denied.

80.     Paragraph 80 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 80 is denied.  Upon information and belief, during the relevant time period MMR did not, and does not, keep its alleged trade secrets or other alleged information secret.  Until recently, MMR allowed employees to: email MMR information to other companies; provided no guidance, training, or advice as to keeping any particular information or documents secret; permitted and fostered the use of external hard drives to store MMR-related documents and back up MMR documents and devices; and often took no precautions (such as removing access to MMR email or requesting the return of documents or devices) upon the departure of employees.

81.     Paragraph 81 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 81 is denied.

82.     Paragraph 82 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 82 is denied for lack of sufficient information to justify a belief therein.

83.     The allegations in Paragraph 83 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 83 of the

Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.     The allegations in Paragraph 84 of the Complaint are denied.

85.     Paragraph 85 of the Complaint calls for a legal conclusion to which no response is required. To the extent that an answer is deemed necessary, Paragraph 85 is denied.

86.     The allegations in Paragraph 86 of the Complaint are denied.

87.     The allegations in Paragraph 87 of the Complaint are denied.

### ALLEGED COUNT 2
*Alleged Violation of the Louisiana Uniform Trade Secrets Act*
**(Against All Defendants)**

88.     The allegations in Paragraph 88 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 88 of the Complaint above as if fully stated here.

89.     Paragraph 89 of the Complaint calls for a legal conclusion to which no response is required. To the extent that an answer is deemed necessary, Paragraph 89 is denied.

90.     Paragraph 90 of the Complaint calls for a legal conclusion to which no response is required. To the extent that an answer is deemed necessary, Paragraph 90 is denied. By way of further response, upon information and belief, MMR did not during the relevant time period and does not keep its alleged trade secrets or other alleged information secret. Until recently, MMR allowed employees to email MMR information to other companies, provided no guidance, training, or advice as to keeping any particular information or documents secret, permitted and fostered the use of external hard drives to store MMR-related documents and back up MMR documents and devices, and took no precautions (such as removing access to MMR email or requesting the return of documents or devices) upon the departure of employees.

DM1\14145545.1

91.     Paragraph 91 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 91 is denied for lack of sufficient information to justify a belief therein.

92.     The allegations in Paragraph 92 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 92 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.     The allegations in Paragraph 93 of the Complaint are denied.

94.     Paragraph 94 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 94 is denied.

95.     The allegations in Paragraph 95 of the Complaint are denied.

## ALLEGED COUNT 3
### *Alleged Injunctive Relief under the DTSA and LUTSA*
### (Against All Defendants)

96.     The allegations in Paragraph 96 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 96 of the Complaint above as if fully stated here.

97.     The allegations in Paragraph 97 of the Complaint are denied.

98.     The allegations in Paragraph 98 of the Complaint are denied.

99.     The allegations in Paragraph 99 of the Complaint are denied.

100.    The allegations in Paragraph 100 of the Complaint are denied.

101.    The allegations in Paragraph 101 of the Complaint are denied. By way of further response, ISG has already stipulated to a preliminary injunction and a Forensic Protocol that have been entered in this case.

**ALLEGED COUNT 4**
*Alleged Violation of the Louisiana Unfair Trade Practices Act*
**(Against All Defendants)**

102.    The allegations in Paragraph 102 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 102 of the Complaint above as if fully stated here.

103.    Paragraph 103 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 103 is denied.

104.    The allegations in Paragraph 104 of the Complaint are denied.

105.    The allegations in Paragraph 105 of the Complaint are denied.

106.    Paragraph 106 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 106 is denied.

107.    Paragraph 107 of the Complaint does not contain allegations that require a response from ISG.  To the extent that an answer is deemed necessary, Paragraph 107 is denied for lack of sufficient information to justify a belief therein.

108.    The allegations in Paragraph 108 of the Complaint are denied.

**ALLEGED COUNT 5**
*Alleged Civil Conspiracy*
**(Against All Defendants)**

109.    The allegations in Paragraph 109 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 109 of the Complaint above as if fully stated here.

110.    The allegations in Paragraph 110 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 110 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 110 are denied for lack of sufficient information to justify a belief therein.

DM1\14145545.1

111.    The allegations in Paragraph 111 of the Complaint are denied.

112.    The allegations in Paragraph 112 of the Complaint are denied.

113.    The allegations in Paragraph 113 of the Complaint are denied.

114.    Paragraph 114 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that an answer is deemed necessary, Paragraph 114 is denied.

## ALLEGED COUNT 6
### *Unjust Enrichment*
### (Against All Defendants)

115.    The allegations in Paragraph 115 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 115 of the Complaint above as if fully stated here.

116.    The allegations in Paragraph 116 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 116 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 116 are denied for lack of sufficient information to justify a belief therein.

117.    The allegations in Paragraph 117 of the Complaint are denied.

118.    The allegations in Paragraph 118 of the Complaint are denied.

## ALLEGED COUNT 7
### *Alleged Breach of Fiduciary Duty and/or Duty of Loyalty*
### (Against Heroman, Kraft, Yates, Lowe, and Dardenne)

119.    The allegations in Paragraph 119 of the Complaint are denied. ISG repeats its response to Paragraphs 1 through 119 of the Complaint above as if fully stated here.

120.    Paragraph 120 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 120 is denied for lack of sufficient information to justify a belief therein.

DM1\14145545.1

121.    The allegations in Paragraph 121 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 121 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

122.    The allegations in Paragraph 122 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 122 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 122 are denied for lack of sufficient information to justify a belief therein.

123.    The allegations in Paragraph 123 of the Complaint are denied as to any allegations related to ISG's actions, knowledge, or intent.  The remaining allegations in Paragraph 123 of the Complaint do not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, the remaining allegations in Paragraph 123 are denied for lack of sufficient information to justify a belief therein.

124.    Paragraph 124 of the Complaint does not contain allegations that require a response from ISG. To the extent that an answer is deemed necessary, Paragraph 124 is denied for lack of sufficient information to justify a belief therein.

## ALLEGED JURY DEMAND

125.    The allegations of the prayer for jury trial do not require a response; however, to the extent a response may be required, the allegations are denied as written.

## ALLEGED PRAYER FOR RELIEF

126.    The allegations of the prayer for relief do not require a response; however, to the extent a response may be required, the allegations are denied as written.  ISG specifically denies that MMR is entitled to the relief sought, or any relief.

**AND, NOW FOR FURTHER ANSWERING**, ISG affirmatively asserts the following:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

MMR's Complaint fails to state a claim against the ISG upon which relief can be granted.

### SECOND DEFENSE

ISG affirmatively asserts that it has committed no negligent or wrongful act or omission which proximately caused or contributed to the alleged breach and/or damages and that at all times it has acted in good faith and in a reasonable manner.

### THIRD DEFENSE

ISG shows that MMR's damages, if any, were caused by the fault of others over whom ISG had no control and for whom ISG had no responsibility.

### FOURTH DEFENSE

ISG shows that MMR's damages, if any, were caused by the fault and negligence of MMR, which fault serves as a complete and total bar to any recovery by MMR herein.  Alternatively, ISG show that MMR s damages, if any, were caused by the contributing fault and negligence of MMR, which contributing fault and negligence serves to proportionately diminish MMR's recovery.

### FIFTH DEFENSE

ISG asserts that MMR failed to mitigate its damages.

23

## SIXTH DEFENSE

MMR's claims alleging a violation of the DTSA are barred to the extent that the alleged trade secrets are not related to a product or service used in, or intended for use in, interstate or foreign commerce.

## SEVENTH DEFENSE

ISG affirmatively asserts the defense of independent, superseding, or intervening cause.

## EIGHTH DEFENSE

MMR is barred from recovery by virtue of its own acts, omissions, and course of conduct, including MMR's own fault, negligence, or intentional actions, whether in whole or in part.

## NINTH DEFENSE

ISG pleads equitable defenses, including but not limited to, laches, equitable estoppel, waiver, and unclean hands, which will be established after a reasonable opportunity for further investigation and discovery.

## TENTH DEFENSE

MMR's claims regarding trade secret violations are barred and precluded because the MMR failed to properly treat the alleged trade secrets as secrets.

## ELEVENTH DEFENSE

MMR's claims regarding trade secret violations are barred and precluded because the information sought to be protected does not qualify as trade secret and/or proprietary.  Such information, documents, and/or materials are generally known or ascertainable through legitimate methods.

## TWELFTH DEFENSE

ISG asserts that MMR failed to take reasonable precautions or secrecy measures to secure its allegedly confidential, proprietary, or secret information.

## THIRTEENTH DEFENSE

MMR's claims regarding trade secret violations are barred and precluded because the information sought to be protected does not qualify as trade secret and/or proprietary.  Such information, documents, and/or materials do not derive independent economic value from their secrecy.

## FOURTEENTH DEFENSE

To the extent that any alleged copying or other misappropriation of alleged trade secret information took place before May 11, 2016, such claims are barred under the DTSA.

## FIFTEENTH DEFENSE

MMR's claims are barred, in whole or in part, for failure to describe with particularity the alleged actions of and alleged damages caused by each Defendant.

## SIXTEENTH DEFENSE

MMR's claims are barred, in whole or in part, by the competitor's privilege because ISG has engaged in fair and protectable competition with MMR.

## SEVENTEENTH DEFENSE

ISG acted in accordance with sound business practices, permissible business judgment, and engaged only in appropriate free enterprise transactions.

## EIGHTEENTH DEFENSE

MMR's claim for punitive damages is barred because the alleged acts or omissions of ISG do not rise to the level required to sustain an award of punitive damages, do not evidence malicious,

reckless, or fraudulent intent to deny MMR its protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle MMR to punitive damages.

## NINETEENTH DEFENSE

MMR's claim for exemplary damages is barred because the alleged acts or omissions of ISG do not rise to the level required to sustain an award of exemplary damages, and do not evidence willful or malicious conduct.

## TWENTIETH DEFENSE

MMR's claim for attorneys' fees and costs is barred because the alleged acts or omissions of ISG do not rise to the level required to sustain an award of attorneys' fees or costs, and do not evidence willful or malicious conduct.

## TWENTY-FIRST DEFENSE

MMR's claims, and each of them, are barred because ISG has not unjustly profited due to any alleged trade secrets or action, nor has MMR been damaged in any way.

Without limitation, to date, for the only project that both ISG and MMR placed bids on, MMR won the bid and was awarded the contract. ISG is a small business, and the majority of its business is related to Department of Transportation work. However, a very small amount of its business (under 15%) includes some electrical and instrumentation work such as underground fiberoptic wiring. However, only a very small amount of that work is the same type of electrical and instrumentation work performed by MMR.

## TWENTY-SECOND DEFENSE

ISG affirmatively asserts that it intends to rely upon such other affirmative defenses and/or denials as may become available or apparent during the discovery phase of this litigation and reserves the right to amend this answer to assert any such defense and/or denial.

## JURY DEMAND

ISG demands a trial by jury on all issues.

**WHEREFORE,** ISG prays that its Answer and Affirmative Defenses be deemed good and

sufficient and, after due proceedings are had, there be judgment herein in favor of ISG, dismissing

the claims of MMR, with prejudice, at MMR's cost.

Respectfully submitted:

**DUNLAP FIORE LLC**


/s/ Jennifer A. Fiore
Jennifer A. Fiore (Bar # 28038)
Erin G. Fonacier (Bar # 33861)
6700 Jefferson Hwy, Building #2
Baton Rouge, LA  70806
Telephone:  225-282-0660
Facsimile:  225-282-0680
jfiore@dunlapfiore.com
efonacier@dunlapfiore.com

**DUANE MORRIS LLP**

Jamie Welton
(Admitted *Pro Hac Vice*)
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-257-7213
Facsimile: 214-292-8442
jrwelton@duanemorris.com

Shannon Hampton Sutherland
(Admitted *Pro Hac Vice*)
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1104
Facsimile: 215-689-4956
shsutherland@duanemorris.com

*Attorneys for JB Group of LA, LLC d/b/a*
*Infrastructure Solutions Group*

DM1\14145545.1

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice to all counsel on this 17th day of May, 2023.

/s/ Jennifer A. Fiore
Jennifer A. Fiore

DM1\14145545.1