AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| MMR CONSTRUCTORS, INC., <br> *Plaintiff* <br> v. <br> JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, DAVID HEROMAN, and KAS <br> *Defendant* | Civil Action No. 22-267 |

**EXHIBIT 2**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Summer Anderson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: PJ Kee, Esq., Jones Walker, 445 North Blvd., Ste. 800 Baton Rouge, LA 70802 pkee@joneswalker.com | Date and Time: 10/06/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/15/2023

*CLERK OF COURT*

OR

/s/ PJ Kee

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff MMR Constructors, Inc. , who issues or requests this subpoena, are:

PJ Kee, Esq., Jones Walker, 201 St. Charles Ave., 47th Fl, New Orleans, LA 70170 pkee@joneswalker.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-267

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:22-cv-00267-BAJ-RLB    Document 108-2    01/26/24   Page 3 of 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MMR CONSTRUCTORS, INC., | CIV. NO. 22-267 |
| Plaintiff, | |
| VERSUS | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, DAVID HEROMAN and KASEY KRAFT, | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | |

## ATTACHMENT OF SUBPOENA

As used herein, the following words have the following meanings:

1. "You," "your," and "yours," means Summer Anderson.

2. "Document" means any writing or recording (whether printed, typed, photocopied, handwritten, recorded, electronically stored, digital, or produced or reproduced by any other process or any other compilation of information) that is in your possession, custody, or control, whether in email accounts (including emails and attachments located in deleted folders), laptops, netbooks/notebooks, workstations, servers, other drives, drive images, backup tapes and databases and includes, but is not limited to, any and all:

   a. accounts, accountant's and other worksheets, accountings, advertisements, advertising circulars, advisories, affidavits, agendas, agreements, appointment books, articles, balance sheets, bank statements, books, brochures, bulletins, calendars, charts, checks, circulars, communications (infra office, inter office, external and other), computer printouts, contracts, correspondence, data sheets, desk pads, diaries, drafts, drawings, electronic mail, forms, flyers, forecasts, graphs, guidelines, handwritten matter, indexes, instructions, invoices, ledgers, letters, lists, logs, magazine clippings, manuals, materials, memoranda, minutes, newspaper clippings, notebooks, notes, note entries, pamphlets, papers, periodicals, posters, post-it notes, projections, prospectuses, receipts, records, reports, rules, signs, statements, studies, summaries, surveys,

        telecopies, telegrams, telephone messages, telexes, transcripts, translations, vouchers, and work papers;

    b.  graphic, video, or audio records or representations of any kind (including, without limitation, photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings, films, and motion pictures);

    c.  computerized, electric, electronic, magnetic, mechanical, and optical records, or representations of any kind (including, without limitation, data processing cards, tapes, cassettes, discs, recordings, and computer memories); and

    d.  drafts and final versions, and all originals as well as carbons, photographic or other copies, telecopies, reproductions or facsimiles that differ from originals in any respect (including, but without limitation, differences due to handwritten notes, editing, interlineations, blind copies, omissions, or any other alterations).

3.  "<u>Communication</u>" means any transmission or exchange of information by written, oral, pictorial, electronic, or other perceptible means, including, but not limited to, correspondence, hand deliveries, mailings, telexes, facsimiles, telecopies, telegraphs, cables, emails, cellular/telephone conversations, text messages, video conferences, instant messages or chats, video conversations through applications like Skype or FaceTime, personal conversations, meetings, and the likewhether in email accounts (including emails and attachments located in deleted folders), cellphones, laptops, netbooks/notebooks, workstations, servers, other drives, drive images, backup tapes and databases.

4.  "<u>Concerning</u>" means concerning, supporting, evidencing, refuting, disputing, inconsistent with, involving, consisting of, reflecting, constituting, referring to, pertaining to, or relating to in any way.

5.  "<u>MMR</u>" means Plaintiff MMR Constructors, Inc., and its agents, representatives, employees, officers, shareholders, attorneys, and all other persons acting on its behalf or at its request.

6. "ISG" means Defendant JB Group of LA, LLC d/b/a Infrastructure Solutions Group, and its agents, representatives, employees, officers, shareholders, attorneys, and all other persons acting on its behalf or at its request.

## REQUESTED DOCUMENTS

1. Please produce the documents and communications in Your possession, custody, or control that contain the term "MMR."

2. Please produce all documents and communications demonstrating how You came into possession of any documents that originated from or otherwise belong to MMR.

3. Please produce all documents and communications in Your possession, custody, or control concerning Your exchange of MMR documents with ISG.

4. Please produce the documents and communications in Your possession, custody, or control that demonstrate why You exchanged MMR documents with ISG.

\*     \*     \*

If responsive documents contain sensitive commercial and/or personal information, You can produce documents and label them "Confidential" and/or "Attorneys' Eyes Only" pursuant to a protective order entered in this case. A copy of this protective order can be provided to You upon request.