UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC, ET AL., | : | |
| Defendants. | : | MAGISTRATE JUDGE |
| | : | RICHARD L. BOURGEOIS, JR. |

## **MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT**

Plaintiff MMR Constructors, Inc. ("MMR") files this memorandum in support of its *Motion for Contempt*, seeking to hold Third Parties Stateline Partners, LLC, ("Stateline") and Summer Anderson in contempt for refusing to respond to properly issued subpoenas.[1]

\*   \*   \*

To provide context necessary to evaluate this motion, MMR *first* provides a summary of the Lawsuit, including the results of forensic examinations, that is relevant to the Subpoenas. *Second*, MMR explains why the Subpoenas seek highly relevant information and should be enforced. *Third*, MMR details the unsuccessful efforts it has undertaken to have Stateline/Ms. Anderson comply with the Subpoenas, which, in turn, prompted the filing of this action. *Fourth*, MMR explains the specific relief it seeks, as well as the legal basis.

### *1. The Lawsuit and Forensic Examinations*

MMR filed the Lawsuit on April 25, 2022, asserting trade secret claims against its

---

[1] The subpoenas issued to Stateline and Ms. Anderson are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, and are collectively referred to as the "Subpoenas."

1

competitor, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"), as well as a former employee. On April 27, 2022, the Court granted MMR's request for a temporary restraining order ("TRO"), which prohibited ISG from "[f]ailing to return the information and external storage devices identified in the verified Complaint (Doc. 1), and any other documents/devices that contain MMR's confidential business information." (Doc. 7 at p. 14).

On May 19, 2022, the parties filed a *Joint Motion for Preliminary Injunction and Discovery Order* (Doc. 21), as well as a *Joint Motion to Approve Forensic Protocol* (Doc. 22). The Court granted the requested Preliminary Injunction on May 20, 2022. (Doc. 23.) Like the TRO, the Preliminary Injunction enjoined ISG from the following:

> Failing to return and allow the remediation of (in accordance with the forensic protocol) the documents and information identified in the *Verified Complaint*, and any other documents or information identified through the forensic protocol that contain MMR's trade secrets and confidential business information.

(Doc. 23.) The Preliminary Injunction further ordered the following:

> **IT IS FURTHER ORDERED** that on or before May 20, 2022, MMR and Defendants shall enter into and abide by an agreed-upon forensic protocol, to be submitted to the Court in the form of a jointly proposed order.

(Doc. 23.) On May 31, 2022, the Court approved and ordered that the forensic protocol, required by the Preliminary Injunction and jointly submitted by the parties, govern the forensic examinations necessary required by the Preliminary Injunction (the "Forensic Order"). (Docs. 22-1, 25.) The Forensic Order set forth the parameters of necessary forensic examinations, the devices and accounts within its scope, and the manner and timing to produce required forensic device reports and documents that contain agreed-upon search terms.

Those forensic examinations (and the limited depositions taken early in the case) led to the discovery of additional evidence indicating that other former MMR employees now working for ISG had misappropriated MMR's protected business information. MMR thereafter added additional former employees as defendants, and the Court ordered additional forensic examinations that uncovered MMR's protected information on several other devices and accounts that ISG issued to employees. Included in the additional forensic examinations were the devices and account that ISG issued to Laiton McCaughey, a former MMR employee whom ISG is now employing as its Health, Safety and Environment Director.[2] Evidence uncovered by the forensic examinations of those devices and account revealed that he, too, possesses MMR's protected information.

### 2. The Subpoenas

The forensics of Mr. McCaughey's ISG devices and account revealed that Mr. McCaughey received emails from Summer Anderson—an executive of Stateline—with numerous MMR documents attached. Ms. Anderson emailed these documents to Mr. McCaughey on December 14, 2021, as pictured below:

---

[2] (*See* Doc. 101.)

3

#101946474v3

```
From:           Summer Anderson [SAnderson@statelinepartnersllc.com]
on behalf of    Summer Anderson
Sent:           12/14/2021 8:20:19 AM
To:             Laiton McCaughey <lmccaughey@isg.work>
Attachments:    QF15-17i PA-GA Inspection Example (ID 5139326).pdf; QF15-17t PA-GA Test Example (ID 5139327).pdf; QF60-01
                Access Controls Installation Checklist Example (ID 681485).pdf; QF60-02 Wireless Installation Checklist Example (ID
                681576).pdf; QF60-03 Networking Installation Checklist Example (ID 681577).pdf; QF60-04 R1 Security Camera
                Installation Checklist Example (ID 683645).pdf; QF60-05it Fiber Optic Cable Example (ID 5139253).pdf; QF60-06
                Video Management Server Checklist Example (ID 683646).pdf; QF60-08 Fiber Optic Cable -Air Blown- Installation
                Checklist Example (ID 4337873).pdf; QF63-01 Access Controls PM Checklist Example (ID 1187417).pdf; QF63-04
                Security Camera PM Checklist Example (ID 1187427).pdf
```

**Summer Anderson**
Stateline Partners | Account Manager
sanderson@statelinepartnersllc.com
225.405.7005 (c)
www.statelinepartnersllc.com

```
From:           Summer Anderson [SAnderson@statelinepartnersllc.com]
on behalf of    Summer Anderson
Sent:           12/14/2021 8:21:59 AM
To:             Laiton McCaughey <lmccaughey@isg.work>
Attachments:    Direct Burial Cable ITP (ID 5182334).xls; Fiber Optic Cable Installation & Terminations ITP (ID 5182336).xls; Low
                Voltage Wire Installation & Terminations ITP (ID 5182323).xls; Method Statement - Direct Burial (ID 5182302).docx;
                Method Statement - LV Wire Install & Term (ID 5182286).docx
```

**Summer Anderson**
Stateline Partners | Account Manager
sanderson@statelinepartnersllc.com
225.405.7005 (c)
www.statelinepartnersllc.com

Critically, Stateline has *never* been a vendor of MMR or done business with MMR, and Ms. Anderson has *never* been an employee of MMR. There is simply no valid reason for Stateline or Ms. Anderson to have MMR documents to share with ISG.

4

#101946474v3

Accordingly, third-party discovery is necessary to learn how MMR's documents reside within Stateline's/Ms. Anderson's email computing network. The Subpoenas are targeted to uncover those facts. They contain four document requests, tailored to discovering *what* MMR documents they possess, *how* they came into possession of the MMR documents, *whom* those documents were exchanged with, and *why* they had the MMR documents. (*See* Exhibit 1, Stateline Subpoena; Exhibit 2, Anderson Subpoena.[3])

### 3. *Stateline/Ms. Anderson Fail to Respond*

MMR served its subpoena to Stateline on or around September 15, 2023, and it requested the production of documents on or before October 6, 2023. On October 5, 2023, counsel for Stateline/Ms. Anderson contacted undersigned counsel noting that she had been retained by Stateline and Ms. Anderson to respond to the Subpoenas on their behalf and requested an extension through October 27, 2023, to produce documents.[4] Counsel for Stateline/Ms. Anderson also stated that her clients were "working [on] gathering" the responsive documents and that responses would be provided on or before then.

On October 26, 2023, a day before the extended deadline, counsel for Stateline/Ms. Anderson stated that she was "in the process of compiling the information responsive to the subpoenas" and requested a copy of the protective order in the case. MMR's counsel provided a

---

[3] Counsel for Stateline/Ms. Anderson confirmed that she accepted service of the Subpoena to Ms. Anderson on Ms. Anderson's behalf.

[4] MMR is attaching a true and correct copy of an email thread with counsel for Stateline/Ms. Anderson that captures communications concerning the Subpoenas. (*See* **Exhibit 3**, Email thread between counsel for MMR and counsel for Stateline/Ms. Anderson.)

5

copy of the protective order the same day, which, pursuant to its terms, permits Stateline and/or Ms. Anderson to label documents "confidential" or "attorneys' eyes only."

On November 10, 2023, MMR's counsel emailed counsel for Stateline/Ms. Anderson, stating: "We still haven't received the production/response." Five days later, on November 15, 2023, MMR's counsel followed up again, stating: "Have you all sent the production?" A timeline of subsequent communications is detailed below:

- *November 30, 2023*:  MMR's counsel emails counsel for Stateline/Ms. Anderson stating: "Do you all have an update? I'd prefer to not get into motion practice."

- *December 6, 2023*:  MMR's counsel emails counsel for Stateline/Ms. Anderson stating, "You've gone silent on us. Are you free tomorrow for a meet and confer? It seems like we're headed to a motion to compel at this point, but I'd like to avoid that if possible."

- *December 6, 2023*:  Counsel for Stateline/Ms. Anderson responds, stating only: "My apologies. We need to discuss the necessity of an expert with the clients. I should have an update for you ASAP."

- *December 6, 2023*:  MMR's counsel responded indicating that MMR did not understand the need for an expert to respond to third-party subpoenas under the circumstances.

- *January 4, 2024, 9:48 a.m.*:  MMR's counsel contacted counsel for Stateline/Ms. Anderson, stating: "Please let us know your availability today at 4:00 p.m. or tomorrow at 11:00 a.m. for a meet and confer on this. On 10/26 you indicated you were gathering information and asked for a copy of the protective order, which we provided. Then on 12/6 you indicated your need, without explanation, of an expert. We plan to file a motion for contempt next week."

- *January 4, 2024, at 3:40 p.m.*:  MMR's counsel contacted Stateline and Ms. Anderson's counsel stating, "I didn't hear back from you re: my email this morning. I'm assuming 4:00 p.m. today (in 20 minutes at this point) is not going to work, and I am now booked for tomorrow at 11:00 a.m. CST. Please let me know any times you are

6

- available tomorrow after 12:30 p.m. CST. If you're not available tomorrow, please give us times on Monday. Like I said, we are aiming to get a motion for contempt on file early next week if we cannot reach an agreement, and, given the time that has already passed, we cannot further delay."

- *January 5, 2024*:  Counsel for Stateline/Ms. Anderson responded and agreed to have a meet-and-confer on January 8, 2024. MMR's counsel asked, in advance of the call, for an update on when Stateline/Ms. Anderson would produce documents. This meet-and-confer was delayed because inclement weather caused school closures. MMR never received a response about when it could expect to receive documents.

On January 9, 2024, MMR's counsel and counsel for Stateline/Ms. Anderson had a meet-and-confer to discuss the failure to respond to the Subpoenas. During the call, counsel for Stateline/Ms. Anderson indicated that she was in possession of at least some documents that are responsive to the Subpoenas but did not produce those documents. Further, counsel for Stateline/Ms. Anderson refused to provide a date certain for when MMR would receive responses to the Subpoenas, and now—*seventeen* days later—MMR still has not received a single document or any update about when a production will be made.

### 4. *Legal basis for requested relief*

The Court should hold Stateline and Ms. Anderson in civil contempt for their failure to comply with the Subpoenas. Federal courts possess the inherent authority to enforce their own orders (including subpoenas) through contempt sanctions. *See Wafenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (affirming civil contempt award, which included attorney's fees, for violating the court's order); *see generally* 11A Wright, Miller, Kane & Marcus, Federal Practice

7

and Procedure § 2960 (2010) ("A court's ability to punish contempt is thought to be an inherent and integral element of its power and has deep historical roots.").

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *LeBlanc v. Trans Union, LLC*, Nos. 98-2081, 97-0971, 2007 U.S. Dist. LEXIS 91929, at *10 (E.D. La. Dec. 11, 2007). To demonstrate entitlement to an order of contempt, "the party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). And, as courts within this circuit have noted, a finding of contempt is proper when a third-party served with a subpoena simply refuses to respond. *See, e.g.*, *Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 U.S. Dist. LEXIS 194655, at *2-3 (E.D. La. Nov. 27, 2017)(noting that a third-party's choosing to ignore a subpoena is the "worst option, ***almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived***") (emphasis added); *Thomas v. Randall Chambers God's Way Trucking, LLC*, No. 18-4373, 2019 U.S. Dist. LEXIS 231241, at *19 (E.D. La. May 15, 2019) (granting motion for contempt as to party because "the failure to respond at all to the second subpoena warrants a finding of contempt").

Here, MMR has shown: (1) court orders (the Subpoenas) were in effect; (2) the orders required certain conduct by Stateline/Ms. Anderson, namely the production of the requested documents; and (3) Stateline/Ms. Anderson failed to comply with the orders. Thus, MMR is entitled to an order of contempt. "Sanctions for civil contempt are meant to be 'wholly remedial'

and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987). Civil contempt can serve two different purposes, both of which apply here. "On one hand, civil contempt is used to enforce, through coerciveness, compliance with a court's order. On the other hand, civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct." *Id.* at 400. In this instance, contempt would serve these dual aims by (1) compelling Stateline and Ms. Anderson to comply with this Court's orders; and (2) compensating MMR for the resources it was forced to expend to enforce the Subpoenas.

*   *   *   *

Given Stateline's/Ms. Anderson's complete and continued disregard of the Subpoenas, the Court should enter an order that: (1) finds Stateline/Ms. Anderson have waived all objections to the Subpoenas; (2) requires Stateline/Ms. Anderson to comply with the Subpoenas, at their own cost, within seven days of the entry of the order; (3) requires Stateline/Ms. Anderson to pay MMR's reasonable attorneys' fees in bringing this contempt motion; and (4) orders any other relief that the Court deems appropriate.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE  (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A. CULOTTA (La. Bar No. 35731)
CONNOR H. FIELDS (La. Bar No. 39880)
**JONES WALKER, LLP**
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100

>Telephone:  (504) 582-8000
>Facsimile:  (504) 589-8230
>Email:  pkee@joneswalker.com
>***Counsel for MMR Constructors, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for Stateline Partners, LLC, and Summer Anderson by email and U.S. Mail on January 26, 2024.

>*/s/ P.J. Kee*
>P.J. Kee

10

#101946474v3