UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, ET Al., | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | : | |

**MOTION FOR CONTEMPT OF PRELIMINARY INJUNCTION**

Plaintiff, MMR Constructors, Inc. ("MMR"), respectfully files this *Motion for Contempt of Preliminary Injunction*, asking the Court to hold Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"), in contempt for violating the Preliminary Injunction (R. Doc. 23).[1]

MMR has recently uncovered clear and convincing evidence that ISG was using its trade secret and confidential information before the Court issued the Preliminary Injunction and continues to do so today. ISG has used MMR's information to obtain business with impunity, blatantly ignoring the clear requirements of the Preliminary Injunction. For the reasons fully detailed in the supporting memorandum and exhibits, the Court should craft sanctions that will need to be commensurately drastic in order to coerce ISG into compliance with the Preliminary Injunction and remediate the financial harm caused to MMR by ISG's continued lack of compliance.

---

[1] Along with this Motion, MMR is filing two motions for leave: (i) a motion to exceed the page limitation with respect to the memorandum in support of this Motion, and (ii) a motion to file under seal an unredacted copy of the memorandum in support, along with certain exhibits in native format.

1

Specifically, MMR requests the Court enter an Order with the following sanctions:

- Requiring ISG to immediately cease using all replicas of MMR's protected information, including its estimating tools, job analysis program, all databases created by Mr. Huffman, all reporting tools created by Mr. Huffman, and all other documents and files that are, in any way, based on or incorporate MMR's information;

- Requiring ISG to obtain, and provide the Court and MMR with, signed acknowledgments from each of their employees that they have received a copy of the Preliminary Injunction and understand that they cannot use any MMR information or any derivative or replicas based on MMR information;

- Requiring ISG to submit to a Remediation Protocol for identifying and then cleansing ISG's systems, devices, and accounts of MMR's information and all derivatives that information;

- Appointing a Special Master to oversee the Remediation Protocol, at ISG's expense;

- Requiring ISG to assist the court-appointed Special Master in filing a compliance report that indicates the Remediation Protocol is complete;

- Prohibiting ISG from being able to bid on any future projects until the Special Master certifies to the Court that Remediation Protocol is complete and there is no evidence of MMR information on ISG's systems, devices, and accounts;

- Requiring bi-monthly monitoring for a period of two years, following the conclusion of the Remediation protocol;

- Requiring ISG to grant, following the completion of the Remediation Protocol, the Special Master periodic access to its computing systems, devices, and accounts on a bi-monthly basis, for a period of two years, in order to ensure that there are no further instances of MMR information being used or stored on ISG's systems, devices, and accounts

- Requiring ISG to file into the record, for a period of two years following the completion of the Remediation Protocol, a bi-monthly compliance report that certifies the efforts to comply with the Preliminary Injunction and Contempt Order, which shall attach signed acknowledgements from any new ISG employees;

#102127794v1

- Requiring ISG to pay for the fees and costs associated with the remediation, as well as all fees and costs incurred by MMR to uncover ISG's contempt;

- Disgorging all profits ISG made from its contemptuous conduct; and

- Entering all other sanctions and relief the Court deems necessary to ensure compliance with the injunction and to compensate MMR for the damage associated with ISG's continued contempt.

While MMR maintains that a contempt order may follow from this briefing and supporting evidence alone, MMR is prepared to present additional evidence and testimony during an evidentiary hearing at the Court's earliest convenience. Setting an evidentiary hearing, moreover, may be the best course of action, as a full presentation of the numerous instances of contempt will greatly assist the Court in crafting commensurate contempt sanctions.

WHERFORE, MMR respectfully requests the Court enter an Order holding ISG in civil contempt of the Preliminary Injunction and crafting appropriate sanctions to coerce compliance and remediate the contempt.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. Kee (La. Bar No. 34860)
Thomas P. Hubert (La. Bar No. 19625)
*Michael W. Magner (La. Bar No. 01206)
Jacob J. Pritt (La. Bar No. 38872)
Michael A. Foley (La. Bar No. 35774)
Jason A. Culotta (La. Bar No. 35731)
Connor H. Fields (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8230
Facsimile:   (504) 589-8230
Email:  pkee@joneswalker.com
*Motion to Enroll Pending
***Counsel for MMR Constructors, Inc.***

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was served through the Court's pacer e-filing system on March 7, 2024.

                */s/ P.J. Kee*
                P.J. Kee

#102127794v1