## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.,** | **CIVIL ACTION NO.: 22-CV-267** |
| Plaintiff, | **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, et al.,** | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARATION OF ERIN FONACIER
### IN SUPPORT OF ISG'S MOTION TO COMPEL

Erin Fonacier, pursuant to 28 U.S.C. §1746, states under penalty of perjury that the following is true and correct:

1. My name is Erin Fonacier. I am an attorney for Defendants, JB Group of LA, LLC, d/b/a Infrastructure Solutions Group, Jason Yates, Travis Dardenne, David Heroman and Michael Lowe (collectively "ISG") in the above-entitled case.

2. I am over the age of eighteen (18) years and am fully competent to testify herein. I have knowledge of and am familiar with facts set forth herein, and I swear that all the facts and statements contained in this Declaration are true and correct and are based on my personal knowledge.

3. I submit this declaration in support of ISG's Motion to Compel.

**History of Discovery**

4. On July 29, 2022, ISG propounded its First Set of Interrogatories and Requests for Production, to which MMR Constructors, Inc. ("MMR") responded on September 12, 2022. A true and correct copy is attached as Exhibit A.

5. On March 30, 2023, ISG provided amended interrogatories to address MMR's alleged previous concerns. Specifically, ISG noted MMR's objections to ISG's First Set of Interrogatories and provided Amended Interrogatories 5, 6, 9, 10, 13, 14, 15, 16, 17 and 18. Responses were issued by MMR on these Amended Interrogatories on May 10, 2023. A true and correct copy is attached as Exhibit B.

6. On April 20, 2023, ISG propounded a Second Set of Requests for Production to MMR, to which MMR responded on June 5, 2023. A true and correct copy is attached as Exhibit C.

7. On September 18, 2023, ISG propounded its Third Set of Requests for Production to MMR, which MMR responded on November 1, 2023, with supplemental responses on January 23, 2024. A true and correct copy is attached as Exhibit D.

8. On September 18, 2023, Jason Yates also propounded First Set of Interrogatories to MMR, to which MMR responded on November 1, 2023. A true and correct copy is attached as Exhibit E.

9. On May 2, 2024, ISG propounded its Fourth Set of Requests for Production to MMR, to which MMR responded on June 3, 2024. A true and correct copy is attached as Exhibit F.

10. On May 17, 2024, ISG propounded its Fifth Set of Requests for Production to MMR to which MMR responded on June 17, 2024. A true and correct copy is attached as Exhibit G.

11. On, May 23, 2024 ISG propounded its Sixth Set of Requests for Production to MMR, to which MMR responded on June 24, 2024. A true and correct copy is attached as Exhibit H.

### ISG's Efforts to Obtain Discovery from MMR

12. MMR has objected to every single one of ISG's discovery request with boilerplate objections that are at best meaningless and at worst obstructive. Despite the numerous attempts by ISG, detailed below, to urge MMR into taking this discovery seriously, MMR refuses to even agree to search for responsive documents. Three years into a case that MMR itself filed, these actions are evasive and well below the threshold of their responsibilities under the Federal Rules.

13. In its March 30, 2023 letter, ISG informed MMR that they had yet to provide a substantive response and complete responses to ISG's First set of Interrogatories and Requests for Production and requested same along with ISG's Amended Interrogatories. A true and correct copy is attached as Exhibit I.

14. On or about April 18, 2023, and again on May 27, 2023, the parties held two meet and confers on all outstanding discovery and other issues between the parties.

15. In two letters dated September 12, 2023, ISG reminded MMR of their previously agreed upon obligations, during the meet and confers, to provide full and complete responses to ISG's Amended Interrogatories and pointed out deficiencies in MMR's ISG's Second Set of Requests for Production. True and correct copies are attached as Exhibit J.

16. After the exchange of correspondence seeking updates from MMR on production, on or about November 17, 2023, the parties had another meet and confer relative to the outstanding discovery and other pending issues.

17. On January 23, 2024, all counsel participated in a discovery call wherein a global deposition schedule was agreed upon. Eighteen dates between February and May 2024 were set aside for any party to notice depositions which were memorialized via email correspondence. No depositions were scheduled during this time. A true and correct copy is attached as Exhibit K.

18. Most recently, after propounding new discovery in May and early June, 2024, ISG made numerous attempts to notify MMR of their deficient discovery responses and give them the opportunity to remedy them.

19. For example, in an e-mail dated August 1, 2024, counsel for ISG reiterated the need for a resolution on document issues before depositions of MMR officers and employees were to be taken. MMR counsel neglected to provide a response on that point, only commenting as to their stance on the depositions that MMR wanted to take. A true and correct copy is attached as Exhibit L.

20. On August 19, 2024, ISG and MMR conducted a zoom call to discuss impending pleadings between the parties, depositions, and outstanding discovery.

21. Despite assurances that supplemental discovery was forthcoming, MMR failed to provide meaningful responses to the ever-growing list of discovery requests that remain substantially unanswered.

22. This lack of response led ISG to send a follow up letter on August 20, 2024, detailing and reminding MMR of certain deficiencies in their responses and objections to the discovery demands requested in this Motion to Compel. A true and correct copy is attached as Exhibit M. As described in specific detail in the deficiency letter, MMR's discovery responses contained incomplete, non-responsive, or evasive answers.

23. Following the August 20, 2024 letter from ISG, counsel made multiple attempts to contact MMR's counsel and confer about the discovery issues that were present in the case and to receive the essential documentation ISG needed that were necessary to conduct depositions of MMR personnel. A true and correct copy is attached as Exhibit N in globo.

24. Finally, counsel for ISG e-mailed MMR's counsel on October 15, 2024 following up about discovery responses referenced in the August 20, 2024 letter from ISG that remained unanswered, and also inquired about the bates number status of the documents produced and bifurcation which was previously discussed between the parties. That same day MMR's counsel expressed, "Will be able to get back to you after opposing your motion next week." A true and correct copy is attached as Exhibit O.

25. Weeks later on November 4th, 2024 a response was given via email by MMR's counsel to ISG's counsel stating, "We will produce documents that we said we will supplement but are standing on objections and previous discovery agreements we made with the ISG team." Despite such statement on November 4, 2024 there has been no production of documents.

26. On November 26, 2024, counsel for both parties participated in another meet and confer wherein MMR indicated that it would not be making further production without guidance from the Court.

I declare under penalty of perjury that these statements are true and correct.

Executed on December 9, 2024.

_____
Erin Ponacier