UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.,** | : | **CIV. NO. 22-267** |
| Plaintiff, | : | |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN.** | : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| Defendants. | | |

### RESPONSES TO ISG'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MMR CONSTRUCTORS, INC

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's First Set of Requests for Production of Documents, respectfully submits the following:

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all expert reports and/or a copy of the Document(s) containing the facts known and the opinions held by any expert who (i) will be called to testify and/or (ii) may be called to testify.

**RESPONSE TO REQUEST NO. 1:**

MMR objects to this request as premature and seeking information protected by the work product doctrine. MMR will comply with the Court's Scheduling Order regarding the disclosure of experts and the produce of expert reports.

#100606851v1

1

**EXHIBIT A**

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, reports, and/or writings prepared by any expert, authority or consultant employed by You to evaluate, compute, and/or analyze Your allegations in the Lawsuit or any portion thereof.

**RESPONSE TO REQUEST NO. 2:**

MMR objects to this request as premature and seeking information protected by the work product doctrine. MMR will comply with the Court's Scheduling Order regarding the disclosure of experts and the production of expert reports.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents which analyze, calculate, relate to, and/or discuss Your allegations in the Lawsuit or any portion thereof.

**RESPONSE TO REQUEST NO. 3:**

MMR objects to this request to the extent it seeks documents protected by attorney-client privilege and/or work product doctrine. Further, MMR objects to this expansive request, not limited by time or by particular subject matters, as overbroad and not proportional to the needs of the case, as it would result in a significant burden and expense in ESI searches for documents that may have little or no relevance to the claims at issue.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Correspondence, which substantiate or relate in any way to any and all Your allegations in the Lawsuit or any portions thereof.

**RESPONSE TO REQUEST NO. 4:**

MMR objects to this request to the extent it seeks documents protected by attorney-client privilege and/or work product doctrine. Further, MMR objects to this expansive request, not

limited by time or by particular subject matters, as overbroad and not proportional to the needs of the case, as it would result in a significant burden and expense in ESI searches for documents that may have little or no relevance to the claims at issue.

**REQUEST FOR PRODUCTION NO. 5:**

Each and every document and demonstrative exhibit:

1. Which You may introduce at any hearing in this matter; and

2. Which You may introduce at the trial of this matter.

**RESPONSE TO REQUEST NO. 5:**

MMR objects to this request as premature and seeking information protected by the work product doctrine. MMR will comply with the Court's Scheduling Order regarding trial exhibits and any order relating to the disclosure of exhibits for a hearing.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements, contracts, invoices, correspondence, reports, logs, photographs, inspections, evaluations, and/or any other Documents related to and/or prepared by any consultants or other third parties that MMR has retained with regard to the Lawsuit.

**RESPONSE TO REQUEST NO. 6:**

MMR objects to this request as seeking information protected by the work product doctrine to the extent it seek documents exchanged with a consulting expert. Subject to and without waiving these objections, MMR refers to the forensic reports produced by LCG in accordance with the Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 7:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to Your allegation that David Heroman transferred, used or accessed any MMR folder and/or MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 7:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol. Subject to and without waiving these objections, MMR refers to the Trend Micro Report and forensic reports produced by LCG, *see* MMR-1673, MMR-1675.

**REQUEST FOR PRODUCTION NO. 8:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Kasey Kraft transferred, used or accessed any MMR folder and/or MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 8:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol. Subject to and without waiving these objections, MMR refers to the Trend Micro Report and forensic reports produced by LCG, *see* MMR-1674, MMR-1676.

**REQUEST FOR PRODUCTION NO. 9:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that David Heroman intentionally removed confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 9:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol. Subject to and without waiving these objections, MMR refers to the Trend Micro Report and forensic reports produced by LCG, *see* MMR-01673, MMR-1675.

**REQUEST FOR PRODUCTION NO. 10:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Kasey Kraft intentionally removed confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 10:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol. Subject to and without waiving these objections, MMR refers to the Trend Micro Report and forensic reports produced by LCG, *see* MMR-1674, MMR-1676.

**REQUEST FOR PRODUCTION NO. 11:**

Produce a copy of all "confidential business information" and/or "trade secrets" of MMR you contend ISG copied, downloaded, otherwise obtained, used or disclosed.

**RESPONSE TO REQUEST NO. 11:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol that will show the information that ISG improperly received. Once MMR receives the required reports, it will be able to identify the documents it considers protected, as the Forensic Protocol requires.

**REQUEST FOR PRODUCTION NO. 12:**

Produce a copy of all "confidential business information" and/or "trade secrets" of MMR you contend any other Defendant copied, downloaded, otherwise obtained, used, or disclosed.

**RESPONSE TO REQUEST NO. 12:**

MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol. Once MMR receives the required reports, it will be able to identify the documents it considers protected, as the Forensic Protocol requires. Subject to and without waiving these objections, MMR will produce the responsive documents from the Trend Micro Reports.

**REQUEST FOR PRODUCTION NO. 13:**

Produce the Documents and Communications that John Clouatre exchanged with MMR employees that relate to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 13:**

MMR objects to this request to the extent it seeks documents protected by attorney-client privilege and/or work product doctrine. Further, MMR objects to this request as overbroad in not seeking specified allegations. Subject to and without waiving these objections, any communications that Mr. Clouatre would have exchanged with MMR employees would have been with counsel or at the direction of counsel in anticipation of, or to further, this litigation. However, MMR will conduct a search to determine whether there are relevant communications not protected by a privilege.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the Documents and Communications that James B. "Pepper" Rutland exchanged with MMR employees that relate to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 14:**

MMR objects to this request to the extent it seeks documents protected by attorney-client privilege and/or work product doctrine. Further, MMR objects to this request as overbroad in not seeking specified allegations. Subject to and without waiving these objections, any communications that Mr. Rutland would have exchanged with MMR employees would have been with counsel or at the direction of counsel in anticipation of, or to further, this litigation. However, MMR will conduct a search to determine whether there are relevant communications not protected by a privilege.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce a copy of correspondence between MMR and Industrial Specialty Contractors ("ISC") regarding any allegations of trade secret theft, unfair trade practice violations, or other unauthorized use of ISC's confidential business information.

**RESPONSE TO REQUEST NO. 15:**

MMR objects to this request as being irrelevant and seeking correspondence that would have no probative value to the claims in this case. Subject to and without waiving these objections, MMR is unaware of ISC acccussing MMR of trade secret theft or unfair trade practice violations.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the Documents and Communications that you have exchanged with MMR customers and vendors related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 16:**

MMR objects to this request as not proportional to the needs of the case. MMR has thousands of employees, and the request is not limited by specific customers, vendors, or employees, such that MMR could conduct a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Provide a complete copy of David Heroman's personnel records with MMR, including but not limited to: employment records, employment applications, all pay records and/or receipts, health reports, accident reports, safety reports, safety records, discharge and/or termination record and/or reports, supervisor reports and evaluations, promotion reports, insurance records, income tax and/or wage statements, and personnel records.

**RESPONSE TO REQUEST NO. 17:**

MMR objects to this request to the extent that the full list of categories of "personnel records" are relevant to this case. Further, MMR has previously produced the relevant personnel records for both Heroman and Kraft, *see* MMR-1–MMR-000157.

**REQUEST FOR PRODUCTION NO. 18:**

Provide a complete copy of Kasey Kraft's personnel records with MMR, including but not limited to: employment records, employment applications, all pay records and/or receipts, health reports, accident reports, safety reports, safety records, discharge and/or termination record and/or reports, supervisor reports and evaluations, promotion reports, insurance records, income tax and/or wage statements, and personnel records.

**RESPONSE TO REQUEST NO. 18:**

MMR objects to this request to the extent that the full list of categories of "personnel records" are relevant to this case. Further, MMR has previously produced the relevant personnel records for both Heroman and Kraft, *see* MMR-1 – MMR-000157.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide a copy of MMR's policy and procedures on trade secrets and other proprietary and confidential information in place prior to this Lawsuit.

**RESPONSE TO REQUEST NO. 19:**

MMR has previously produced the policies in place relating to the protections of its business information, which MMR employees sign and agree to comply with, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 20:**

Please provide a copy of MMR's policy and procedures in on trade secrets and other proprietary and confidential information put in place after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 20:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving this objection, MMR has previously produced the policies in place relating to the protections of its business information, which MMR employees sign and agree to comply with, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide a copy of MMR's training materials and training schedules on trade secrets and other proprietary and confidential information in place prior to this Lawsuit.

**RESPONSE TO REQUEST NO. 21:**

MMR refers ISG to the onboarding documentation setting forth the agreements and policies relating to the obligations relating to the protection of confidential business information and trade secrets. MMR will conduct a search for other training related documents that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide a copy of MMR's training materials and training schedules on trade secrets and other proprietary and confidential information put in place after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 22:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving this objection, MMR refers ISG to its response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide a copy of MMR's lists of disallowed activities related trade secrets and other proprietary and confidential information in place prior to this Lawsuit.

**RESPONSE TO REQUEST NO. 23:**

MMR has previously produced the policies in place relating to the protections of its business information, including disallowed activities, which MMR employees sign and agree to comply with, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 24:**

Please provide a copy of MMR's lists of disallowed activities related trade secrets and other proprietary and confidential information put in place after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 24:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving these objections, MMR has previously produced the policies in place relating to the protections of its business information, which MMR employees sign and agree to comply with, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 25:**

Please provide a copy of all Documents reflecting or relating to MMR's offboarding/exit policy for Departing Employees related trade secrets and other proprietary and confidential information in place prior to this Lawsuit.

**RESPONSE TO REQUEST NO. 25:**

MMR objects to this request seeking "all Documents" relating to its offboarding procedure as being not proportional to the needs of the case. Subject to and without waiving this objection, MMR refers to its Verified Complaint setting forth the procedure in place that was followed in this case.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide a copy of all Documents reflecting or relating to MMR's offboarding/exit policy for Departing Employees related trade secrets and other proprietary and confidential information put in place after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 26:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving this objection, MMR refers ISG to its response to Request No. 25.

**REQUEST FOR PRODUCTION NO. 27:**

Please provide a copy of any reports, list, or other ways in which MMR identified to its employees any confidential business information and/or trade secrets prior to this lawsuit.

**RESPONSE TO REQUEST NO. 27:**

MMR has previously produced the onboarding packages for David Heroman and Kasey Kraft that are examples of the documents that MMR employees receive, and agree to, and that lists the categories of protected business information, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 28:**

Please provide a copy of any reports, list, or other ways in which MMR identified to its employees any confidential business information and/or trade secrets after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 28:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving this objection, MMR has previously produced the onboarding packages for David Heroman and Kasey Kraft that are examples of the documents that MMR employees receive, and agree to, and that lists the categories of protected business information, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 29:**

Please provide a copy of any and all confidentiality/non-disclosure policies, return of company property policies, email/internet use policies, cellphone/device policies, and employee loyalty policies in place prior to this Lawsuit.

**RESPONSE TO REQUEST NO. 29:**

MMR has previously produced the onboarding packages for David Heroman and Kasey Kraft, which contain the requested policies, *see, e.g.*, MMR-114-116, 127-129, 134-135.

**REQUEST FOR PRODUCTION NO. 30:**

Please provide a copy of any and all confidentiality/non-disclosure policies, return of company property policies, email/internet use policies, cellphone/device policies, and employee loyalty policies put in place after initiation of this Lawsuit.

**RESPONSE TO REQUEST NO. 30:**

MMR objects to this request as seeking subsequent remedial measures that cannot be used as evidence in this case. Subject to and without waiving this objection, MMR states that it has maintained the reasonable measures it took while the individual defendants were employed by MMR and has instituted further measures, such as disabling the use of external storage devices and launching Mobile App Management.

**REQUEST FOR PRODUCTION NO. 31:**

Provide a copy of any and all reports that were generated in connection with MMR's use of Trend Micro Apex Central related to any MMR employees who resigned or were terminated in the last twelve months.

**RESPONSE TO REQUEST NO. 31:**

MMR objects to the request as not proportional to the needs of the case in that it is not related to evidence demonstrating the potential misappropriation of information. Further, MMR has produced the Trend Micro Reports that indicated the misappropriation of information.

**REQUEST FOR PRODUCTION NO. 32:**

Provide a copy of any and all reports that were generated in connection with MMR's use of Trend Micro Apex Central related to David Heroman.

**RESPONSE TO REQUEST NO. 32:**

See MMR-1673.

**REQUEST FOR PRODUCTION NO. 33:**

Provide a copy of any and all reports that were generated in connection with MMR's use of Trend Micro Apex Central related to Kasey Kraft.

**RESPONSE TO REQUEST NO. 33:**

See MMR-01674.

**REQUEST FOR PRODUCTION NO. 34:**

Provide a copy of all Documents reflecting or relating to the disclosure outside of MMR of any Greensheets.

**RESPONSE TO REQUEST NO. 34:**

MMR objects to this request as being not proportional to the needs of the case. "MMR" is defined as "all present or former directors, owners, attorneys, employees, agents, accountants, contractors, consultants, successors, assigns, or representatives," and the request contains no limitation on the custodians or otherwise contain a reasonable limitation to the MMR's inquiry. Subject to and without waiving these objections, MMR does not disclose its Greensheets outside of MMR as a matter of course, and to the extent Defendants believe otherwise or have information suggesting otherwise, MMR will conduct an inquiry and supplement this response.

**REQUEST FOR PRODUCTION NO. 35:**

Provide a copy of each Document on which you relied in drafting or referenced in the

Complaint or any motion in this Lawsuit.

**RESPONSE TO REQUEST NO. 35:**

MMR refers to the documents previously produced, the Trend Micro Reports, and the forensic reports.

**REQUEST FOR PRODUCTION NO 36:**

Provide a copy of each Document on which you relied in drafting or referenced in your responses to the First Set of Interrogatories in this Lawsuit.

**RESPONSE TO REQUEST NO. 36:**

See MMR-1 – MMR-1676.

**REQUEST FOR PRODUCTION NO. 37:**

Provide a copy of all Documents reflecting or relating to the disclosure or use of any of the "confidential information" of MMR.

**RESPONSE TO REQUEST NO. 37:**

MMR objects to this request as not proportional to the needs of the case. It is not tied to the improper disclosure or use of "confidential information" misappropriated in this case. As drafted, MMR would be required to produce all documents and communications relating to its own use of its own "confidential information." Further, MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 38:**

Provide a copy of all Documents reflecting or relating to the disclosure or use of any of the "trade secret information" of MMR.

**RESPONSE TO REQUEST NO. 38:**

MMR objects to this request as not proportional to the needs of the case. It is not tied to the improper disclosure or use of "trade secret information" misappropriated in this case. As drafted, MMR would be required to produce all documents and communications relating to its own use of its own "trade secret information." Further, MMR objects to this request as premature because the ISG Examiner has not provided the forensic reports and documents called for in the Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 39:**

For each item of "confidential information" or "trade secret information" you contend any Defendant misappropriated, provide a copy of all Documents reflecting or relating to the disclosure outside of MMR of any such information to any person at any time.

**RESPONSE TO REQUEST NO. 39:**

MMR objects to this request as not proportional to the needs of the case. ISG has not identified what custodians or employees it believes disclosed any such information, and thus, MMR would need to conduct an investigation relating to far too many employees. Further, MMR's employees are subject to agreements and policies that prohibit the disclosure of MMR's protected information.

**REQUEST FOR PRODUCTION NO. 40:**

Provide a copy of all confidentiality agreements covering the disclosure reflected or addressed in the Documents responsive to the immediately preceding Request for Production.

**RESPONSE TO REQUEST NO. 40:**

MMR has objected to the "immediately preceding Request for Production" and incorporates those same objections here.

**REQUEST FOR PRODUCTION NO. 41:**

For each category of information you contend any Defendant misappropriated, produce all Documents reflecting or relating to Your possession, use, or disclosure of such category of information from Your competitor.

**RESPONSE TO REQUEST NO. 41:**

MMR objects to this request as being not proportional to the needs of the case. There are no claims that MMR improperly possessed, used, or disclosed any documents. Further, MMR has thousands of employees, and ISG has not specified any employee who allegedly has such information such that a reasonable search could be conducted.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all Documents reflecting or relating to Your possession, use, or disclosure of ISG documents or information, including, but not limited to, to bid on any project or contract.

**RESPONSE TO REQUEST NO. 42:**

MMR objects to this request as being irrelevant and not proportional to the needs of the case, as there are no claims that MMR improperly possessed, used, or disclosed any ISG document. Further, MMR has thousands of employees, and ISG has not specified any employee who allegedly has such information such that a reasonable search could be conducted.

**REQUEST FOR PRODUCTION NO. 43:**

Provide a copy of all Documents reflecting or relating to your alleged damages.

**RESPONSE TO REQUEST NO. 43:**

MMR objects to this request as being not proportional to the needs of the case in seeking "all Documents" that relate (in any way) to the MMR's damages. Further, MMR is awaiting the

forensic reports and documents required by the Forensic Order, which is required to fully establish connections between misappropriated information and damages. Subject to and without waiving these objections, MMR will supplement this response with documents that relate to the specific damages in this case, as well as the documents that MMR's expert relies on to form his or her opinion on damages.

**REQUEST FOR PRODUCTION NO. 44:**

Provide a copy of all Documents reflecting or relating to complaints from any customers received in the last twelve months.

**RESPONSE TO REQUEST NO. 44:**

MMR objects to this request as being not proportional to the needs of the case. The request seeks "all Documents" relating to complaints from "any customer" for a year period, even though there are no claims relating to customer satisfaction. Further, "complaint" is undefined and overly vague, without any connection to the claims in this case. MMR further objects that this request is irrelevant. There are no claims that MMR provided improper services to any of its customers in this litigation.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com
**Counsel for MMR Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record for Defendants by email on September 12, 2022.

*/s/ P.J. Kee*
P.J. Kee
