UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| Plaintiff, | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN. | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | : | |

**MMR'S ANSWERS TO DEFENDANT ISG'S
AMENDED FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's ("ISG") Amended First Set of Interrogatories, respectfully submits the following:

**AMENDED INTERROGATORY NO. 5:**

Identify all persons and/or entities, outside of MMR, with whom any MMR Officer, Manager, Project Manager, Salesperson, or Estimator (or anyone else with the knowledge of any such individual) have at any time shared or divulged the information and/or Documents you identified in your response to Interrogatory No. 4.

**ANSWER TO AMENDED INTERROGATORY NO. 5:**

MMR incorporates its prior response to the original Interrogatory No. 5. This interrogatory, as amended, still requires time and expense to respond that is not proportional to the needs of the case. Forensic examinations have demonstrated that the Defendants misappropriated several thousand documents containing MMR's confidential information and trade secrets. Those documents are identified on remediation lists, as well as in response to Interrogatory Nos. 4 and 8, and these documents fall within general categories, including

#101252313v1

1

EXHIBIT B

estimating tools, financial documents, customer information, customer contact lists, customer proposals, internal procedures and safety-related documents, and customer-specific documents. The time and expense of trying to track down, without any date limitation, whether each individual file was shared with a person or entity outside of MMR far outweighs the probative value of such information.

Subject to and without waiving these objections, MMR states that its estimating tools, price build-ups, project tracking tools, and financial documents were not, to MMR's knowledge, shared with third parties and that, if any such document was ever shared with a third party, it was done within a confidential business relationship for MMR's benefit, not a third-party competitor's benefit or future use. Further, the customer proposals and customer-specific documents were, to MMR's knowledge, shared with the identified customers in the context of a confidential business relationship and expectations of privacy. These documents were shared exclusively for MMR's benefit and were not made public for the general public's consumption or use. The same is true for MMR's internal procedures and safety-related documents. In sum, if any misappropriated file was shared with a third-party in the ordinary course of MMR's business and with authorization, the legitimate business expectation would have been—and remains—that the information be used solely for the benefit of MMR's relationship with that third party.

**AMENDED INTERROGATORY NO. 6:**

Identify each instance in which the information or Documents you identified in your response to Interrogatory No. 4 was shared or divulged outside of MMR with the knowledge of any MMR Officer or MMR Manager.

**ANSWER TO AMENDED INTERROGATORY NO. 6:**

MMR incorporates its prior response to the original Interrogatory No. 6. MMR further incorporates its objections and answer to amended Interrogatory No. 5.

**AMENDED INTERROGATORY NO. 9:**

Identify all persons and/or entities, outside of MMR, with whom any MMR Officer, Manager, Project Manager, Salesperson, or Estimator (or anyone else with the knowledge of any such individual) have at any time shared or divulged the information and/or Documents you identified in your response to Interrogatory No. 8.

**ANSWER TO AMENDED INTERROGATORY NO. 9:**

MMR incorporates its prior objections and response to the original Interrogatory No. 9, and further incorporates and refers ISG to its objections and answer to amended Interrogatory No. 5.

**AMENDED INTERROGATORY NO. 10:**

Identify each instance in which the information or Documents you identified in your response to Interrogatory No. 8 was shared or divulged outside of MMR with the knowledge of any MMR Officer or MMR Manager.

**ANSWER TO AMENDED INTERROGATORY NO. 10:**

MMR incorporates its prior objections and response to the original Interrogatory No. 10, and further incorporates and refers ISG to its objections and answer to amended Interrogatory No. 5.

**AMENDED INTERROGATORY NO. 13:**

Identify and Describe each instance in which MMR conducted any exit interview with a Departing Employee, who left anytime after 2017, in which MMR specifically reviewed any confidential business information or trade secret protection agreements signed by the employee.

**ANSWER TO AMENDED INTERROGATORY NO. 13:**

MMR incorporates its prior objections and response to the original Interrogatory No. 13. MMR further objects because the time period added to this interrogatory, as amended, is overbroad and therefore seeks irrelevant information. MMR further objects because this interrogatory, even as amended, continues to impose a burden that is not proportional to the

needs of the case, particularly considering MMR has, at this time, over 4,700 employees. MMR also objects that the phrase "exit interview" is vague and undefined.

Subject to and without waiving these objections, MMR states that the exit process for departing employees is handled on a case-by-case basis, by the departing employees' supervisor and/or manager, and varies across departments. But under circumstances where MMR learns about suspicious pre-separation computing activity or knows that an employee is leaving to join a direct competitor, MMR has reminded such departing employees about their obligation to return company property and abide by post-employment contractual obligations (even though MMR's policies require them to do so without this additional notice), including those related to confidentiality and non-disclosure of information. Under those circumstances, MMR has also sent departing employees formal letters, through counsel, and/or initiated legal proceedings to protect its rights. Some examples, in addition to the defendants here and others who left MMR to join ISG, include Tyler Freeman, Michael Buchanan, Mitchell White, and James Jarwin.

**AMENDED INTERROGATORY NO. 14:**

Identify and Describe each instance in which MMR required a Departing Employee, who left anytime after 2017, to return any MMR identification badges, entry cards, fobs, mechanical keys, and other items that identify the person as an employee of MMR and/or allow access to secured premises.

**ANSWER TO AMENDED INTERROGATORY NO. 14:**

MMR incorporates its prior objections and response to the original Interrogatory No. 14. MMR further objects because the time period added to this interrogatory, as amended, is overbroad and therefore seeks irrelevant information. MMR further objects because this interrogatory, even as amended, continues to impose a burden that is not proportional to the needs of the case, particularly considering MMR has, at this time, over 4,700 employees, which gives insight into how many employees could be at issue over nearly a six-year period.

Subject to and without waiving these objections, MMR answers that it requires all of its employees to return mechanical keys upon separation along with company credit cards, keys to company vehicles, company computers, and/or company phones. In short, company-issued property, including its trade secrets and confidential business information, must be returned at the time of separation.

**AMENDED INTERROGATORY NO. 15:**

Identify and Describe each instance in which MMR required a Departing Employee, who left anytime after 2017, to return all employer-owned computers, tablets, mobile phones, other computing and/or telecommunications devices, and/or external storage devices.

**ANSWER TO AMENDED INTERROGATORY NO. 15:**

MMR incorporates its prior response to the original Interrogatory No. 15. MMR further objects because the time frame added to this interrogatory, as amended, is overbroad and therefore seeks irrelevant information. MMR further objects because this interrogatory, as amended, continues to impose a burden that is not proportional to the needs of the case, particularly considering MMR has, at this time, over 4,700 employees, which gives insight into how many employees could be at issue over nearly a six-year period.

Subject to and without waiving these objections, MMR incorporates and refers ISG to its answer to Amended Interrogatory No. 14.

**AMENDED INTERROGATORY NO. 16:**

Identify and Describe each instance in which MMR directed a Departing Employee, who left anytime after 2017, to specifically maintain and not delete any or all information on any employer or employee-owned devices and/or to provide any passwords or passcodes necessary to access the devices.

**ANSWER TO AMENDED INTERROGATORY NO. 16:**

MMR incorporates its prior response to the original Interrogatory No. 16. MMR further objects because the period added to this interrogatory, as amended, is overbroad and therefore

seeks irrelevant information. MMR further objects because this interrogatory, even as amended, continues to impose a burden that is not proportional to the needs of the case. MMR further responds that it routinely communicates with employees about sound business ethics and the proper use of its computing systems and electronic devices (and the confidential information that resides on them). In addition, MMR relies on the confidentiality agreements and handbook policies, statutory protections, and common-law legal duties that arise in the employer-employee relationship. Further, MMR employees are required to return MMR's property upon the termination of their employment, which prohibits them from deleting MMR information from its computing devices and accounts. In addition, MMR maintains administrator rights and passwords to access MMR devices and accounts that are issued to its employees.

**AMENDED INTERROGATORY NO. 17:**

Identify and Describe each instance in which MMR required an employee, who left anytime after 2017, to return all physical records containing proprietary company information, including books, files, and other printed materials.

**ANSWER TO AMENDED INTERROGATORY NO. 17:**

MMR incorporates its prior objections and response to the original Interrogatory No. 17 and further objects because the time frame added to this interrogatory, as amended, is overbroad and therefore seeks irrelevant information. MMR further objects because this interrogatory, even as amended, continues to impose a burden that is not proportional to the needs of the case.

Subject to and without waiving these objections, MMR incorporates and refers ISG to its Amended Interrogatory Nos. 15 and 16. MMR further answers that all departing employees are required to return company-issued property at the time of their separation, including all documents and/or files that contain MMR's confidential business information and trade secrets. When MMR learns that an employee has failed to do so, MMR takes proportionate steps to ensure that its protected information is returned, including, as in this cases, initiating litigation or

#101252313v1                                     6

turning the matter over to MMR's counsel for assistance, as MMR did in this case. Other examples include Tyler Freeman, Michael Buchanan, Mitchell White, and James Jarwin.

**AMENDED INTERROGATORY NO. 18:**

Identify and Describe each instance in which MMR ensured that MMR information was deleted from any employee-owned device such as mobile phones, external hard drives, and/or other storage devices for any who left anytime after 2017.

**ANSWER TO AMENDED INTERROGATORY NO. 18:**

MMR incorporates its prior objections and response to the original Interrogatory No. 18. MMR further objects because the time period added to this interrogatory, as amended, is overbroad and therefore seeks irrelevant information. MMR further objects because this interrogatory, even as amended, continues to impose a burden that is not proportional to the needs of the case, particularly considering MMR has, at this time, over 4,700 employees, which gives insight into how many employees could be at issue over nearly a six-year period.

Subject to and without waiving these objections, MMR states that it has policies in place against misusing its protected information, which includes prohibiting the disclosure and/or use of protected information—regardless of whether it resides on a personal device on MMR-issued device—for anything other than the benefit of MMR. Former employees are required to ensure that all MMR information in their possession is returned to MMR, which includes returning any external storage devices that they have used during their employment with MMR and that contains MMR information. Further, upon an employee's departure, MMR removes access to the email accounts from employee-owed cellphones, such that those employees can no longer access the emails or data that resides in those accounts, and MMR's IT personnel monitors "active accounts" against "inactive" personnel in MMR's HR platform to ensure that departing employees' access has been timely removed.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE  (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A CULOTTA (La. Bar No. 35731)
CONNOR FIELDS (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8230
Email:  pkee@joneswalker.com
**Counsel for MMR Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record for Defendants by email on May 10, 2023.

*/s/ P.J. Kee*
P.J. Kee

#101252313v1

8