UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.,** | : | **CIV. NO. 22-267** |
| Plaintiff, | : | |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN.** | : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| Defendants. | : | |

### RESPONSES TO ISG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MMR CONSTRUCTORS, INC

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's Second Set of Requests for Production of Documents, respectfully submits the following:

**REQUEST FOR PRODUCTION NO. 1:**

Provide a copy of all Documents reflecting, concerning, or relating to communications between Matt Welborn and Jason Yates referencing, concerning, or relating to ISG (including, but not limited to, communications in or about early 2021 relating to the contract from Jefferson Parish to ISG for the Causeway Lighting Project and contract from Boone Construction to ISG for the Baton Rouge Airport Lighting Project).

**RESPONSE TO REQUEST NO. 1:**

MMR objects to this request because it is overbroad and because—apart from the parenthetical contained therein—it fails to identify the documents sought with reasonable particularity. MMR further objects to this request as requiring time and effort to respond that is not proportional to the needs of the case, particularly because Mr. Yates himself (and thus ISG) is in possession of any responsive communications. Subject to and without waiving this objection, MMR will search for communications between Mr. Yates and Mr. Welborn

EXHIBIT C

concerning ISG's involvement in the two referenced projects and will produce (if located) responsive documents on a rolling basis.

**REQUEST FOR PRODUCTION NO. 2:**

Provide a copy of all other Documents reflecting, concerning, or relating to communications between MMR and Jason Yates referencing, concerning, or relating to ISG.

**RESPONSE TO REQUEST NO. 2:**

MMR objects to this request because it is overbroad and fails to identify the documents sought with reasonable particularity. MMR further objects to this request as requiring time and effort to respond that is not proportional to the needs of the case: Mr. Yates himself (and thus ISG) is in possession of any responsive communications, and ISG fails to identify the employees at MMR — a company that has close to 5,000 employees — who may have had such communications with Mr. Yates.

MMR is withholding a search for responsive documents pending a meet and confer with ISG's counsel to discuss reasonable limitations.

**REQUEST FOR PRODUCTION NO. 3:**

Provide a copy of all Documents reflecting, concerning, or relation to communications within or involving MMR referencing, concerning, or relating to ISG prior to the commencement of this lawsuit.

**RESPONSE TO REQUEST NO. 3:**

MMR objects to this request because it is confusing as written. MMR further objects to this request because it is overbroad and because it fails to identify the documents sought with reasonable particularity, instead asking for any and all Documents ever created that and that relate to two of the parties in this lawsuit, no matter how tangential to the claims and defenses at issue. MMR further objects to this request as requiring time and effort to respond that is not proportional to the needs of the case, particularly considering MMR currently has close to 5,000

employees and searching all of their communications to determine whether they ever referenced ISG prior to the initiation of this lawsuit would be impracticable if not impossible. MMR further objects to this request to the extent it covers documents protected by the attorney-client privilege and/or work product doctrine.

MMR is withholding a search for responsive documents pending a meet and confer with ISG's counsel to discuss reasonable limitations.

**REQUEST FOR PRODUCTION NO. 4:**

Provide a copy of all Documents that originated from or were authored by Industrial Specialty Contractors (a/k/a ISC) including, but not limited to, any greensheets or overhead and top sheets.

**RESPONSE TO REQUEST NO. 4:**

MMR objects to this request because it is not proportional to the needs of the case. MMR is a company with nearly 5,000 employees, ISC is not a party to this case, and there have been no allegations relating to ISC or any document that purportedly originated from ISC. Further, ISC does not contend that MMR is improperly in possession of any document that originated from ISC. Finally, there is no time limitation on this request, which, on its face, would cover over a thirty-year period (MMR pre-dated ISC, which began its business over thirty years ago). Accordingly, this request would require MMR to expend significant resources searching for documents that (even if located) would offer no probative value to the claims and defenses in this case.

MMR is withholding a search based on these objections.

**REQUEST FOR PRODUCTION NO. 5:**

Provide a copy of all Documents referencing, concerning, or relating to National Electrical Contractors Association ("NECA") unit rates and/or NECA labor rates.

**RESPONSE TO REQUEST NO. 5:**

MMR objects to this request because it is overbroad, including in temporal scope, and because it fails to identify the documents sought with reasonable particularity and instead asks for any and all Documents that have ever mentioned NECA rates, no matter how tangential to the claims and defenses at issue in the above-captioned lawsuit. MMR further objects to this request as requiring time and effort to respond that is not proportional to the needs of the case. MMR currently has nearly 5,000 employees and has had several thousand employees since it began. The burden for MMR to search through repositories relating to thousands of potential custodians, without any date limitation, outweighs the probative value of discovering documents that reference a trade association's rates.

MMR is withholding a search based on these objections.

**REQUEST FOR PRODUCTION NO. 6:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to Your allegation that Travis Dardenne transferred, used, or accessed any MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 6:**

MMR has identified the MMR documents that have been located through the forensic inspections of the devices and accounts associated with Mr. Dardenne. MMR refers ISG to those documents, as well as the forensic reports from those devices and accounts. Further, discovery is ongoing, and MMR will supplement this response to the extent that further responsive evidence is discovered.

**REQUEST FOR PRODUCTION NO. 7:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Jason Yates transferred, used, or accessed any MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 7:**

MMR has identified the MMR documents that have been located through the forensic inspections of the devices and accounts associated with Mr. Yates. MMR refers ISG to those documents, as well as the forensic reports from those devices and accounts. Further, discovery is ongoing, and MMR will supplement this response to the extent that further responsive evidence is discovered.

**REQUEST FOR PRODUCTION NO. 8:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Michael Lowe transferred, used, or accessed any MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 8:**

MMR has identified the MMR documents that have been located through the forensic inspections of the devices and accounts associated with Mr. Lowe. MMR refers ISG to those documents, as well as the forensic reports from those devices and accounts. Further, discovery is ongoing, and MMR will supplement this response to the extent that further responsive evidence is discovered.

**REQUEST FOR PRODUCTION NO. 9:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Walter (Benjamin) Huffman transferred, used, or accessed any MMR Document related to Your allegations in the Lawsuit.

**RESPONSE TO REQUEST NO. 9:**

In the Complaint, Amended Complaint, and Second Amended Complaint, MMR did not allege that Mr. Huffman "transferred, used, or accessed any MMR Document"; however, Mr. Huffman admitted during his deposition that he had, in fact, transferred, used, and accessed

MMR documents as an ISG employee. MMR is awaiting forensic examinations of Mr. Huffman's devices and accounts, at which point MMR will likely seek leave to amend its complaint to assert allegations relating to Mr. Huffman's misappropriation of MMR documents. Pursuant to the Parties' agreed forensic protocol, MMR will identify MMR documents in Mr. Huffman's possession, custody, and control when forensics are run on his devices and accounts. Until then, this Request is premature.

**REQUEST FOR PRODUCTION NO. 10:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Travis Dardenne intentionally removed MMR confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 10:**

MMR objects to Request No. 10 as duplicative and incorporates by reference its response to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 11:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Jason Yates intentionally removed MMR confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 11:**

MMR objects to request No. 11 as duplicative and incorporates by reference its response to Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 12:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Michael Lowe intentionally removed MMR confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 12:**

MMR objects to Request No. 12 as duplicative and incorporates by reference its response to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 13:**

Provide a copy of any and all evidence, forensics, or otherwise that supports or relates to your allegation that Walter (Benjamin) Huffman intentionally removed MMR confidential business information and/or trade secrets and provided it to ISG.

**RESPONSE TO REQUEST NO. 13:**

MMR objects to Request No. 13 as duplicative and incorporates by reference its response to Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 14:**

Provide a copy of all Documents reflecting or relating to the disclosure outside of MMR of any overhead and top sheets, labor and material sheets, estimates, change logs, job analyses, contracts, change orders, s-curves, timekeeping documents, Quality Assurance/Quality Control manuals, employee handbooks, safety manuals, and/or customer proposals from the date when any of the Defendants commenced employment with MMR, through the present.

**RESPONSE TO REQUEST NO. 14:**

MMR objects to this request for the same reasons that it objected to Amended Interrogatory Nos. 5-10. This request, though, is even broader and is not specifically tied to the documents that MMR has identified as its trade secrets and confidential business information. MMR explained when the broad categories of documents included in this request would be shared (if ever) within the context of a confidential business relationship. But this request would require MMR to produce every "contract," "estimate," "customer proposal," and "change order" that it ever provided to a customer since its inception in 1991. The expense and burden to undertake such a search to locate "all" responsive documents far outweighs the

probative value associated with the documents that ISG and the other named defendants have misappropriated in this case.

MMR is withholding a search for responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 15:**

Provide a copy of the form of the following documents used by MMR (a) at the time of Jason Yates' departure from MMR, (b) at the time of David Heroman's and Kasey Kraft's departure from MMR, and (c) currently of each of the following: greensheets, overhead and top sheets, labor and material sheets, estimates, change logs, job analyses, contracts, change orders, s-curves, timekeeping documents, Quality Assurance/Quality Control manuals, employee handbooks, safety manuals, and customer proposals.

**RESPONSE TO REQUEST NO. 15:**

MMR objects to the extent that there are "forms" for each of the categories of documents listed in this request, including "estimates," "change logs," "contracts," "s-curves," "time-keeping documents, "Quality Assurance/Quality Control manuals," "safety manuals," and "customer proposals." Further, ISG is already in possession of examples from each document category listed in this request from the time period(s) that this request covers, and MMR has identified those documents in response to ISG's interrogatories. The following terms, moreover, lack specificity and are thus so vague as to be disproportional to the needs of the case: "estimates," "time-keeping documents," "contracts," and "change orders." Finally, what MMR is currently using is not relevant to this case.

Subject to and without waiving these objections, MMR refers ISG to the greensheets, overhead top sheets, job analyses, customer proposals, commercial terms, and safety-related manuals and documents that MMR identified as its protected information. Further, ISG has produced the employee handbooks that Mr. Yates, Mr. Kraft, and Mr. Heroman were subject to. If, however, ISG needs further "examples" from these categories of documents that MMR used

at the time Messrs. Yates, Kraft, and Heroman departed, MMR is willing to meet and confer about what other examples ISG believes it needs.

**REQUEST FOR PRODUCTION NO. 16:**

Provide a copy of all confidentiality agreements covering the disclosure reflected or addressed in the Documents responsive to the immediately preceding Request for Production.

**RESPONSE TO REQUEST NO. 16:**

MMR objects to this Request as not proportional to the needs of the case to the extent it requests a copy of all employee agreements (which would be thousands) that restrict the use, disclosure, and retention of MMR's business information. Subject to and without waiving this objection, MMR refers ISG to the previously produced confidentiality agreements that the individual defendants signed during their employment with MMR and that restricted the use, disclosure, and retention of the documents that ISG requests in Request for Production No. 15.

MMR is withholding documents based on this objection.

**REQUEST FOR PRODUCTION NO. 17:**

Provide a copy of each Document on which you relied in drafting or referenced in your responses to the Amended First Set of Interrogatories in this Lawsuit.

**RESPONSE TO REQUEST NO. 17:**

MMR objects to this request to the extent it seeks the disclosure of post-lawsuit communications that are protected by attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving this objection, MMR refers ISG to the documents identified in the answers to the Amended First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 18:**

Provide a copy of all Documents reflecting, concerning, or relating to any bids or projects you lost to ISG.

**RESPONSE TO REQUEST NO. 18:**

MMR refers ISG to the documents that MMR has identified as its misappropriated trade secrets and confidential business information demonstrating the use of information misappropriated from MMR. All value and profits that ISG obtained from winning bids after the use of the misappropriated information is ill-gotten and, in essence, was "lost." ISG, however, has not identified all the projects that it has "won," but based on the forensic evidence, ISG used MMR's information to win projects at, for instance, Shintech and Lubrizol. MMR refers ISG to those identified documents that demonstrate ISG used and/or is using MMR information and then won projects and work from those customers. Discovery on this issue remains ongoing, and MMR will supplement this response as it continues to discover responsive information.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A. CULOTTA (La. Bar No. 35731)
CONNOR H. FIELDS (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com
**Counsel for MMR Constructors, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on all counsel of record by email on June 5, 2023.

                                      */s/ P.J. Kee*
                                      P.J. Kee