UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.,** | : | **CIV. NO. 22-267** |
| Plaintiff, | : | |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS,** *et al*. | : | |
| | : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| Defendants. | : | |

**RESPONSES TO ISG'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO MMR CONSTRUCTORS, INC**

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's Third Set of Requests for Production of Documents, respectfully submits the following:

**REQUEST NO. 1.**

Documents reflecting, concerning, or relating to MMR's Communications with current, former, and/or prospective customers concerning or relating to ISG, this Lawsuit, and/or MMR's allegations against Defendants.

**RESPONSE TO REQUEST NO. 1:**

MMR objects to this request because it is not proportional to the needs of the case. The request does not seek any documents that tend to prove or negate an issue of fact relating to a cause of action or defense in this case. Further, MMR has thousands of employees and numerous customers (current, former, and/or prospective), and the time and effort to search numerous email accounts for communications — that may or may not reference ISG or this lawsuit (including the allegations within it) — would be exorbitant. Accordingly, the time and

**EXHIBIT D**

expense far outweigh any potential probative value of the documents requested, and this request is therefore not tailored in a proportional manner.

**REQUEST NO. 2.**

Communications between MMR, or anyone on MMR's behalf, and any competitor of MMR, including, but not limited to, ISC Constructors (or anyone on that competitor's behalf) concerning or relating to allegations that MMR, or any MMR employee, officer, or owner, possessed, used, and/or disclosed any confidential and/or trade secret information of that competitor.

**RESPONSE TO REQUEST NO. 2:**

MMR objects to this request as not proportional to the needs of this case. There is no claim that MMR has misappropriated any information; nor has there been any assertion that MMR has misappropriated any competitor's information. Additionally, as ISG is aware, MMR has never been involved in any litigation in which MMR has been accused of misappropriating a competitor's information. Further, while, nearly ten years ago, ISC Constructors sent a letter to MMR inquiring about a former employee of ISC Constructors, the companies agreed that the employee did not engage in any misappropriation of competitive data, resulting in no litigation or any further concerns or discussions.

**REQUEST NO. 3.**

Communications between or including MMR personnel concerning or relating to any allegations that MMR, or any MMR employee, officer, or owner possessed, used, and/or disclosed any confidential and/or trade secret information of a competitor (including, but not limited to, ISC Constructors). This includes, but is not limited to, Communications involving

#101665965v2    2

Pepper Rutland, Jason Templet, Vance Mitchell, Wayne Radley, John Clouatre, Mike Kee, Pepper Rutland, and/or Roddy Risponi.

**RESPONSE TO REQUEST NO. 3:**

MMR objects to this request as not proportional to the needs of this case. There is no claim that MMR has misappropriated any information; nor has there been any assertion that MMR has misappropriated any competitor's information. Additionally, as ISG is aware, MMR has never been involved in any litigation in which MMR has been accused of misappropriating a competitor's information. Further, while sometime around May 2015, ISC Constructors sent a letter to MMR inquiring about a former employee of ISC Constructors, who left ISC Constructors' employ to join MMR, the companies agreed that the employee did not engage in any misappropriation of competitive data, resulting in no litigation or any further concerns or discussions. Finally, to the extent that this request seeks communications relating to MMR's legal response to a letter concerning a former employee of ISC Constructors (which this request seems to seek, based on the listing of MMR's general counsel), those communications are privileged.

**REQUEST NO. 4.**

Documents which indicate MMR's historical win/loss record on customer bids and proposals, from 2019 forward.

**RESPONSE TO REQUEST NO. 4:**

MMR will produce information that reflects MMR's historical win/loss record on bids/proposals, as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested similar information from ISG (*see* MMR's RFP No. 59), as well as other damage-related discovery, but ISG has refused to

produce that information. Accordingly, MMR request a meet and confer to discuss the timing of damage-related productions.

**REQUEST NO. 5.**

Documents prepared by or for MMR, or used by MMR, which demonstrate, reflect, analyze, or discuss MMR's market share and/or competitive position, from 2019 forward.

**RESPONSE TO REQUEST NO. 5:**

MMR will produce information that reflects MMR's market share for the requested time period (to the extent it exists), as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested damage related discovery, but ISG has refused to produce that information. Accordingly, MMR request a meet and confer to discuss the timing of damage-related productions.

**REQUEST NO. 6.**

Documents, including, but not limited to, market research reports, prepared by or for MMR, or used by MMR, which analyze or discuss the market for MMR's Services, from 2019 forward.

**RESPONSE TO REQUEST NO. 6:**

MMR will produce information that reflects MMR's market share for the requested time period (to the extent it exists), as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested damage related discovery, but ISG has refused to produce that information. Accordingly, MMR request a meet and confer to discuss the timing of damage-related productions.

**REQUEST NO. 7.**

For each of the Subject Customers and Projects, from 2019 forward:

    a)    MMR's contracts with or for the Subject Customers and Projects;

    b)    Each of the quotes, bids, and proposals submitted by MMR for the Subject Customers and Projects;

    c)    Each of the invoices submitted by MMR with respect to the Subject Customers and Projects;

    d)    Documents which indicate MMR's win/loss record on bids and proposals for the Subject Customers and Projects;

    e)    Documents sufficient to show the monthly revenue MMR received from the Subject Customers and Projects;

    f)    Documents sufficient to show the Services MMR provided to the Subject Customers and Projects.

**RESPONSE TO REQUEST NO. 7:**

MMR objects to this request as not proportional to the needs of the case. The time period covered by this request even precedes ISG's entry into the market. Further, MMR has requested in discovery that ISG identify all projects that ISG has bid on and/or won since its inception (*see* MMR's RFP Nos. 45, 48). The evidence demonstrates that ISG has used MMR's trade secrets and/or confidential business information to obtain work. Once ISG identifies those projects, MMR will produce information relating to those projects, including whether MMR bid on the projects, its win/loss record on bids with that customer, and the revenue numbers associated with that customer. At this point, however, MMR does not and cannot know whether MMR bid on a project that was eventually awarded to ISG. What MMR can tell is that ISG has used MMR's trade secrets and confidential business information to go after work — which has generated unjust profits and unjustly increase the value of ISG.

**REQUEST NO. 8.**

For each of the Subject Customers and Projects, from April, 2021, forward:

a) Documents reflecting, concerning, or relating to any complaints MMR received and MMR's response to the complaints;

b) Documents reflecting, concerning, or relating to any customer cancelling or terminating its agreements or relationship with MMR, including, but not limited, the reasons for such cancellation or termination;

c) Documents reflecting, concerning, or relating to any customer banning MMR and/or its personnel, including, but not limited to, the reasons for such banning.

**RESPONSE TO REQUEST NO. 8:**

MMR has requested in discovery for ISG to identify all projects that ISG has bid on and/or won since its inception. The evidence demonstrates that ISG has used MMR's trade secrets and/or confidential business information to obtain work on any such projects, which makes this request not proportional to the needs of the case. Regardless of how MMR performed on a particular job for a particular customer has no bearing on the unjust profits that ISG has received from the illegal use of MMR's trade secrets and confidential business information. Further, even if MMR's performance on a particular project, for a particular customer, were relevant to the question of damages, ISG has objected to identifying the projects that it has won since its inception, and thus, MMR does not know which projects it may have lost to ISG, such that any purported complaint or issue relating to that project or customer would be even remotely relevant.

**REQUEST NO. 9.**

For the Estimating Tools MMR claims are its trade secrets allegedly misappropriated by Defendants, the Documents, at any time, that reflect, demonstrate, calculate, or record to the time expended and cost to create or develop such Estimating Tools. This may include, but is not limited to, general ledgers which reflect detailed research and development ("R&D") expenses, R&D budgets, time records by R&D (or other) employee for time and labor expended, pay records which reflect R&D (or other) employee hourly rates, and detail of non-labor and capital expenses including supporting invoices.

**RESPONSE TO REQUEST NO. 9:**

MMR notes that the phrase "Estimating Tools" is capitalized but is not defined, so MMR objects to the extent that this phrase means anything other than how MMR would understand that phrase. Subject to and without waiving this objection, MMR states that its Estimating Tools were created, developed, and refined over several years by executive-level members and employees within MMR's construction and estimating departments or with estimating responsibilities. MMR did not track the time that was invested on the estimating tools that ISG misappropriated and began to use for its own purposes. However, to the extent MMR's expert on damages develops an opinion on the value of the misappropriated estimating tools, MMR will produce the underlying documents (if any) that its expert relies upon to issue that opinion.

**REQUEST NO. 10.**

All Documents, at any time, reflecting, concerning, or relating to any valuation of, or identifying the value of, the Estimating Tools that MMR claims are its trade secrets allegedly misappropriated by Defendants.

**RESPONSE TO REQUEST NO. 10:**

MMR notes that the phrase "Estimating Tools" is capitalized but is not defined, so MMR objects to the extent that this phrase means anything other than how MMR would understand that phrase. Subject to and without waiving this objection, MMR states that, before this litigation, MMR had not sought a valuation of its estimating tools. However, to the extent MMR's expert on damages develops an opinion on the value of the misappropriated estimating tools, MMR will produce the underlying documents (if any) that its expert relies upon to issue that opinion.

**REQUEST NO. 11.**

For each additional category of MMR documents or information (other than Estimating Tools) that MMR claims constitutes its trade secrets and/or confidential business information allegedly misappropriated by Defendants, the Documents, at any time, that reflect, demonstrate, calculate, or record the time expended and cost to develop each such alleged trade secret and/or confidential business information. This may include, but is not limited to, general ledgers which reflect detailed research and development ("R&D") expenses, R&D budgets, time records by R&D (or other) employee for time and labor expended, pay records which reflect R&D (or other) employee hourly rates, and detail of non-labor and capital expenses including supporting invoices.

**RESPONSE TO REQUEST NO. 11:**

MMR did not individually track the time or cost associated with the creation of the individual trade secrets and confidential business information that fall within these other categories of information that ISG misappropriated from MMR. However, to the extent MMR's expert on damages develops an opinion on the value of certain documents that fall within these other categories, MMR will produce the underlying documents that its expert relies upon (if any) to issue that opinion.

**REQUEST NO. 12.**

All Documents, at any time, reflecting, concerning, or relating to any valuation of, or identifying the value of, the additional categories of documents or information (other than Estimating Tools) that MMR claims constitutes its trade secrets and/or confidential business information allegedly misappropriated by Defendants.

**RESPONSE TO REQUEST NO. 12:**

MMR states that, before this litigation, MMR had not sought a valuation of the misappropriated trade secrets and confidential business information that fall within categories other than estimating tools. However, to the extent MMR's expert on damages develops an opinion on the value of the misappropriated information that falls within the categories of misappropriated documents other than estimating tools, MMR will produce the underlying documents that its expert relies upon (if any) to issue that opinion.

**REQUEST NO. 13.**

For 2019 forward, MMR's project level profit and loss statements for Services, including sales revenue by service, cost of goods sold, gross profit, detailed selling, general,

and administrative (SG&A) expenses, and operating and net profits, on a monthly, quarterly, and annual basis.

**RESPONSE TO REQUEST NO. 13:**

MMR objects to this request in that the phrase "project level profit and loss statements" is vague and undefined. MMR further objects to producing profit and loss statements for each location or business unit within MMR. Subject to and without waiving these objections, MMR will produce profit and loss statements for the relevant locations and business units at issue here, as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested similar information from ISG (*see* MMR RFP Nos. 60-61), but ISG has refused to produce that information. Accordingly, MMR request a meet and confer to discuss the timing of the damage-related productions.

**REQUEST NO. 14.**

For 2019 forward, MMR's consolidated annual audited, reviewed, or compiled financial statements (*i.e.,* balance sheets, income statement, and statements of cash flows), including all footnotes.

**RESPONSE TO REQUEST NO. 14:**

MMR notes that ISG misappropriated and still has MMR's financials from 2018, 2019, and 2020. MMR will produce its financial statements, as MMR's expert on damages has indicated that this information will be relied upon to issue his opinion. However, MMR has requested similar information from ISG (*see* MMR RFP Nos. 60, 62-63), but ISG has refused to produce that information. Accordingly, MMR request a meet and confer to discuss the timing of the damage-related productions.

**REQUEST NO. 15.**

MMR's customer list, for 2019 forward.

**RESPONSE TO REQUEST NO. 15:**

MMR objects to the scope of this request to the extent it seeks information relating to customers within locations that are not relevant to this case. Subject to and without waiving this objection, MMR will produce a customer list tailored to the relevant locations, as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested damage-related information from ISG, but ISG has refused to produce that information. Accordingly, MMR request a meet and confer to discuss the timing of the damage-related productions.

**REQUEST NO. 16.**

MMR's revenue, by customer, and by Services, monthly, from 2019 forward.

**RESPONSE TO REQUEST NO. 16:**

MMR objects to the scope of this request to the extent it seeks information relating to revenue generated from locations and customers that are not at issue in this case. Subject to and without waiving this objection, MMR will produce revenue information tailored to the relevant locations, as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested similar information from ISG (MMR RFP No. 46), which ISG has refused to produce. Accordingly, MMR requests a meet and confer to discuss the timing of the damage-related productions.

**REQUEST NO. 17.**

MMR's budgets, projections, and proformas for Services, from 2019 forward.

**RESPONSE TO REQUEST NO. 17:**

MMR objects to the scope of this request to the extent it seeks information relating to revenue generated from locations and customers that are not at issue in this case. Further, MMR objects to the productions of pro formas as not proportional to the needs of the case, given their having little to no relevance to a calculation of damages. Subject to and without waiving this objection, MMR will produce budgets and projections tailored to the relevant locations, as MMR's expert on damages has indicated that this information will likely be relied upon to issue his opinion. However, MMR has requested similar information from ISG (*see* MMR RFP Nos. 50-53), which ISG has refused to produce. Accordingly, MMR requests a meet and confer to discuss the timing of the damage-related productions.

**REQUEST NO. 18.**

MMR customer invoices for Services, from 2019 forward.

**RESPONSE TO REQUEST NO. 18:**

MMR objects to this request as not proportional to the needs of the case. The relevant information relating to revenue reflected in the requested invoices will be produced in response to the requests that seek such information.

**REQUEST NO. 19.**

Documents, from 2019 forward, demonstrating, reflecting, concerning, or related to the valuation of MMR's customer relationships.

**RESPONSE TO REQUEST NO. 19:**

MMR has not conducted a valuation of MMR's customer relationships before this litigation.

**REQUEST NO. 20.**

Documents reflecting, demonstrating, concerning, or relating to MMR's business strategy concerning or relating to ISG.

**RESPONSE TO REQUEST NO. 20:**

MMR is not aware of any documents reflecting a business strategy concerning ISG.

**REQUEST NO. 21.**

Documents reflecting, demonstrating, concerning, or relating to MMR's competitive position versus ISG.

**RESPONSE TO REQUEST NO. 21:**

MMR is not aware of any documents reflecting MMR's competitive position versus ISG.

**REQUEST NO. 22.**

All Documents demonstrating, concerning, or relating to Defendants' alleged interference with MMR's contracts and/or business relationships with the Subject Customers and Projects.

**RESPONSE TO REQUEST NO. 22:**

MMR objects to this request as duplicative of its previous requests. Further, MMR objects that this request is not proportional to the needs of the case in seeking "all Documents" relating to the interference with MMR's customers and business relationships. Subject to and without waiving these objections, MMR has identified the trade secrets and confidential business information that ISG has misappropriated and used in a way that has adversely affected and impacted MMR's goodwill with its customers and will continue to identify those documents until the discovery is complete.

**REQUEST NO. 23.**

All Documents demonstrating, concerning, or relating to MMR's alleged damages and/or harm caused by Defendants in connection with the Subject Customers and Projects.

**RESPONSE TO REQUEST NO. 23:**

MMR objects to this request as duplicative of its previous requests. Further, MMR objects that this request is not proportional to the needs of the case in seeking "all Documents" relating to damages. Subject to and without waiving these objections, MMR refers ISG to the responses relating to the damage-related discovery, and requests a meet and confer to discuss the timing of damage-related discovery from both parties.

**REQUEST NO. 24.**

All Documents demonstrating, concerning, or relating to MMR's alleged damages and/or harm caused by Defendants, other than in connection with the Subject Customers and Projects.

**RESPONSE TO REQUEST NO. 24:**

MMR objects to this request as duplicative of its previous requests. Further, MMR objects that this request is not proportional to the needs of the case in seeking "all Documents" relating to damages. Subject to and without waiving these objections, MMR refers ISG to the responses relating to the damage-related discovery, and requests a meet and confer to discuss the timing of damage-related discovery from both parties.

**REQUEST NO. 25.**

All other Documents provided to or considered by MMR's damages expert.

**RESPONSE TO REQUEST NO. 25:**

None at this time, but MMR will produce the Documents that MMR's damages expert relies upon to issue his opinion and objects to producing any documents beyond that scope.

**REQUEST NO. 26.**

All Documents provided to or considered by MMR's liability expert, to the extent not provided as part of the Forensic Protocol.

**RESPONSE TO REQUEST NO. 26:**

None at this time, but MMR will produce the Documents that MMR's liability expert relies upon to issue his opinion (to the extent one is issued) and objects to producing any documents beyond that scope.

Respectfully submitted:

/s/ P.J. Kee
P.J. KEE  (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A. CULOTTA (La. Bar No. 35731)
CONNOR H. FIELDS (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8230
Email:  pkee@joneswalker.com
***Counsel for MMR Constructors, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record by email on November 1, 2023.

/s/ P.J. Kee
P.J. Kee

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.,** | : | **CIV. NO. 22-267** |
| | : | |
| Plaintiff, | : | |
| | : | |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| | : | |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP and DAVID HEROMAN.** | : : : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| | : | |
| Defendants. | | |

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3 WITHIN
ISG'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), and supplements its response to Request for Production No. 3 within Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's Third Set of Requests for Production of Documents as follows:

**REQUEST NO. 3.**

Communications between or including MMR personnel concerning or relating to any allegations that MMR, or any MMR employee, officer, or owner possessed, used, and/or disclosed any confidential and/or trade secret information of a competitor (including, but not limited to, ISC Constructors). This includes, but is not limited to, Communications involving Pepper Rutland, Jason Templet, Vance Mitchell, Wayne Radley, John Clouatre, Mike Kee, Pepper Rutland, and/or Roddy Risponi.

**RESPONSE TO REQUEST NO. 3:**

MMR objects to this request as not proportional to the needs of this case. There is no claim that MMR has misappropriated any information; nor has there been any assertion that MMR has misappropriated any competitor's information. Additionally, as ISG is aware, MMR

#102018729v2                             1

has never been involved in any litigation in which MMR has been accused of misappropriating a competitor's information. Further, while, nearly ten years ago, ISC Constructors sent a letter to MMR inquiring about a former employee of ISC Constructors, the companies agreed that the employee did not engage in any misappropriation of competitive data, resulting in no litigation or any further concerns or discussions. Finally, to the extent that this request seeks communications relating to MMR's legal response to a letter concerning a former employee of ISC Constructors (which this request seems to seek, based on the listing of MMR's general counsel), those communications are privileged.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the foregoing objections, MMR supplements its response to produce the close out letter that was sent on behalf of ISC Constructors on May 29, 2015. *See* MMR-01677-01679. As this letter makes clear, ISC Constructors confirmed that MMR had taken ISC Constructors' concerns seriously and demonstrated that there was no evidence that ISC Constructors' former employee had possession of, disclosed, or was using its business information. The letter, moreover, demonstrates how a competitor should handle concerns about business information and stands in stark contrast to ISG's misappropriation of MMR's business information. Further, the produced letter demonstrates that Request No. 3 does not seek relevant information (given that, nearly 10 years ago, ISC Constructors was satisfied that there was no possession, use, or disclosure of its information) and any further discovery into this nearly-decade old conversation is a fishing expedition that is not proportional to the needs of the case.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE  (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A. CULOTTA (La. Bar No. 35731)
CONNOR H. FIELDS (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8230
Email:  pkee@joneswalker.com
**Counsel for MMR Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing first supplemental responses was served on all counsel of record by email on January 23, 2024.

*/s/ P.J. Kee*
P.J. Kee