UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MMR CONSTRUCTORS, INC., | CIV. NO. 22-267 |
| Plaintiff, | |
| VERSUS | JUDGE BRIAN A. JACKSON |
| JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP et al. | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| Defendants. | |

### ANSWERS TO DEFENDANT JASON YATES'S FIRST SET OF INTERROGATORIES TO MMR CONSTRUCTORS, INC

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, Jason Yates's ("Yates") First Set of Interrogatories, respectfully submits the following:

**INTERROGATORY NO. 1:**

Please describe whether MMR prohibits possession of MMR trade secrets or confidential business information on any device or account that cannot be accessed remotely by the company, and if so, when such prohibition was put in place?

**ANSWER TO INTERROGATORY NO. 1:**

MMR prohibits the possession of its trade secrets and confidential business information for any purpose that is not for the benefit of MMR and prohibits the retention of such information after an individual's employment with MMR ends. This prohibition is set forth in the confidentiality agreements that MMR's employees sign, including the individual defendants in this case. Further, all MMR employees were subject to MMR's Security Policy, which was adopted in 2019. The Security Policy states, in pertinent part: "Users are prohibited from using personal third-party cloud storage services including, but not limited to, OneDrive, Google

EXHIBIT E

Drive, Dropbox, or Box to store MMR documents. MMR documents must remain on MMR systems. These services must only be used to receive documents sent by customers, partners, and vendors." It further states: "MMR staff may only use removable media provided by MMR in their work computers. MMR removable media may not be connected to or used in computers that are not owned or leased by MMR without explicit permission from the MMR Information Security staff. Sensitive information should be stored on removable media only when required in the performance of your assigned duties or when providing information required by other MMR departments. When sensitive information is stored on removable media, it must be encrypted in accordance with MMR Acceptable Encryption Policy. This can be accomplished using the BitLocker drive encryption tool in Windows. A strong password that meets the MMR Password Construction Guidelines must be used as the encryption key."

**INTERROGATORY NO. 2:**

Please describe whether MMR prohibits the transmission of MMR trade secret or business confidential information through personal email, text or SMS, or social media platforms, and if so, when such prohibition was put in place?

**ANSWER TO INTERROGATORY NO. 2:**

MMR prohibits the possession of its trade secrets and confidential business information for any purpose that is not for the benefit of MMR and prohibits the retention of such information after an individual's employment with MMR ends. Further, MMR refers to its answer to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Please describe whether MMR uses a VPN or other secured portal in conjunction with two-step or multi-factor authentication for any remote access to MMR's network and if so, when such precautions were put in place.

**ANSWER TO INTERROGATORY NO. 3:**

Yes. VPN connectivity is required for access from any IP address outside of MMR's internal network. Beginning in 2013, MMR began to require VPN connectivity with the implementation of Citrix Netscaler, and in 2021, MMR adopted Microsoft's "Always On VPN" to give employees using MMR-owned equipment access to systems without going through Citrix Netscaler authentication.

**INTERROGATORY NO. 4:**

Please describe whether MMR has required any of its employees to sign non-competition, non-solicitation agreements, or other documents containing non-competition or non-solicitation clauses from 2015 to present? If so, identify such contracts and documents by the employee position, employee name, and date.

**ANSWER TO INTERROGATORY NO. 4:**

MMR does not require its employees to sign non-competition agreements. MMR, however, requires that its employees sign non-disclosure agreements and acknowledgements about conflict-of-interest and business-ethics policies. MMR refers Mr. Yates to the previously produced employment policy packet that includes these documents that he signed and that ISG copied and used.

**INTERROGATORY NO. 5:**

Please Identify and describe in detail each instance in which You have communicated with any MMR customers or vendors about Lawsuit or the allegations of this Lawsuit, including, but not limited to, the Identity of the subject customer or vendor, the Identity of the MMR individuals involved in the Communication, and a description of the specific statements made by You in the Communication.

**ANSWER TO INTERROGATORY NO. 5:**

MMR objects to this request because it is not proportional to the needs of the case. The request does not seek any information that tends to prove or negate an issue of fact relating to a cause of action or defense in this case. Further, MMR has thousands of employees and numerous customers (current, former, and/or prospective), and the time and effort to interview every employee would be exorbitant. Accordingly, the time and expense far outweigh any potential probative value of the information requested, and this interrogatory is therefore not tailored in a proportional manner.

**INTERROGATORY NO. 6:**

Provide the names and email addresses of all persons, vendors, subcontractors, consultants and/or entities that MMR did *not* require to execute or agree to a non-disclosure and/or confidentiality agreement prior to the release of MMR's confidential business information or trade secrets to such person, vendor, subcontractor, consultant, and/or entity.

**ANSWER TO INTERROGATORY NO. 6:**

MMR objects to this interrogatory in seeking information about "all persons"—within the over thirty years of MMR's existence—as not proportional to the needs of the case. Subject to and without waiving this objection, MMR states that the identified trade secrets and confidential

business information in this case was not generally known and was not authorized to be shared without an agreement or understanding that the information was to remain confidential and to benefit MMR — not a competitor such as ISG.

**INTERROGATORY NO. 7:**

Please Identify any employees who have left MMR's employment, from 2021 forward, by the employee position, employee name, and date, the stated reasons for leaving, and the individual's next employer(s) after MMR.

**ANSWER TO INTERROGATORY NO. 7:**

MMR objects to this interrogatory as not proportional to the needs of the case. The names, position, termination date, and reason for leaving of individuals whose employment ended during a three-year period has no probative value, as it does not tend to prove or disprove any relevant facts in this case.

**INTERROGATORY NO. 8:**

Identify and describe all complaints you received from any customers in the last twelve months, for each of the Subject Customers and Projects.

**ANSWER TO INTERROGATORY NO. 8:**

The evidence in this case demonstrates that ISG has used MMR's trade secrets and/or confidential business information to obtain work on such projects, which makes this request not proportional to the needs of the case. How MMR performed on a particular job, for a particular customer, has no bearing on the unjust profits that ISG has received from the illegal use of MMR's trade secrets and/or confidential business information. Further, even if MMR's performance on a particular project, for a particular customer, were relevant to the question of damages, ISG has objected to identifying the projects that it has won since its inception, and

thus, MMR does not know which projects it may have lost to ISG, such that any purported complaint or issue relating to that project or customer would be even remotely relevant.

**INTERROGATORY NO. 9:**

For each category of information you contend any Defendant misappropriated, identify and describe in detail each instance in which You possessed, used, or disclosed such category of information from Your competitor (including, but not limited to ISC Constructors), including the type of information, the MMR individuals involved, and how the information was obtained, used, and/or disclosed by You.

**ANSWER TO INTERROGATORY NO. 9:**

MMR objects to this request as not proportional to the needs of the case, as MMR there is no cause of action or allegation against MMR. Further, the defendants in this case continue to ask for information in discovery relating to some perceived issue with ISC Constructors, but MMR did not use or receive any documents of ISC Constructors.

**INTERROGATORY NO. 10:**

Identify and describe in detail each instance in which MMR (including but not limited to Jason Templet, Vance Mitchell, Wayne Radley, John Clouatre, Mike Kee, and/or Pepper Rutland) possessed, used, and/or disclosed documents of a competitor of MMR (including, but not limited to, ISC Constructors) documents or information (including, but not limited to, to bid on any project or contract), including the Identity of the MMR individuals involved in such possession, use, and/or disclosure, the type of information possessed, used, and/or disclosed, and how.

**ANSWER TO INTERROGATORY NO. 10:**

MMR objects to this request as not proportional to the needs of the case, as MMR there is no cause of action or allegation against MMR. Further, the defendants in this case continue to ask for information in discovery relating to some perceived issue with ISC Constructors, but MMR did not use, possess, or receive any documents of ISC Constructors.

**INTERROGATORY NO. 11:**

Please Identify each person who provided information in response to these Interrogatories and ISG's First Set of Interrogatories Directed to MMR and, for each person, Identify the applicable interrogatory and the information provided.

**ANSWER TO INTERROGATORY NO. 11:**

MMR objects to this Interrogatory as seeking information protected by attorney-client privilege and attorney work product.

**INTERROGATORY NO. 12:**

Identify and describe in detail each category of damages You contend You have suffered, the amount of such damages, and how the damages are calculated, and Identify all Documents reflecting or relating to such damages.

**ANSWER TO INTERROGATORY NO. 12:**

MMR refers to its initial disclosures regarding the categories of damages and its previous answers relating to the category of damages that MMR is seeking in this case. Further, MMR's expert on damage will be providing an opinion that will explain how the damages were calculate, and MMR will produce the documents that its expert will rely on to form that opinion.

**INTERROGATORY NO. 13:**

Identify all persons (other than MMR employees), including vendors, subcontractors, consultants, and/or entities that were provided with the Greensheets.

**ANSWER TO INTERROGATORY NO. 13:**

MMR objects to this interrogatory as not proportional to the needs of the case. MMR cannot know "all persons" that were provided its Greensheets because ISG and the individual defendants in this case have misappropriated those Greensheets and have disclosed those Greensheets to other persons. Further, MMR is comprised of thousands of employees, and there are several who have had responsibilities in estimating or overseeing aspects of the estimating process. The Greensheets, moreover, have been developed over several years, and this interrogatory has no time limitation. Nevertheless, MMR's estimating tools were not to be shared with vendors, subcontractors, or consultants.

**INTERROGATORY NO. 14:**

For each specific category of trade secrets and/or confidential information You claim Defendants misappropriated, Identify the individual(s) at MMR who created or developed the alleged trade secret and/or confidential information, the time and amount expended to create or develop the alleged trade secret, and when.

**ANSWER TO INTERROGATORY NO. 14:**

MMR objects to this request as not proportional to the needs of the case and the premise that this interrogatory is based on. Much of the trade secrets and confidential business information in this case were developed over several years and continued to be improved. Other trade secrets and confidential business information in this case incorporate the information derived from other trade secrets. For instance, there are proposals that incorporate MMR pricing

using MMR's protected estimating tools. Further, there are thousands of documents that MMR has identified as incorporating its trade secrets or confidential business information, and answering the numerous questions in this interrogatory about each document is not proportional. Nevertheless, the executive team at MMR can explain how the identified trade secrets and confidential business information were developed. Finally, MMR did not individually track the time spent on developing the identified trade secrets and confidential business information.

Respectfully submitted:

*/s/ P.J. Kee*
P.J. KEE (La. Bar No. 34860)
THOMAS P. HUBERT (La. Bar No. 19625)
JACOB J. PRITT (La. Bar No. 38872)
MICHAEL A. FOLEY (La. Bar No. 35774)
JASON A CULOTTA (La. Bar No. 35731)
CONNOR FIELDS (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com
***Counsel for MMR Constructors, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record for Defendants by email on November 1, 2023.

*/s/ P.J. Kee*
P.J. Kee

#101666242v2

9