## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.,** :      **CIV. NO. 22-267** | |
|     **Plaintiff,** : | |
| : | |
| **VERSUS** :      **JUDGE BRIAN A. JACKSON** | |
| : | |
| **JB GROUP OF LA, LLC D/B/A** : | |
| **INFRASTRUCTURE SOLUTIONS** : | |
| **GROUP ET AL.** :      **MAGISTRATE JUDGE RICHARD L.** | |
| :      **BOURGEOIS, JR.** | |
|     **Defendants.** | |

### RESPONSES TO ISG'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MMR CONSTRUCTORS, INC

NOW INTO COURT, through undersigned counsel, comes Plaintiff MMR Constructors, Inc. ("MMR"), which in response to Defendant, JB Group of LA, LLC d/b/a Infrastructure Solutions Group's *Fifth Set of Requests for Production of Documents*, respectfully submits the following:

**REQUEST FOR PRODUCTION NO. 1:**

Documents reflecting the following with respect to each of the Former ISC Employees:

a. Names;
b. Dates of employment with MMR;
c. Titles or positions with MMR; and
d. Resumes or job histories.

**RESPONSE TO REQUEST NO. 1:**

MMR objects to this request as duplicative and in violation of the agreement between the parties regarding the scope of such discovery. Since the first set of written discovery served on MMR, Defendants have sought the production of competitors' documents that MMR purportedly possessed or used. *See* RFP No. 42 of ISG's *First Set of Requests for Production*; RFP Nos. 4 of ISG's *Second Set of Requests for Production*; and RFP Nos. 2-3 of Defendants' *Third Set of*

**EXHIBIT G**

*Requests for Production*; ROG No. 10 of J. Yates's *First Set of Interrogatories*. MMR's position has been — and still is — that this discovery seeks irrelevant information because there is no claim that MMR has misappropriated a competitor's protected information and because the discovery is not proportional to the needs of the case. Many of the previous requests related to ISC. Counsel for MMR and Defendants met and conferred about the scope of this type of discovery, and ultimately agreed that MMR would supplement its response to Request for Production Nos. 2-3 of the Defendants' *Third Set of Requests for Production*. MMR supplemented its response and refers Defendants to that supplement, which demonstrated that the competitor confirmed MMR had taken its concerns about a former employee seriously and demonstrated that there was no evidence that the former employee had possession of, disclosed, or was using its information. Further, that supplemental discovery production demonstrated that the issue was resolved <u>over a decade ago</u>.

      This request now goes even further than the original discovery that the parties had agreed to narrow, and is nothing more than a fishing expedition. Defendants now seek the production of personnel documents for nine individuals, who purportedly worked for ISC at some point in their careers. Such documents and information have no relevance to the claims or defenses, as there is no claim that MMR misappropriated ISC information in this case, and any effort to search for and produce potentially relevant documents is not proportional to the needs of the case. Accordingly, in addition to being duplicative and in violation of the parties' agreement, MMR objects to this request because it seeks information that is not relevant and is not proportional to the needs of the case.

      MMR is withholding a search based on these objections.

**REQUEST FOR PRODUCTION NO. 2:**

Forensic copies of the primary computers used by the Former ISC Employees while working for MMR.

**RESPONSE TO REQUEST NO. 2:**

MMR objects to this request as duplicative and in violation of the agreement between the parties regarding the scope of such discovery. Since the first set of written discovery served on MMR, Defendants have sought the production of competitors' documents that MMR purportedly possessed or used. *See* RFP No. 42 of ISG's *First Set of Requests for Production*; RFP Nos. 4 of ISG's *Second Set of Requests for Production*; and RFP Nos. 2-3 of Defendants' *Third Set of Requests for Production*; ROG No. 10 of J. Yates's *First Set of Interrogatories*. MMR position has been — and still is — that this discovery seeks irrelevant information because there is no claim that MMR has misappropriated a competitor's protected information and because it is not proportional to the needs of the case. Many of the discovery requests related to ISC. Counsel for MMR and Defendants met and conferred about the scope of this type of discovery, and ultimately agreed that MMR would supplement its response to Request for Production Nos. 2-3 of the Defendants' *Third Set of Requests for Production*. MMR supplemented its response and refers Defendants to that supplement, which demonstrated that the competitor confirmed MMR had taken its concerns about a former employee seriously and demonstrated that there was no evidence that the former employee had possession of, disclosed, or was using the competitor's information. Further, that supplemental discovery demonstrated that the issue was resolved <u>over a decade ago</u>.

This request now goes even further than the original discovery that the parties had agreed to narrow, and is nothing more than a fishing expedition. Defendants request that MMR create forensic copies of work-computers that are used by nine individuals who purportedly worked for ISC (not ISG) at one point in their careers. Forensic copies of nine computers would include every document and piece of information that is available on those devices, regardless of whether the documents and information had any connection to the claims and defenses in this case. This request is not tailored in any way to those claims (or defenses) — namely that the Defendants misappropriated MMR's protected information. In fact, even for the devices that are subject to the Forensic Protocol that is geared toward discovering the *actual* misappropriated documents and information, complete forensic copies of the devices have not been exchanged. Ultimately, this request does not seek relevant documents from these nine devices in a manner that is proportional to the needs of the case.

MMR is withholding the creation and/or production of forensic copies of these devices.

**REQUEST FOR PRODUCTION NO. 3:**

Communications or litigation hold notices to the Former ISC Employees instructing each to preserve and not delete any files that may be relevant to this action.

**RESPONSE TO REQUEST NO. 3:**

MMR objects to this request because it does not seek relevant information and is not proportional to the needs of the case. There is no claim in this case that any information has been deleted or lost that relates to the only claims and defenses in this case — namely that the Defendants misappropriated MMR's protected information. Additionally, Defendants do not list any of the defined set of "Former ISC Employees" on their initial disclosures. Instead, they list the following:

- David Heroman

- Jason Yates

- Travis Dardenne

- Kasey Kraft

- Pepper Rutland

- Shawn Breeland

- John Clouatre

- Matthew Welborn

- Walter Huffman

- Dan Howell

- Any employee of ISG with discoverable information regarding the allegations contained in the pleadings in this matter

- Any employee of MMR with discoverable information regarding the allegations contained in the pleadings in this matter

- Any former employee of MMR with discoverable information regarding allegations contained in the pleadings in this matter

- Any individuals listed by any other party

- Any individual whose testimony may be necessary for impeachment or rebuttal purposes

- Any individual whose testimony may be necessary to authenticate evidence

- Any witnesses identified through discovery

In over two years since this case has been pending, Defendants have not amended their initial disclosures to identify "Former ISC Employees" as individuals who they believe would have discoverable information, and there has been no document produced during discovery or

#102333825v1                                                5

testimony elicited during a deposition which would indicate that "Former ISC Employees" would possess discoverable information. Further, litigation hold communications would be protected from disclosure by attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

Industry Files.

**RESPONSE TO REQUEST NO. 4:**

MMR objects to this request as duplicative of Request No. 21 of Defendants' *Fourth Set of Requests for Production* that was served on May 2, 2024. As stated in response to that request, this request violates the agreement between the parties regarding the scope of such discovery. Since the first set of written discovery served on MMR, Defendants have sought the production of competitors' documents that MMR purportedly possessed or used. *See* RFP No. 42 of ISG's *First Set of Requests for Production*; RFP Nos. 4 of ISG's *Second Set of Requests for Production*; and RFP Nos. 2-3 of Defendants' *Third Set of Requests for Production*; ROG No. 10 of J. Yates's *First Set of Interrogatories*. MMR position has been — and still is — that this discovery seeks irrelevant information because there is no claim that MMR has misappropriated a competitor's protected information and because it is not proportional to the needs of the case. Counsel for MMR and Defendants met and conferred about the scope of this type of discovery, and ultimately agreed that MMR would supplement its response to Request for Production Nos. 2-3 of the Defendants' *Third Set of Requests for Production*. MMR supplemented its response and refers Defendants to that supplement, which demonstrated that the competitor confirmed MMR had taken its concerns about a former employee seriously and demonstrated that there was no evidence that the former employee had possession of, disclosed, or was using the competitor's information.

This request now goes even further than the original discovery that the parties had agreed to narrow, and is nothing more than a fishing expedition. There is no allegation that MMR misappropriated a competitor's information in this case; however, this request lacks a temporal limitation and fails to identify a single custodian/employee whose devices or accounts should be searched (or who allegedly has possession of such requested documents), even though MMR has over 5,000 employees and the individual defendants were each former employees of MMR. Accordingly, in addition to being duplicative and in violation of the parties' agreement, MMR objects to this request because it seeks information that is not relevant and is not proportional to the needs of the case.

MMR is withholding a search based on these objections

**REQUEST FOR PRODUCTION NO. 5:**

ISC files or documents.

**RESPONSE TO REQUEST NO. 5:**

MMR objects to this request as duplicative and in violation of the agreement between the parties regarding the scope of such discovery. Since the first set of written discovery served on MMR, Defendants have sought the production of competitors' documents that MMR purportedly possessed or used. *See* RFP No. 42 of ISG's *First Set of Requests for Production*; RFP Nos. 4 of ISG's *Second Set of Requests for Production*; and RFP Nos. 2-3 of Defendants' *Third Set of Requests for Production*; ROG No. 10 of J. Yates's *First Set of Interrogatories*. MMR position has been — and still is — that this discovery seeks irrelevant information because there is no claim that MMR has misappropriated a competitor's protected information and because is not proportional to the needs of the case. Many of these requests related to ISC. Counsel for MMR and Defendants met and conferred about the scope of this type of discovery,

and ultimately agreed that MMR would supplement its response to Request for Production Nos. 2-3 of the Defendants' *Third Set of Requests for Production*. MMR supplemented its response and refers Defendants to that supplement, which demonstrated that the competitor confirmed MMR had taken its concerns about a former employee seriously and demonstrated that there was no evidence that the former employee had possession of, disclosed, or was using the competitor's information. Further, that supplemental discovery demonstrated that the issue was resolved <u>over a decade ago</u>.

This request now goes even further than the original discovery that the parties had agreed to narrow, and is nothing more than a fishing expedition. There is no allegation that MMR misappropriated ISC information in this case; however, this request lacks a temporal limitation and fails to identify a single custodian/employee whose devices or accounts should be searched (or who allegedly has possession of such requested documents), even though MMR has over 5,000 employees and the individual defendants were each former employees of MMR. Accordingly, in addition to being duplicative and in violation of the parties' agreement, MMR objects to this request because it seeks information that is not relevant and is not proportional to the needs of the case.

MMR is withholding a search based on these objections.

**REQUEST FOR PRODUCTION NO. 6:**

Documents reflecting the deletion or purge of any ISC files and the date of such deletion or purge.

**RESPONSE TO REQUEST NO. 6:**

MMR objects to this request as duplicative and in violation of the agreement between the parties regarding the scope of such discovery. Since the first set of written discovery served on MMR, Defendants have sought the production of competitors' documents that MMR purportedly

possessed or used. *See* RFP No. 42 of ISG's *First Set of Requests for Production*; RFP Nos. 4 of ISG's *Second Set of Requests for Production*; and RFP Nos. 2-3 of Defendants' *Third Set of Requests for Production*; ROG No. 10 of J. Yates's *First Set of Interrogatories*. MMR position has been — and still is — that this discovery seeks irrelevant information because there is no claim that MMR has misappropriated a competitor's protected information and because it is not proportional to the needs of the case. Many of these requests related to ISC. Counsel for MMR and Defendants met and conferred about the scope of this type of discovery, and ultimately agreed that MMR would supplement its response to Request for Production Nos. 2-3 of the Defendants' *Third Set of Requests for Production*. MMR supplemented its response and refers Defendants to that supplement, which demonstrated that the competitor confirmed MMR had taken its concerns about a former employee seriously and demonstrated that there was no evidence that the former employee had possession of, disclosed, or was using the competitor's information. Further, that supplemental discovery demonstrated that the issue was resolved <u>over a decade ago</u>.

This request now goes further than the original discovery that the parties had agreed to narrow, and is presumes facts that the narrowed discovery answered — namely that there was no evidence that the former employee had retained any ISC files. Again, there is no allegation that MMR misappropriated ISC information in this case, and the continued push for this irrelevant information is nothing more than a fishing expedition.

**REQUEST FOR PRODUCTION NO. 7:**

MMR Onboarding Materials.

**RESPONSE TO REQUEST NO. 7:**

MMR objects to this request because it is not proportional to the needs of the case. There is no temporal limitation on this request; nor is there a limitation on the scope of the "new

employees" who would have receive the documents that fall within the definition of "MMR Onboarding Materials." In essence, to comply with this request, MMR would need to produce these materials for all employees that MMR has hired.

Subject to and without waiving these objections, MMR states that it has produced the personnel files, which includes the documents that fall within the definition of "MMR Onboarding Materials," for the former employees who have been named as defendants in this case.

**REQUEST FOR PRODUCTION NO. 8:**

The contract or engagement letter with the HR Firm, or documents reflecting the scope of the HR Firm' engagement.

**RESPONSE TO REQUEST NO. 8:**

MMR objects to this request because it does not seek relevant information. The requested documents have zero relevance here, as there is no *claim* or *defense* in this case that in any way relates to a purported "outside firm that MMR retained after January 1, 2020 to advise on employee retention related issues." This is a theft-of-information case that has *nothing* to do with a purported outside consultant on employee retention. Further, MMR did hire such an outside consultant.

**REQUEST FOR PRODUCTION NO. 9:**

Any reports or documents reflecting the results of the HR Firm's engagement.

**RESPONSE TO REQUEST NO. 9:**

MMR objects to this request because it does not seek relevant information. The requested documents have zero relevance here, as there is no *claim* or *defense* in this case that in any way relates to a purported "outside firm that MMR retained after January 1, 2020 to advise on employee retention related issues." This is a theft-of-information case that has *nothing* to do

with a purported outside consultant on employee retention. Further, MMR did hire such an outside consultant.

                Respectfully submitted:

                */s/ P.J. Kee*
                P. J. Kee  (La. Bar No. 34860)
                Thomas P. Hubert (La. Bar No. 19625)
                Michael W. Magner (La. Bar No. 01206)
                Jacob J. Pritt  (La. Bar No. 38872)
                Michael A. Foley (La. Bar No. 35774)
                Jason A. Culotta (La. Bar No. 35731)
                Connor H. Fields (La. Bar No. 39880)
                JONES WALKER, LLP
                201 St. Charles Avenue - 50th Floor
                New Orleans, Louisiana  70170-5100
                Telephone:  (504) 582-8000
                Facsimile:  (504) 589-8230
                Email:  pkee@joneswalker.com
                ***Counsel for MMR Constructors, Inc.***

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on all counsel of record for Defendants by email on June 17, 2024.

                */s/ P.J. Kee*
                P.J. Kee