

Jennifer A. Fiore
Direct No. 225.282.0652
Email: jfiore@dunlapfiore.com

March 30, 2023

**VIA EMAIL:** mfoley@joneswalker.com
Michael A. Foley
Jones Walker, LLP
201 St. Charles Avenue – 50th Floor
New Orleans, LA 70170-5100

      RE:   *MMR Constructors, Inc. v. JB Group of LA, LLC d/b/a Infrastructure Solutions Group; David Heroman; Kasey Kraft; Jason Yates; Michael Lowe and Travis Dardenne*
            USDC, Middle District of Louisiana
            Civil Action No. 3:22-cv-00267-BAJ-RLB
            Our File No. 1514-003

Dear Michael:

## HighGround Requests

    First, I write in response to your letter dated March 2 concerning the "HighGround Requests."[1]  Thank you for your patience while, as we indicated, my co-counsel was in trial.

    ISG continues to object to the "HighGround Requests" as overly broad and harassing, not proportionate to the needs of the case, and as seeking documents or information that is neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it goes beyond the alleged use or disclosure of MMR trade secrets.  This is especially true in light of the Court's order quashing the Subpoena to HighGround (ECF No. 19) , as the Court noted in doing so that aspects of MMR's similar requests to HighGround were "indeed overly broad," given "that MMR and ISG are competitors," a time limitation was not used to restrict the requests, and the topics were not described with sufficient particularity.

    Nonetheless, ISG conducted a reasonable search for any non-privileged, relevant communications and documents exchanged between ISG and HighGround that refer to "MMR."  Please see ISG's Second Supplemental Response to MMR's First Set of Requests for Production

---

[1] Although they have no actual bearing on the "HighGround Requests," as an initial matter, ISG objects to your characterization of the results of the forensic examinations and depositions.

EXHIBIT I

of Documents and attached documents, marked as CONFIDENTIAL-ATTORNEY'S EYES ONLY.

### ISG's Interrogatories to MMR

Second, ISG would at this time like to address some of MMR's objections to ISG's First Set of Interrogatories related to alleged overbroadness and/or as not proportional to the needs of the case.

In light of those objections, ISG has amended a number of its interrogatories (Nos. 5-6, 9-10, 13-17) to directly address MMR's stated concerns. Accordingly, attached hereto please also find ISG's Amended First Set of Interrogatories. Because these amended interrogatories represent a narrowing of previously served interrogatories, ISG requests that MMR provide prompt responses to these amended interrogatories.

MMR has not yet provided a substantive response to Nos. 4 and 8, which go the heart of MMR's claims. ISG requests that MMR provide its supplemental and fulsome response to these interrogatories.

For Nos. 7 and 11, although MMR answered as to (at least certain) MMR employees, MMR has not provided a full and complete response as to individuals who are not MMR employees. Please supplement MMR's response.

Sincerely,

Jennifer A. Fiore

JAF/scc
Enclosures
cc:   Kyle M. Keegan, via email: kmk@keeganjuban.com (w/encl.)
      Amber Robichaux, via email: anr@keeganjuban.com (w/encl.)
      P.J. Kee, via email: pkee@joneswalker.com (w/encl.)
      Jacob J. Pritt, via email: jpritt@joneswalker.com (w/encl.)
      Thomas P. Hubert, via email: thubert@joneswalker.com (w/encl.)
      Jason A. Culotta, via email: jculotta@joneswalker.com (w/encl.)
      Connor H. Fields, via email: cfields@joneswalker.com (w/encl.)