NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

SHANNON HAMPTON SUTHERLAND
DIRECT DIAL: +1 215 979 1104
PERSONAL FAX: +1 215 689 4956
*E-MAIL:* SHSutherland@duanemorris.com

*www.duanemorris.com*

September 12, 2023

VIA E-MAIL

P.J. Kee, Esq.
Jones Walker LLP
201 St. Charles Avenue - 50th Floor
New Orleans, LA 70170
pkee@joneswalker.com

Re:     **MMR Constructors, Inc. v. JB Group of LA, LLC, et al. Case No. 22-267**

Dear Mr. Kee:

I write to address the topics discussed during our meet and confer on May 27th, shortly before my medical leave.

*ISG's Responses to Plaintiff's Second Set of Requests for Production*

ISG intends to supplement its production in connection with MMR's Second Set of Requests for Production of Documents, in keeping with our discussion during the meet and confer.

*MMR's Answers to ISG's First Set of Interrogatories*

Amended Interrogatory Nos. 5/9 & 6/10:

During our meet and confer on May 27, as well as during our prior meet and confer concerning these interrogatories, we discussed MMR providing supplemental responses to Nos. 5/9, 6/10, and 7/11, limited to the knowledge of MMR employees in certain MMR positions, and as to *each* the various categories (*e.g.,* invoices, employee handbook, manuals, Overhead Sheets, Top Sheets, GreenSheets, proposal letters, labor & material sheets, etc.) of documents and information MMR (a) claims, in its responses to Interrogatory No. 4, constitutes its confidential

EXHIBIT J



P.J. Kee, Esq.
September 12, 2023
Page 2

information and (b) claims, in its responses to Interrogatory No. 8, constitutes its trade secrets. For the sake of clarity, in keeping with that discussion, MMR would provide full and complete responses to the following:

> Amended Interrogatory No. 5: Identify all persons and/or entities, outside of MMR, with whom any MMR Officer, Manager, Project Manager, Salesperson, or Estimator (or anyone else with the knowledge of any such individual) have at any time shared or divulged [each of the various specific categories of alleged confidential] information and/or Documents you identified in your response to Interrogatory No. 4.
>
> Amended Interrogatory No. 9: Identify all persons and/or entities, outside of MMR, with whom any MMR Officer, Manager, Project Manager, Salesperson, or Estimator (or anyone else with the knowledge of any such individual) have at any time shared or divulged [each of the various specific categories of alleged trade secret] information and/or Documents you identified in your response to Interrogatory No. 8.
>
> Amended Interrogatory No. 6: Identify each instance in which [each of the various specific categories of alleged confidential] information or Documents you identified in your response to Interrogatory No. 4 was shared or divulged outside of MMR [*i.e.,* to an individual who, at the time the information or document was shared or divulged was not an employee of MMR] with the knowledge of any MMR Officer or Manager.
>
> Amended Interrogatory No. 10: Identify each instance in which [each of the various categories of alleged trade secret] information or Documents you identified in your response to Interrogatory No. 8 was shared or divulged outside of MMR [*i.e.,* to an individual who, at the time the information or document was shared or divulged was not an employee of MMR] with the knowledge of any MMR Officer or Manager.

Although MMR's responses address, in part, certain categories of documents MM, they fail to address the full range of each of the various specific categories of documents MMR claims constitute its misappropriated confidential information or trade secrets. Moreover, MMR's response appears to address MMR's general expectations of what should have occurred with regard to such information, rather than what the MMR employees in the positions specified know actually occurred. Accordingly, MMR must supplement these responses to address *each* specific category of claimed confidential information and trade secrets, and the actual knowledge of the MMR individuals in the positions specified.

Interrogatory Nos. 7/11:

Interrogatory Nos. 7 and 11 require MMR to identify all agreements requiring the persons outside of MMR to whom MMR's alleged categories of confidential information (No. 7) or alleged categories trade secrets (No. 11) were disclosed, with the knowledge of MMR Managers or MMR Officers, to maintain the confidentiality of that information. MMR's response, which refers to MMR's



P.J. Kee, Esq.
September 12, 2023
Page 3

general expectations as to how certain categories of people should have treated information, fails to answer this question. If no such *agreement*s exist, MMR must specifically state.

Amended Interrogatory Nos. 13-18:

    MMR's responses to Amended Interrogatory Nos. 13-18 contain generalities, without providing the specific information requested. Accordingly, to make it easier for MMR to respond, we proposed during our meet and confer that MMR provide supplemental verified responses identifying and describing the instances in which the specified activities did *not* take place, with respect to the MMR departments in which former MMR employees who joined ISG worked at MMR. In accordance with these discussions, MMR would, with respect to the MMR departments in which the former MMR employees who joined ISG worked at MMR:

    Identify and Describe each instance in which MMR [did not] conduct[] an[] exit interview with a Departing Employee, who left anytime after 2017, in which MMR specifically reviewed any confidential business information or trade secret protection agreements signed by the employee. (No. 13)

    Identify and Describe each instance in which [] a Departing Employee, who left anytime after 2017, [did not return all] MMR identification badges, entry cards, fobs, mechanical keys, and other items that identify the person as an employee of MMR and/or allow access to secured premises. (No. 14)

    Identify and Describe each instance in which [] a Departing Employee, who left anytime after 2017, [did not] return all employer-owned computers, tablets, mobile phones, other computing and/or telecommunications devices, and/or external storage devices. (No. 15)

    Identify and Describe each instance in which [] a Departing Employee, who left anytime after 2017, maintain[ed] and [did] not delete any or all information on any employer or employee-owned devices and/or to provide any passwords or passcodes necessary to access the devices. (No. 16)

    Identify and Describe each instance in which [] an employee, who left anytime after 2017, [did not] return all physical records containing proprietary company information, including books, files, and other printed materials. (No. 17)

    Identify and Describe each instance in which [] MMR information was [not] deleted from any employee-owned device such as mobile phones, external hard drives, and/or other storage devices for any who left anytime after 2017. (No. 18)

DuaneMorris

P.J. Kee, Esq.
September 12, 2023
Page 4

    Further, with respect to MMR's response to Amended Interrogatory No. 17, please provide the specifics concerning legal action taken with regard to Tyler Freeman, Michael Buchanan, Mitchell White, and James Jarwin and the outcome of such actions.

    If you have any questions or comments on this letter, we are available to meet and confer before or after the court conference today. If you have no questions or comments, please confirm this week that MMR will provide full and complete supplemental verified responses, as outlined in this letter, by September 22nd.

    Thank you.

Very truly yours,

/s/ Shannon Hampton Sutherland

Shannon Hampton Sutherland

SHS
Cc: All counsel, via email

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

SHANNON HAMPTON SUTHERLAND
DIRECT DIAL: +1 215 979 1104
PERSONAL FAX: +1 215 689 4956
*E-MAIL:* SHSutherland@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

September 12, 2023

VIA E-MAIL

P.J. Kee, Esq.
Jones Walker LLP
201 St. Charles Avenue - 50th Floor
New Orleans, LA 70170
pkee@joneswalker.com

Re:     <u>**MMR Constructors, Inc. v. JB Group of LA, LLC, et al. Case No. 22-267**</u>

Dear Mr. Kee:

I write to address certain deficiencies in MMR's Responses and Objections to ISG's Second Set of Requests for Production.

<u>Request No. 1</u>:  Request No. 1 seeks "a copy of all Documents reflecting, concerning, or relating to communications between Matt Welborn [of MMR] and Jason Yates referencing, concerning, or relating to ISG (including, but not limited to, communications in or about early 2021 relating to the contract from Jefferson Parish to ISG for the Causeway Lighting Project and contract from Boone Construction to ISG for the Baton Rouge Airport Lighting Project)."  In its June 5th responses, MMR indicated that it would produce certain documents in response to Request No. 1.  More than three months later, however, MMR has not produced any documents in response to this request.  Moreover, MMR's objections to searching for the remainder of the documents responsive to Request No. 1 are unfounded.  Notwithstanding MMR's protestations, there is nothing overbroad, disproportionate, or burdensome about this request.  MMR can simply conduct a search for communications between Mr. Welborn (an MMR employee and officer) and Mr. Yates (whose MMR, ISG, and personal e-mails and phone numbers are known to MMR and Mr. Welborn) containing the terms *ISG* or "Infrastructure Solutions Group" or "JB Group".

DUANE MORRIS LLP
30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196            PHONE: +1 215 979 1000    FAX: +1 215 979 1020



P.J. Kee, Esq.
September 12, 2023
Page 2

<u>Request No. 4</u>: Request No. 4 requires MMR to "Provide a copy of all Documents that originated from or were authored by Industrial Specialty Contractors (a/k/a ISC) including, but not limited to, any greensheets or overhead and top sheets." Contrary to MMR's assertion, ISC has, indeed, contended that MMR was improperly in possession of ISC documents, including on a hard drive, and including of a type similar to the documents MMR claims were improperly in Defendants' possession – a fact well known to MMR's current outside counsel, who represented ISC in at least one such dispute. Without waiver of its rights, at this time, ISG is willing to limit the MMR custodians for this request to Jason Templet, Vance Mitchell, Wayne Radley, John Clouatre, Mike Kee, Pepper Rutland, and Roddy Risponi.

<u>Request Nos. 6-13</u>: Please confirm that the sum total of the documents that MMR claims supports or relates to its allegations that the specified individuals transferred, used, or accessed (Nos. 6-9) or intentionally removed and provided to ISG (Nos. 10-13) any MMR Document, confidential information, or trade secrets are reflected in (1) the Forensic Reports delivered under the Forensic Protocol, (2) the alleged confidential information and alleged trade secrets identified by MMR as part of the Forensic Protocol, and (3) the Heroman and Kraft device reports produced at MMR-01673 – MMR-01676.

<u>Request No. 14</u>: For the specified Documents, please identify which categories of Documents MMR is claiming that it provided outside of MMR to customers. For any categories of Documents not provided to customers, please either confirm that such Documents were never provided outside of MMR or produce the Documents reflecting their disclosure outside of MMR, for the timeframes indicated.

<u>Request No. 16</u>: Please confirm that the only confidentiality agreement Documents responsive to this request are agreements between MMR and its employees.

Finally, although MMR has an obligation to supplement its response to any request if additional documents are discovered, MMR has specifically indicated in its response to Request Nos. 6-8 and 18 that discovery is ongoing, and that it will supplement its response if further responsive evidence is discovered. Please either confirm that MMR has not discovered further responsive evidence to these requests or produce the additional evidence.

All rights and defenses are reserved, and none are waived.

If you have any questions or comments on this letter, we are available to meet and confer today before or after the court conference. If you have no questions or comments, please confirm this week that MMR will produce the additional documents identified in this letter by September 22, 2023.

DuaneMorris

P.J. Kee, Esq.
September 12, 2023
Page 3

    Thank you.

                                          Very truly yours,

                                          /s/ Shannon Hampton Sutherland

                                          Shannon Hampton Sutherland

SHS
Cc:  All counsel, via email