

*Erin G. Fonacier*
*Direct Dial 225-282-0674*
*Email: efonacier@dunlapfiore.com*

August 20, 2024

**VIA EMAIL: pkee@joneswalker.com**
P.J. Kee
Jones Walker, LLP
201 St. Charles Avenue – 50th Floor
New Orleans, LA 70170-5100

      RE:  *MMR Constructors, Inc. v. JB Group of LA, LLC d/b/a Infrastructure Solutions Group, et al.*
            USDC, Middle District of Louisiana, Civil Action No. 3:22-cv-00267-BAJ-RLB
            Our File No. 1514-003

Dear PJ:

    I write to address certain deficiencies in MMR's responses and objections to certain discovery demands. As stated in prior emails and meet and confer calls, we need the requested documentation from MMR in order to proceed in taking MMR depositions. Below is an itemization of outstanding issues in no particular order.

    You previously represented that MMR would produce communications relating to Your allegations to/from John Clouatre (First Set of RFP #13) and to/from Pepper Rutland (First Set of RFP #14). You also represented that MMR would produce communications between Jason Yates and Matt Welborn relating to ISG (Second Set of RFP #1).

    You objected to requests for communications between MMR personnel and Jason Yates relating to ISG (Second Set of RFP #2) and among MMR personnel relating to ISG prior to this lawsuit (Second Set of RFP #3). For these requests, we are prepared to limit the communications to those between January 1, 2020 and April 23, 2022 and involving any of the following MMR personnel:

| | | | |
|---|---|---|---|
| James Rutland | Mike Corsentino | Robbie McGowan | Matt Jean |
| Micheal Rutland | Rodi Rispone | Luke Lambert | Henry Vadnais |
| Jonathon Bruser | Matt Welborn | Billy Ridge | Mike Gomez |
| Jeff Escue | Jeremiah Blum | Randy Cannella | Eric Miller |
| Vance Mitchell | Kevin Alexander | John Cassagne | Gary Abston |
| Jason Templet | Jason Clouatre | Tony Gibson | |
| John Clouatre | Dylan Corsentino | Brad Lambert | |

EXHIBIT M

Relatedly, you objected to the request for a copy of Kevin Alexander's cellphone and computers as irrelevant (Sixth Set of RFP #1). *First*, please confirm that you have in your possession forensic copies of the requested equipment. *Second*, we are prepared to limit the search of Mr. Alexander's equipment, at least for now, to any reference to ISG or Jason Yates for the same period listed above.

You objected to the request for documents relating to NECA unit or labor rates (Second Set of RFP #5). We are prepared to limit this request to documents reflecting any comparison or analysis of NECA rates and those rates used by MMR (to the extent there was a difference) between January 1, 2020 and December 31, 2021.

You objected to the request for documents reflecting the disclosure outside of MMR of certain documents at issue in this litigation (First Set of RFP #34, Second Set of RFP #14). We are prepared to limit this request to any overhead top sheets, labor and material sheets and job analyses shared with non-MMR personnel (*e.g.*, customers) between January 1, 2018, and December 31, 2021. On this point, according to September 12, 2023, correspondence following a meet and confer, I believe that you agreed to revise MMR's responses to Amended Interrogatories #5, 9, 6 and 10. We have not received any revised responses We are also prepared to limit this request to any overhead top sheets, labor and material sheets and job analyses shared with non-MMR personnel (*e.g.*, customers) between January 1, 2018, and December 31, 2021.

Conversely, you objected to our document requests (First Set of RFP #41, Fourth Set of RFP #21, Fifth Set of RFP #1-6) and interrogatories asking about MMR's possession of documents of a competitor (Yates Interrogatory #10). For the interrogatory you limited the answer to ISC Constructors which was agreed to by the parties at that time. However, as you know from our motion to vacate the preliminary injunction, ISG has since learned that the circulation of pricing and other information of competitors is not uncommon in the industry and our clients know from their time at MMR that MMR was in possession of such information. Interrogatory #10 even identified six MMR executives who should have such information in their possession. ISG is not alleging that MMR misappropriated competitor information, nor is there a prerequisite of such an allegation to obtain this discovery. We ask that you revise your responses and provide a proper interrogatory answer and document production.

You objected to ISG's request for communications with customers concerning ISG or this lawsuit (Third Set of RFP #1). We are prepared to limit this request to a search of MMR employees in Baton Rouge who serve in an estimating, sales, business development or executive capacity.

We served several interrogatories concerning how MMR handled information and equipment in the possession of departing employees. This includes the return of equipment (Amended Interrogatories #14 and 15), the return of physical records (Amended Interrogatory #17), directions not to delete any information on MMR devices (Amended Interrogatory #16), and confirmation that MMR information was deleted from employee-owned devices (Amended Interrogatory #18). MMR represented that "it requires all of its employees to return [MMR equipment, property and physical records]," and "ensure that all MMR information in their possession is returned to MMR." These answers are devoid of reference to any specific policy or

Page 2 of 3

*dunlapfiore.com* | *main* 225.282.0660 | *fax* 225.282.0680 | 6700 Jefferson Highway, Building #2 | Baton Rouge, LA 70806

written document in which these "requirements" are imposed on departing MMR employees. We request that the interrogatory answers be revised and any documentation in support of MMR's answers, including any referencing these requirements, be produced immediately. To limit the burden, we are seeking policies and procedures in place and in effect between January 1, 2019 and December 31, 2021.

Relatedly, you objected to our request for a list of MMR employees who left MMR's employ (Yates Interrogatory #7). Assessing how MMR handled the departure of employees other than Defendants is highly relevant to the case. We are prepared to limit it to employees who worked in Baton Rouge and left MMR between January 1, 2020 and December 31, 2022. We are willing to similarly limit our document request concerning exit interviews (Fourth Set of RFP #19). Produce any documents reflecting the departure or exit interview of any of the employees listed in response to Yates Interrogatory #7, presumably located in their personnel files, including the legal demand letters referenced in response to ISG's Fourth Set Request of RFP #19. And one final related point: in our September 12, 2023, letter we requested that MMR revise its response to Amended Interrogatory #17 to provide the specifics and outcome of the legal action involving four identified former MMR employees (the same identified in response to Request #19). We have not seen any revised interrogatory.

Finally, you objected to the requests seeking documents about the HR Firm that was retained to address the very policies MMR has put at issue in this case (Fifth Set of RFP #8 and 9). MMR cannot have it both ways. Please produce the requested materials.

This letter does not address our requests relating to damages, as I understand damages discovery has been stayed by both sides.

Sincerely,

Erin G. Fonacier

EGF/scc