UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC., | : | CIV. NO. 22-267 |
| | : | |
| Plaintiff, | : | |
| | : | |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| | : | |
| JB GROUP OF LA, LLC D/B/A | : | |
| INFRASTRUCTURE SOLUTIONS | : | |
| GROUP, ET Al., | : | MAGISTRATE JUDGE RICHARD L. |
| | : | BOURGEOIS, JR. |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENTS
RESPONSIVE TO MMR'S SECOND SET OF REQUESTS FOR
PRODUCTION (RELATED TO DAMAGES DISCOVERY)**

Plaintiff, MMR Constructors, Inc. ("MMR"), files this memorandum supporting its *Motion to Compel Documents Responsive to MMR's Second Set of Requests for Production (Related to Damages Discovery)*.

**SUMMARY OF ARGUMENT**

MMR's *Second Set of Requests for Production* seeks discovery of documents relevant to MMR's calculation of damages. MMR has asserted numerous causes of action to recover not only its "actual loss" but also for any unjust enrichment of ISG . The Defend Trade Secrets Act explicitly authorizes an award of these damages, as well as an additional theory of recovery:

> In a civil action brough under this subsection with respect to the misappropriation of a trade secret, a court may . . . (B) award (i)(I) *damages for actual loss* caused by the misappropriation of the trade secret; and (II) *damages for any unjust enrichment* caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or (ii) in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret.

1

18 U.S.C. § 1836(b)(3)(B). However, in the most recent meet and confer, ISG objected to producing responsive documents because (according to ISG) MMR could not recover damages based on ISG's unjust enrichment. This position has no legal basis. To fully calculate MMR's actual losses and, in particular, the unjust enrichment that ISG received from its misuse of MMR's protected information, MMR's financial expert needs the requested information concerning ISG's revenue, win/loss ratio on bids, forecasts, profit margins, profit and loss statements, as well as company valuations. This information is critical to MMR's claims. And the requests are proportional in terms of both burden and breadth. Since its inception, ISG used MMR's trade secrets to launch its business and even continued to do so for years in violation of the *Preliminary Injunction*. That is, for nearly three years, ISG launched, maintained, and grew its business by improperly using MMR's protected information in nearly every aspect of its business, including to win and execute projects. Indeed, during this litigation, a private equity company increased its valuation of ISG by many millions of dollars — an increase that is directly attributable to ISG's misuse of MMR's protected information. Finally, gathering and producing the requested information will not be cumbersome: the requested information will either be generated from ISG's accounting/project tracking software or is contained within documents that can be easily located. The Court should therefore compel ISG to produce the requested damage-related documents.

## THE DISPUTED REQUESTS

Pursuant to Local Rule 37, MMR reproduces below each discovery request at issue (hereinafter, the "Disputed Requests") together with ISG's responses.[1] MMR has retained and

---

[1] ISG served its written responses on May 11, 2023, but has not supplemented its responses and objections or produced a single document in response to the Disputed Requests. A copy of MMR's *Second Set of Requests for Production* is attached as Exhibit 1, and a copy of ISG's response is attached as Exhibit 2.

2

disclosed an expert who will offer opinion testimony on MMR's calculation of damages under its various causes of action. MMR's expert assisted in drafting the Disputed Requests, which are tailored to the information MMR's expert needs to render a fulsome opinion concerning MMR's damages, including MMR's actual loss and ISG's unjust enrichment:

**REQUEST FOR PRODUCTION NO. 45:** Produce the Documents and Communications (including Excel Spreadsheets and/or reports that can be generated from Quickbooks, Viewpoint/Spectrum, or any other accounting or project tracking software/database used by ISG) that document the revenue, customers, and/or projects ISG has bid on or won since its inception (i.e, since its organization as an entity and registration to do business) in all areas/lines of service of ISG's business. This request is limited by those projects in which any Former MMR Employee had any involvement.

> **RESPONSE:** ISG objects to Request No. 45 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-competition covenants. ISG further objects to Request No. 45 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 45 as premature and overly broad, as MMR has not yet specifically identified its purported confidential information and trade secrets.

**REQUEST FOR PRODUCTION NO. 46:** Produce the Documents that demonstrate your revenue and gross profit margin by transaction and customer from 2020 to the present for each customer, and for each transaction for which any Former MMR Employee had direct or indirect involvement, including but not limited to providing services, advice, analysis, quotes, and/or pricing for ISG. This request includes documents that can be generated through Quickbooks, Viewpoint/Spectrum, or any other accounting or project tracking software/database that ISG is using or has used.

> **RESPONSE:** ISG objects to Request No. 46 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-competition covenants.

ISG further objects to Request No. 46 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 46 as premature and overly broad, as MMR has not yet specifically identified its purported confidential information and trade secrets.

**REQUEST FOR PRODUCTION NO. 48:** If not already produced, for each customer and/or project that appears on the expense reports requested in Request for Production No. 41, produce the trailing 24-month revenues for such customer and/or project from 2020 to the present.

**RESPONSE:** ISG objects to Request No. 48 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 48 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents of individuals who are not parties to the litigation. ISG further objects to Request No. 48 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR.

**REQUEST FOR PRODUCTION NO. 50:** Produce the sales forecast records and budgeting documents that ISG has used to track progress on projects that were bid and/or obtained from 2020 to present.

**RESPONSE:** ISG objects to Request No. 50 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 50 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents concerning individuals who are not parties to the litigation. ISG further objects to Request No. 50 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant

4

nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 50 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets. Subject to, and without waiving the foregoing objections, to the extent that Request No. 50 seeks documents about MMR, *see* Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 52:** Produce the sales forecast records, budgets, and other financial documents prepared by or for ISG that were presented to prospective or actual investors or used for communications to prospective or actual investors from 2020 to present.

**RESPONSE:** ISG objects to Request No. 52 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 52 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents concerning individuals who are not parties to the litigation. ISG further objects to Request No. 52 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 52 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets. Subject to, and without waiving the foregoing objections, to the extent that Request No. 52 seeks documents about MMR, *see* Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 53:** Produce all sales forecast records, sales projections, and/or budgets prepared for internal use by either ISG or a third party on behalf of or for the benefit of ISG.

**RESPONSE:** ISG objects to Request No. 53 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition,

customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 53 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents concerning individuals who are not parties to the litigation. ISG further objects to Request No. 53 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 53 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets. Subject to, and without waiving the foregoing objections, to the extent that Request No. 53 seeks documents about MMR, *see* Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 55:** Produce documents reflecting any valuations of ISG as a whole from 2020 to present.

> **RESPONSE:** ISG objects to Request No. 55 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants with MMR. ISG further objects to Request No. 55 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR.

**REQUEST FOR PRODUCTION NO. 56:** Produce all records of valuations of customer relationships to ISG from 2020 to present.

> **RESPONSE:** ISG objects to Request No. 56 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants with MMR. ISG further objects to Request No. 56 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made

6

for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 56 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets. To the extent that Request No. 56 seeks documents referencing MMR, *see* Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 57:** Produce the documents concerning any capital raised, including private equity transactions, from 2020 to present, and include any presentations and documents utilized in communications to investors or potential investors to obtain capital investments.

>**RESPONSE:** ISG objects to Request No. 57 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants with MMR. ISG further objects to Request No. 57 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 57 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets. To the extent that Request No. 57 seeks documents referencing MMR, *see* Forensic Protocol.

**REQUEST FOR PRODUCTION NO. 60:** Produce monthly, quarterly, and annual Revenue Statements for ISG for the period 2020 to present.

>**RESPONSE:** ISG objects to Request No. 60 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 60 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents concerning individuals who are not parties to the litigation. ISG objects to Request No. 60 to the extent that it seeks the production of documents or information about ISG's

7

Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 60 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets.

**REQUEST FOR PRODUCTION NO. 61:** Produce ISG's monthly, quarterly, and annual Profit and Loss Income Statements for the period 2020 to present, including but not limited to statements itemizing cost of goods sold and operating costs, measures of gross margin, operating margin, and/or net margin.

**RESPONSE:** ISG objects to Request No. 61 as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; none of the Former MMR Employees have non-competition, customer non-solicitation, or employee non-solicitation covenants. ISG further objects to Request No. 61 as seeking documents or information that are neither relevant nor likely to lead to the discovery of admissible evidence, to the extent that it seeks documents concerning individuals who are not parties to the litigation. ISG objects to Request No. 61 to the extent that it seeks the production of documents or information about ISG's Department of Transportation ("DOT") business as neither relevant nor likely to lead to the discovery of admissible evidence, harassing, and made for an improper purpose; ISG's DOT business is not competitive with MMR. ISG further objects to Request No. 61 to the extent that it seeks the production of documents or information unrelated to the claims in the litigation and as premature, overly broad, and not proportionate to the needs of the case, as MMR has not yet specifically identified its purported confidential information and trade secrets.

## ARGUMENT

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, a party is permitted to seek the production of documents that are "relevant to any party's claim" and "proportional to the needs of the case." This Court has further recognized that "the extent of discovery must be limited if '(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)." *Stewart v. Liberty Mut. Ins. Co.*, No. 23-859, 2024 U.S. Dist. LEXIS 124867, at *2 (M.D. La. Jul. 16, 2024) (Bourgeois, M.J.) (quoting Fed. R. Civ. P. 26). Here, the Disputed Requests seek relevant information relating to MMR's calculation of damages, and each request is proportional to the needs of the case.

**I.    The Disputed Requests seek relevant information**.

The Disputed Requests seek information relevant to MMR's claims. MMR's document requests No. 45 (documents and communications that document revenue, customers, and/or projects ISG has bid on or won and for which any Former MMR Employee had any involvement), No. 46 (documents demonstrating gross profit margin by transaction and customer for each customer and transaction for which any Former MMR Employee had any involvement), No. 48 (trailing 24 month revenue for each customer and/or project appearing on expense reports), No. 50 (sales forecast records and budgeting documents ISG has used track progress on projects that were bid and/or obtained), No. 52 (sales forecasts records, budgets, and other financial documents prepared by or for ISG that were presented to investors); No. 53 (sales forecasts, projects, and/or budgets prepared for internal use by ISG or a third party to benefit ISG), No. 55 (documents reflecting valuations of ISG as a whole), No. 56 (records of valuations of customer relationships), No. 57 (documents concerning capital raised, including private equity transactions, and including presentations to investors to obtain capital investments), No. 60 (monthly, quarterly, and annual Revenue Statements for ISG), and No. 61 (monthly, quarterly, and annual Profit and Loss Income

Statements) <u>all seek information relevant to MMR's claimed damages</u>, including MMR's actual losses and ISG's unjust enrichment.[2]

ISG's conclusory, non-specific objections concerning relevancy are meritless, as MMR is entitled to discover facts and information relevant to its calculation of damages, which includes lost profits and unjust enrichment,[3] the latter of which includes an enterprise valuation model and/or a disgorgement of profits model.[4] *See Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 879 (5th Cir. 2013) (recognizing the "flexible" approach to damages which includes the value of plaintiff's lost profits, the defendant's actual profits from the use of the secret, the value that a reasonably prudent investor would have paid for the trade secret, the development costs the defendant avoided incurring through misappropriation; and a reasonable royalty). It is unsurprising that ISG's own damages expert — Brent K. Bersin — has himself calculated these types of damages in trade-secret-misappropriation cases. When disclosing Mr. Bersin as its expert, ISG included a description of Mr. Bersin's experience and expertise, which further demonstrates the relevancy of the information sought in the Disputed Requests:

---

[2] Damages available under the Defend Trade Secret Act ("DTSA") and the Uniform Trade Secret Act ("UTSA") are effectively the same. Both statutes provide for: (i) damages for <u>actual loss</u> caused by the misappropriation of the trade secret, ***and*** (ii) damages for <u>unjust enrichment</u> caused by the misappropriation that is not addressed in computing damages for actual loss.

[3] Trade secret plaintiffs "are not limited to damages based on the misappropriator's profits. This makes sense because the difficulty of predicting the future profit stream from stolen intellectual property may undercompensate the victim." *GlobeRanger Corp. v. Software AG U.S.A.*, 836 F.3d 477, 500 (5th Cir. 2016).

[4] The Fifth Circuit has made clear that lower courts shall employ a "flexible approach" to calculating damages arising from the misappropriation of trade secrets. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867 (5th Cir. 2013) (citing *Univ. Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 535 (5th Cir. 1974)). That is, "every case requires a flexible and imaginative approach to the problem of damages." *Univ. Computing Co.*, 504 F.2d at 538. Plaintiffs, moreover, "are entitled to adapt their damage theory to fit within the particular facts of the case[,]" so long as the model is not based on "sheer speculation." *Carbo Ceramics, Inc. v. Keefe*, 166 F. App'x 714 (5th Cir. 2006).

#103447208v2



(Exhibit 3, ISG's Expert Disclosure). The relevancy of the requested documents relating to damages cannot be disputed.

## II.    The Disputed Requests are proportional.

ISG has not stated with specificity — nor has it offered any evidence to show — how the Disputed Requests impose a burden that is not proportional to the needs of this case. *See Hall v. Rent-A-Center, Inc.*, No. 16-cv-978, 2018 U.S. Dist. LEXIS 15240, at *14-15 (E.D. Tex. Aug. 31, 2018) (discussing the burden of showing proportionality). The damages information MMR seeks to calculate its loss profits and/or unjust enrichment is uniquely accessible to ISG. Further, the requested information is contained within, and can be easily generated by, ISG's accounting/project tracking software, or the requested information exists within discrete, easy-to-locate documents. It cannot be overstated, moreover, that ISG misappropriated and then used MMR's trade secrets to launch and grow its business — even flouting the Court's *Preliminary Injunction* when doing so. *See* (R. Doc. 145) (holding ISG in contempt). Each of the Disputed Requests is underpinned by a significant and highly developed record of wrongdoing,

demonstrating that MMR's trade secrets were intricately intertwined with every aspect of ISG's business, and MMR's expert requires information covered by the Disputed Requests to fully evaluate and offer an opinion on MMR's damages. To the extent MMR's requests impose some speculative burden on ISG, this burden arises only because of ISG's extensive and well-established misappropriation

## III.    ISG's other objections are meritless.

Apart from relevancy and proportionality, ISG makes other objections that are baseless. For example, ISG at times complains that MMR's requests are premature and/or that MMR has "not yet specifically identified its purported confidential information and trade secrets." *See, e.g.,* Response to Request No. 52. But the Court has already rejected this exact argument. *See* (R. Doc. 57) (denying ISG's motion to stay discovery based on, *inter alia*, a failure to identify information at issue). Further, since ISG made its objections to the Disputed Requests, the Court held ISG in contempt for its continued use of specific pieces of MMR's stolen information. *See* (R. Doc. 145) (p. 4) (discussing, as examples, labor and material sheets, overhead top sheets, a job analysis program, and a proposal tracking program). These two objections, therefore, are completely baseless.

Likewise, ISG's objection concerning "harassment," or some other "improper purpose" behind the Disputed Requests, is also without merit. *See, e.g.,* Response to Request No. 46. As already noted, a strong factual basis supports MMR's claims. In fact, the Court has already made preliminary findings that MMR is likely to succeed on the merits of its misappropriation-based

12

claims, and, as such, it is difficult to understand how obtaining information directly relevant to

MMR's damages can be considered "improper" or indicative of some ill-defined "harassment."[5]

## CONCLUSION

For the reasons set forth above, the Court should grant MMR's motion and compel ISG to

produce the documents responsive to the Disputed Requests.


Respectfully submitted:

*/s/ P.J. Kee*

P.J. Kee (La. Bar No. 34860)
Thomas P. Hubert (La. Bar No. 19625)
Michael W. Magner (La. Bar No. 01206)
Michael A. Foley (La. Bar No. 35774)
Jason A. Culotta (La. Bar No. 35731)
Jacob J. Pritt (La. Bar No. 38872)
Connor H. Fields (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8230
Facsimile: (504) 589-8230
Email:  pkee@joneswalker.com
***Counsel for MMR Constructors, Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served through the Court's pacer e-filing

system on January 14, 2025.


*/s/ P.J. Kee*

P.J. Kee

---

[5] MMR further notes that a protective order is in place under which ISG can produce information responsive to the Disputed Requests as "attorneys' eyes only."

13

14