UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MMR CONSTRUCTORS, INC.                                CIVIL ACTION

VERSUS

JB GROUP OF LA, LLC, ET AL.                           NO. 22-00267-BAJ-RLB

### RULING AND ORDER

Now before the Court is Defendants JB Group of LA, LLC, Jason Yates, Travis Dardenne, David Heroman and Michael Lowe's **Motion To Stay Preliminary Injunction Pending Interlocutory Appeal (Doc. 226, the "Motion")**. As Defendants JB Group of LA, LLC, Jason Yates, Travis Dardenne, David Heroman and Michael Lowe (collectively, "ISG") note, the issues and arguments raised by the Motion are duplicative of those addressed by the Court in its Ruling and Order denying Defendants' request to dissolve the stipulated preliminary injunction. (Doc. 212). District courts consider four factors in deciding whether to grant the "extraordinary remedy," *June Med. Servs. LLC v. Kliebert*, No. CV31400525JWDRLB, 2016 WL 617444, at *7 (M.D. La. Feb. 16, 2016), of a stay of an order or judgment pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (quoting *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*,

734 F.3d 406, 410 (5th Cir. 2013)).

For reasons identified at length in the previous ruling, (Doc. 212)., the Court concludes that ISG has not shown that it will likely succeed on the merits of its Motion. The Court likewise concludes that ISG has failed to show the irreparable harm caused by continued enforcement of the Preliminary Injunction. (Doc. 23). ISG argues that the Preliminary Injunction is an impermissible restriction on freedom of information and competition, while ignoring that it stipulated to its terms. (Doc. 226-1 at 3-4). ISG argues that compliance with the Preliminary Injunction entails irreparable costs because of the court-appointed special master and the Remediation Protocol, and yet are silent as to why either was even necessary. (*Id.* at 4). Both the court-appointed special master and the Remediation Protocol were entered into because ISG, by its own admission, was in extensive and uninterrupted violation of the Preliminary Injunction from its inception. (*See* Doc. 145). ISG's arguments pertaining to the harms likely posed to Plaintiff and the public interest rely upon its contentions that Plaintiff's materials do not possess any sort of legal protection, (Doc. 226-1 at 9), and therefore rely on the ISG's opinion, rejected by the Court in its previous ruling, (Doc. 212), that it is substantially likely to prevail on the merits.

Taking each of the above factors into account, the Court concludes that ISG has failed to carry its heavy burden to justify a stay of the Preliminary Injunction pending appeal.[1]

---

[1] ISG argued in the alternative that the Remediation Protocol be stayed pending appeal because there is "no urgent need" for it. (Doc. 226-1 at 10). Such a statement once more ignores the reason for its issuance. Put simply, ISG agreed to do something, the Court

2

Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 3rd day of February, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

accepted this agreement, and then ISG went back on its word. Intentional or not, this reneging was patently avoidable. That ISG now tells the Court that its compliance with the Preliminary Injunction need not be enforced inspires no confidence that this time would be any different.