UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MMR CONSTRUCTORS, INC.                                CIVIL ACTION

VERSUS

JB GROUP OF LA, LLC, ET AL.                           NO. 22-00267-BAJ-RLB

RULING AND ORDER

Now before the Court is Plaintiff's **Motion To Compel Compliance And/Or For Contempt (Doc. 213, the "Motion")**. Plaintiff contends in its Motion that Defendants have purposefully slow-played compliance with the Remediation Protocol so as to deny it any real meaning, and in this process have flouted the authority of the Special Master. (Doc. 213-1 at 1-2, 9). Defendants respond by contending that the letter of the Remediation Protocol has been adhered to, and that there is therefore no basis for a contempt finding. (Doc. 227 at 1-2).

A contempt finding requires a violation to a "definite and specific order of the court." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). Defendants are correct in their assertion that the Remediation Protocol, which the Parties created and jointly urged the Court to adopt, carries no hard deadlines. (Doc. 157). Plaintiff responds that even if the Remediation Protocol does not set forth hard deadlines, Defendants cannot intentionally sit on their collective hands. (Doc. 213-1 at 15-16).

Plaintiff is correct—purposeful delays and contumacious conduct will spawn

additional sanctions and potential contempt findings. However, Defendants, as described above, assert that they have not done so, and that to the extent there have been delays in fulfilling duties under the Protocol, such delays are attributable to: (1) the absence of any need to purge the contested materials from Defendants' possession, (2) this Court's delay in issuing its ruling denying Defendants' motion to dissolve the Preliminary Injunction, (3) the subsequent and since denied motion to the Court requesting a stay of the Preliminary Injunction pending Defendants' interlocutory appeal of the same, and (4) Defendants' interlocutory appeal itself. (Doc. 227 at 2, 5, 13). The dispute thus quickly devolves to an examination into whose factual account is accurate, and whether Defendants' actions amount to intentional disregard of the Court's order.[1]

The Court is not in a position to determine whether Defendants have been in willful defiance of the Remediation Protocol, as the Court assigned the duty of administering this Protocol on to the Special Master. (Doc. 147). Plaintiff, cognizant of this, requests that the Court conduct an evidentiary hearing to hear from the Special Master, Plaintiff's forensic experts, Defendants' forensic experts, and Defendant JB Group of LA, LLC's executive team. (Doc. 235).

The power to hold parties in contempt is to be exercised with "restraint and discretion," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980), in instances where a party's noncompliance is shown by "clear and convincing evidence." *Hornbeck*

---

[1] The Court, in the interest of charity, does not directly address Defendants' alternative explanations, and confines itself to a reminder that, absent a contrary ruling from this Court or the U.S. Court of Appeals for the Fifth Circuit, compliance with the Preliminary Injunction and the Remediation Protocol is simply not optional.

*Offshore Servs., L.L.C.*, 713 F.3d at 792. Further, the power to issue contempt rulings is based on the Court's role in protecting both the "due and orderly administration of justice" and the "authority and dignity of the court." *Piper*, 447 U.S. at 764.

Based on the pleadings submitted, the Court is not convinced that an evidentiary hearing will provide clear and convincing evidence that Defendants definitively violated the Remediation Protocol. Further, the Parties have already expended considerable resources in litigating Defendants' compliance with the Preliminary Injunction, and an additional evidentiary hearing at the scale recommended by Plaintiff would, in the Court's opinion, not further the due administration of justice but would instead result in additional delays to this case getting on its feet and on towards a resolution.

The Court will therefore exercise its discretion and deny Plaintiff's Motion at this time. Should Defendants fail to put forth a good faith effort to comply with the edicts of the Remediation Protocol moving forward,[2] the Special Master already possesses the ability under the plain language of Federal Rule of Civil Procedure 53(c) to recommend that the Court issue a contempt ruling.[3] The Court similarly stands ready to hear such challenges and issue sanctions, to the extent Plaintiff or Defendants bring additional motions of this nature, and any coercive penalties that

---

[2] An absence of good faith might be found, for example, if a party fails to respond to a direct request from the Special Master, just as an absence of good faith might be found by a party directing that their retained experts proceed at a purposefully sluggish rate.

[3] Federal Rule of Civil Procedure 53(b)(2) requires that the order appointing a special master must state "any limits on the master's authority under Rule 53(c)." The Order appointing the Special Master and the Remediation Protocol list no such limitations. (Docs. 147, 157). The Special Master therefore retains the powers granted by Rule 53(c).

ensue from such successful motions will, of course, take into consideration the sanctioned party's history of compliance and/or misconduct.

Accordingly, and for the reasons identified above,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of February, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA