UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.,** | : | **CIV. NO. 22-267** |
| Plaintiff, | : | |
| **VERSUS** | : | **JUDGE BRIAN A. JACKSON** |
| **JB GROUP OF LA, LLC D/B/A INFRASTRUCTURE SOLUTIONS GROUP, ET AL.,** | : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND
TO REQUEST EXPEDITED CONSIDERATION**

Plaintiff, MMR Constructors, Inc. ("MMR"), submits this memorandum in support of its motion to compel and to request expedited consideration:

*ISG refuses to cooperate in scheduling key depositions*

1. MMR needs to depose named parties, including Defendants Mike Lowe, David Heroman, Jason Yates, and Travis Dardenne, as well as the 30(b)(6) deposition of JB Group of LA, LLC d/b/a Infrastructure Solutions Group ("ISG"). There can be no dispute that these individuals, and ISG, have information that is highly relevant to the parties' claims and defenses.

2. MMR also needs to take the depositions of the following fact witnesses: Kevin Alexander, Laiton McCaughey, Summer Anderson, Gentry Beach, and Rob Vollero — each of whom has personal knowledge and were engaged in the misappropriation of and profiting from MMR's protected information.[1] MMR also needs the 30(b)(6) deposition of Highground Holding, a private equity company that invested in ISG, knowingly profited from MMR's protected information, and conducted valuations of ISG's misuse of MMR's protected information.

---

[1] Because Kevin Alexander, Laiton McCaughey, and Summer Anderson are third-parties, MMR has served them with subpoenas for their depositions to take place on March 11-13, 2025. However, based on ISG's counsel stance in this case, MMR believes that these witnesses may be instructed to not attend.

1

3. MMR has tried—now, over the period of several months—to schedule the foregoing depositions, but ISG's counsel (who purportedly represents all of these individuals and entities) has refused to provide dates, which has needlessly stalled discovery. ISG's counsel has insisted that no dates will be provided absent a court order.

4. On December 23, 2024, MMR emailed the Court a letter—attached hereto as **Exhibit 1**—to explain ISG's refusal to cooperate in scheduling the foregoing depositions and to request a status conference. In short, ISG takes the position—totally unsupported by the Federal Rules of Civil Procedure[2]—that the foregoing depositions may only take place after written discovery motions are decided. Such a condition is patently improper.[3]

---

[2] Rule 26(d)(3) provides that discovery can take place "in any sequence" and "discovery by one party does not require any other party to delay its discovery." For this reason, a court will not interfere with this Rule unless a party proves that a specific discovery sequence is in the "parties' *and* witnesses' convenience *and* in the interest of justice." *Id.* (emphasis added); *see also Southern Filter Media, LLC v. Halter*, No. 13-116, 2014 U.S. Dist. LEXIS 22752, at *7 (M.D. La. Feb. 21, 2014) (Bourgeois, Jr., M.J.) ("Put another way, there is no requirement that all disputes regarding written discovery must be resolved to a party's satisfaction before they agree to move on to other forms of discovery.") (citing *Faulkner v. ICF Intern*, No. 07-932, 2008 U.S. Dist. LEXIS 78082 (M.D. La. Oct. 3, 2008) (refusing to alter sequence of depositions where defendant invoked Rule 26(d)(2) "for the purpose of either gaining a perceived tactical advantage or denying the plaintiff a perceived tactical advantage, but not 'for the parties' and witnesses' convenience and in the interest of justice.'")).

[3] *See LLOG Expl. Co., LLC v. Fed. Flange, Inc*., No. 17-02323, 2018 U.S. Dist. LEXIS 107022, at *8-9 (E.D. La. June 27, 2018); *Smith v. Kansa Tech., LLC*, No. 16-16597, 2017 U.S. Dist. LEXIS 215661, at *5 (E.D. La. Aug. 3, 2017); *Chaney v. Kansas City S. Ry. Co*., No. 06-3469, 2007 U.S. Dist. LEXIS 63451, 2007 WL 2463311, at *2 (E.D. La. Aug. 27, 2007) (the defendant failed to make the required showing that there is a particular sequence that is convenient or in the interest of justice); *Brown v. Bridges*, No. 12-4947, 2014 U.S. Dist. LEXIS 45535, at *9 (N.D. Tex. Apr. 2, 2014); *Genentech, Inc. v. Trustees of Univ. of Pa.*, No. 10-02037, 2011 U.S. Dist. LEXIS 66390, *4 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent."); *Lopez v. Don Herring Ltd*., No. 16-2663, 2018 U.S. Dist. LEXIS 128780, at *29-30 (N.D. Tex. Aug. 1, 2018); *Ward v. Am. Pizza Co*., 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have."); *Anderson v. United Parcel Service, Inc*., No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *17 (D. Kan. Nov. 22, 2010) ("A party is not excused from answering an interrogatory because it believes the propounding party has failed to be forthcoming with its own discovery responses."); *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery.").

5. In response to the letter, the Court indicated to MMR that formal motion practice would be necessary. MMR has tried to avoid motion practice through meet and confers with opposing counsel, but during the last two months, the only depositions that have moved forward have been the deposition of Defendant Kasey Kraft—which Judge Jackson specifically ordered go forward—and the limited deposition of Shawn Breeland (ISG's owner). And even Mr. Breeland's deposition did not move forward without significant limitations, as ISG's counsel conditioned it on MMR not asking questions related to damages. Though this condition was unsupported by the Federal Rules of Civil Procedure, MMR acquiesced in the interest of moving this case forward and because the need for Mr. Breeland's testimony was urgent.[4]

6. Accordingly, MMR requests that the Court order ISG's counsel to participate in the scheduling of depositions by providing deposition dates for the identified individuals.

*Expedited consideration of MMR's discovery motions is necessary*

7. Expedited consideration of this motion to compel is warranted because, on February 19, 2025, Judge Jackson entered a new Scheduling Order (R. Doc. 244) that set a discovery deadline of April 30, 2025, which is also the deadline by which MMR must serve its expert report.

8. The foregoing depositions therefore must take place over the course of the next two months, which is feasible, but only if the parties cooperate, as soon as possible, in getting them scheduled.

---

[4] MMR learned that Mr. Breeland—ISG's owner and President—was allegedly leaving the company to run a newly acquired competitor, which appears to be intended as a revamped ISG 2.0. Mr. Breeland still has MMR's protected information in his possession, which, due to his leaving for another competitor, creates numerous additional issues.

#103538549v3

9.  For the same reason, expedited consideration of the following two MMR discovery motions is also necessary to meet the Court's new deadlines: *Motion to Compel Production of Documents Responsive to MMR's Third Set of Requests for Production* (R. Doc. 220) and *Motion to Compel Documents Responsive to MMR's Second Set or Requests for Production (Related to Damages Discovery* (R. Doc. 225).

Respectfully submitted:

*/s/ P.J. Kee*
P.J. Kee (La. Bar No. 34860)
Thomas P. Hubert (La. Bar No. 19625)
Michael W. Magner (La. Bar No. 01206)
Michael A. Foley (La. Bar No. 35774)
Jason A. Culotta (La. Bar No. 35731)
Jacob J. Pritt (La. Bar No. 38872)
Connor H. Fields (La. Bar No. 39880)
JONES WALKER, LLP
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8230
Facsimile: (504) 589-8230
Email: pkee@joneswalker.com
**Counsel for MMR Constructors, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record by electronic filing on February 28, 2025.

*/s/ P.J. Kee*

4

#103538549v3