**JONES WALKER**

P. J. Kee
D:  504.582.8230
F:  504.589.8230
pkee@joneswalker.com

December 23, 2024

**Via E-mail**

Hon. Richard L. Bourgeois, Jr.
United States District Court for the Middle
District of Louisiana
777 Florida Street, Suite 278
RLB_Com@lamd.uscourts.gov

Re:     *MMR Constructors, Inc. v. JB Group of LA, LLC, et al.*, No. 22-267

Dear Magistrate Judge Bourgeois:

We are writing to request a status conference to discuss a discovery impasse. Specifically, the issue is scheduling depositions of witnesses who are controlled by ISG and its counsel, and after several attempts to resolve the issue, the parties could not reach a resolution.

For months, MMR has requested dates to depose several parties and fact witnesses who are controlled by ISG's counsel. ISG's counsel takes the position, however, that these depositions will not move forward unless and until MMR produces documents that are only recently subject to a motion to compel.[1] (R. Doc. 208). ISG focuses on the fact that it has, pursuant to a forensic protocol and consent injunction, produced numerous documents, while MMR has produced far less.

But the parties' disagreement over document productions is not grounds to refuse to participate in depositions or provide dates so that depositions can proceed. *Southern Filter Media, LLC v. Halter*, No. 13-116, 2014 U.S. Dist. LEXIS 22752, at *7 (M.D. La. Feb. 21, 2014) (Bourgeois, Jr., M.J.) ("Put another way, there is no requirement that all disputes regarding written discovery must be resolved to a party's satisfaction before they agree to move on to other forms of discovery.") (citing *Faulkner v. ICF Intern*, No. 07-932, 2008 U.S. Dist. LEXIS 78082 (M.D. La. Oct. 3, 2008) (refusing to alter sequence of depositions where defendant invoked Rule 26(d)(2) "for the purpose of either gaining a perceived tactical advantage or denying the plaintiff a perceived tactical advantage, but not 'for the parties' and witnesses' convenience and in the interest of

---

[1] MMR does not attach to this letter back-and-forth emails from counsel on this issue. To the extent the Court wishes to see them, which MMR doubts, MMR can provide them.

justice.'")).[2] This is so because Rule 26(d)(3) provides that discovery can take place "in any sequence" and "discovery by one party does not require any other party to delay its discovery."[3]

Further, there is a pressing need to complete these depositions. Judge Jackson recently denied ISG's motion to dissolve the consent injunction, and, in that same ruling, he ordered the parties to confer and take the deposition of one witness, former ISG employee Kasey Kraft. (R. Doc. 212). ISG's motion stalled discovery, and Judge Jackson ordered the parties to submit a new abbreviated schedule, including a new discovery cutoff, to accelerate a trial. (R. Doc. 210). (NB: ISG's counsel has indicated that their only availability, from now through January 2025, is the week of January 27-31, 2025, but only for the deposition of Mr. Kraft, whom they no longer control.)

Given this truncated schedule, MMR seeks clarity on the timing of depositions and whether ISG has the right to condition them on document productions from MMR. The resolution of this limited legal issue will assist the parties as they confer on an amended scheduling order.

MMR hopes to avoid formal motion practice and believes that a brief status conference is the most efficient and effective way to resolve this discovery dispute, particularly considering looming time constraints.

---

[2] *See also LLOG Expl. Co., LLC v. Fed. Flange, Inc.*, No. 17-02323, 2018 U.S. Dist. LEXIS 107022, at *8-9 (E.D. La. June 27, 2018); *Smith v. Kansa Tech., LLC*, No. 16-16597, 2017 U.S. Dist. LEXIS 215661, at *5 (E.D.La. Aug. 3, 2017); *Chaney v. Kansas City S. Ry. Co.*, No. 06-3469, 2007 U.S. Dist. LEXIS 63451, 2007 WL 2463311, at *2 (E.D. La. Aug. 27, 2007) (the defendant failed to make the required showing that there is a particular sequence that is convenient or in the interest of justice); *Brown v. Bridges*, No. 12-4947, 2014 U.S. Dist. LEXIS 45535, at *9 (N.D. Tex. Apr. 2, 2014); *Genentech, Inc. v. Trustees of Univ. of Pa.*, No. 10-02037, 2011 U.S. Dist. LEXIS 66390, *4 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent."); *Lopez v. Don Herring Ltd.*, No. 16-2663, 2018 U.S. Dist. LEXIS 128780, at *29-30 (N.D. Tex. Aug. 1, 2018); *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have."); *Anderson v. United Parcel Service, Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *17 (D. Kan. Nov. 22, 2010) ("A party is not excused from answering an interrogatory because it believes the propounding party has failed to be forthcoming with its own discovery responses."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery.").

[3] Fed. R. Civ. P. 26(d)(3). For this reason, a court will not interfere with this Rule unless a party proves that a specific discovery sequence is in the "parties' and witnesses' convenience and in the interest of justice."

Respectfully,

P.J. Kee