UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MMR CONSTRUCTORS, INC.                          CIVIL ACTION

VERSUS

JB GROUP OF LA, LLC, ET AL.                     NO. 22-00267-BAJ-SDJ

## RULING AND ORDER

Before the Court is Defendants' **Motion To Divide The Trial Into Two Distinct Phases (Doc. 224).** The Motion is opposed. (Doc. 231). For the following reasons, Defendants' Motion is **DENIED**.

Defendants ask the Court to divide the trial into two phases—liability and damages. (Doc. 224). Defendants propose trying the case to the same jury, in the following phases:

> **Phase One**: Phase One of the trial will be limited to the issue of liability, *i.e.* the conduct of the parties. The jury will then deliberate and return a verdict on liability.

> **Phase Two:** After the jury determines the issue of liability, and only if that determination is in favor of Plaintiff, will Phase Two of the trial proceed. Phase Two will occur immediately after Phase One, will include trial solely on the issue of damages, and will be tried before the same jury selected for Phase One. The jury will then deliberate and return a verdict on possible damages.

(Doc. 224-1 at 1).

Defendants assert that the Court should bifurcate the trial because none of the testimony regarding damage calculations is necessary to determine liability. (*Id.* at 2). Defendants contend that presenting the jury with Plaintiff's potential damage evidence in the liability stage would create the risk of the jury assuming

Defendants' liability after hearing Plaintiff's evidence regarding its potential damage. (*Id.*).

Defendants also assert that bifurcating the trial serves the interests of judicial economy because if Defendants are successful in Phase One, the parties will not be required to try Phase Two, saving time and expense. (*Id.*). Finally, Defendants argue that trying the issue of liability before the issue of damages provides the parties time to negotiate a settlement between the two phases, eliminating the need for Phase Two. (*Id.*).

Plaintiff responds that the issues of liability and damages are inextricably intertwined in this theft-of-information conspiracy case. (Doc. 231 at 1). Plaintiff argues that in order to establish that the information Defendants allegedly stole from Plaintiff was valuable, Plaintiff must demonstrate that Defendants benefitted from growth in revenue and enterprise due to their alleged misuse of Plaintiff's information. (*Id.*). Because the same witnesses and evidence would be required twice in separate trials, Plaintiff asserts that bifurcation yields no trial efficacies. (*Id.*).

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials of one or more separate issues or claims for its convenience, to avoid prejudice, or to expedite and economize. When ordering a separate trial, however, the Court must preserve any federal right to a jury trial. Fed. R. Civ. Pro. 42(b). Rule 1 states that the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

2

Whether to bifurcate a trial is a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992). Rule 42(b) "gives the trial court broad discretion to order a separate trial of any claim . . . in order to further convenience or to avoid prejudice." *Fid. & Cas. Co. of N.Y. v. Mills*, 319 F.2d 63, 63–64 (5th Cir. 1963).

Here, the Court finds that bifurcation, which according to the United States Court of Appeals for the Fifth Circuit "is not the usual course that should be followed[,]" is unwarranted. *Sims v. City of Jasper, Tex.*, 117 F.4th 283, 293 (5th Cir. 2024) (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978)). For the following reasons, bifurcation will not promote convenience, avoid prejudice, expedite, or economize.

First, bifurcation will not promote convenience. As the Fifth Circuit has found, Defendants' argument that bifurcation is more convenient because Defendants requested only one jury for each phase of the trial and because the jury's finding on liability may eliminate the need for a trial on damages "only goes so far." This is because "[t]he same could be said [] in any case where liability and damages are both at issue[.]" *Sims*, 117 F.4th at 290.

Second, bifurcation will not expedite or economize. The Court agrees with Plaintiff that, given the nature of the claims at issue, the same evidence and witnesses will be required twice in a bifurcated trial. Here, Plaintiff asserts, among other claims, trade secret claims under the Defend Trade Secret Act ("DTSA") and

the Louisiana Uniform Trade Secret Act ("LUTSA"). The DTSA defines "trade secret" as:

> (3) the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--
>
>> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>>
>> (B) *the information derives independent economic value,* actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

18 U.S.C.A. § 1839 (emphasis added).

LUTSA similarly defines "trade secret" as:

> (4) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
>> (a) *derives independent economic value*, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and
>>
>> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

La. Rev. Stat. § 51:1431 (emphasis added).

Thus, to establish liability, Plaintiff must introduce evidence to establish that the information at issue derives independent economic value. This evidence will inevitably overlap with Plaintiff's evidence offered to establish the damages it

4

allegedly suffered because of Defendants' alleged theft of its trade secrets. Given the crossover of evidence that the parties intend to introduce on liability and damages, the Court finds that bifurcation will not expedite or economize.[1]

Finally, Defendants have not established that bifurcation will avoid prejudice, which the Fifth Circuit has suggested is subject to heightened weight in a bifurcation analysis. *Sims v. City of Jasper, Tex.*, 117 F.4th 283, 290 (5th Cir. 2024) ("Avoiding prejudice, though, seems to be given heightened weight, at least to the extent it is necessary to reverse an order to bifurcate.") Defendants assert that bifurcation will minimize prejudice by ensuring that evidence relevant only to damages does not improperly influence or confuse the jury's decision on liability. (Doc. 224-1 at 2). Plaintiff responds, however, that Plaintiff would suffer true prejudice if the Court bifurcated the trial due to the interdependence of the evidence in this case. (Doc. 231 at 6–7). Plaintiff urges that it intends to call witnesses whose testimony bears on both liability and damages, and that restriction of the evidence Plaintiff is permitted to introduce in its case-in-chief may impact the jury's analysis on liability. (*Id.*). The Court agrees with Plaintiff.

For these reasons, the Court finds that bifurcating the issues of liability and damages is inappropriate in this case as it will not expedite, economize, or promote convenience pursuant to Federal Rule of Civil Procedure 42(b).

---

[1] Bifurcation would also cause confusion given the overlap of evidence. Plaintiff rightly notes that if the Court bifurcated the trial, "the Court will constantly be refereeing whether evidence is 'liability-only' evidence, as distinguished from evidence that, given the substantial overlap at issue, touches on both the issues of liability and damages." (Doc. 231 at 7).

Accordingly,

**IT IS ORDERED** that Defendants' **Motion To Divide The Trial Into Two Distinct Phases (Doc. 224)** is **DENIED.**

Baton Rouge, Louisiana, this 9ᵗʰ day of June, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6