UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MMR CONSTRUCTORS, INC.,** | **CIVIL ACTION NO.: 22-CV-267** |
| **Plaintiff,** | **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | **MAGISTRATE JUDGE** |
| | **SCOTT D. JOHNSON** |
| **JB GROUP OF LA, LLC D/B/A** | |
| **INFRASTRUCTURE SOLUTIONS** | |
| **GROUP, et al.,** | |
| **Defendants.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR AN EMERGENCY STAY OF PROCEEDINGS</u>

Defendants, Jason Yates, Travis Dardenne, David Heroman, and Michael Lowe[1] (collectively the "Individual Defendants") submit this Memorandum in Support of their Motion for an Emergency Stay of Proceedings ahead of the **jury trial set to commence on Monday, September 15, 2025.**

Earlier today, September 12, 2025, Defendant, JB Group of LA, LLC, d/b/a/ Infrastructure Solutions Group ("ISG") filed for bankruptcy protection in the United States Bankruptcy Court for the Middle District of Louisiana, Case No. Case 25-10807. ISG then immediately filed a Suggestion of Bankruptcy in this Court (ECF 346). By operation of law pursuant to Section 362(a)(1) of the Bankruptcy Code, this action is automatically stayed as to ISG.

---

[1] Defendant, Michael Lowe recently reached a settlement in principle with Plaintiff, MMR Constructors, Inc. The parties are currently working on a settlement and release agreement, but as of today, Mr. Lowe remains a defendant in this litigation. For this reason, Mr. Lowe joins the other Individual Defendants in seeking a stay of the proceedings due to ISG's bankruptcy.

1

While the automatic stay provided in Section 362(a)(1) does not automatically extend to ISG's co-defendants, the Individual Defendants are in the process of preparing and filing in the Bankruptcy Court a Motion to Extend the Automatic Stay to protect themselves as Non-Debtor Co-Defendants ("Motion to Extend"). The basis for the Motion to Extend is that the Individual Defendants are so closely affiliated with ISG that the continuation of this litigation will result in (1) significant distraction and expense to ISG in the Bankruptcy Court, which will threaten and undermine its ability to reorganize, and (2) the substantial risk for inconsistent judgments in the dual track proceedings.

Critically, MMR Constructors, Inc. ("MMR") has made conspiracy and vicarious liability claims for which MMR seeks a judgment *in solido* against all defendants. Thus, a judgment against the Individual Defendants in this Court could act as a judgment against the protected debtor in the bankruptcy court. Further, because the facts, claims, and evidence are so intertwined, the claims cannot be practically or efficiently bifurcated. For these reasons, the Court is within its discretion to stay the subject litigation without waiting for the Bankruptcy Court to determine whether to extend the automatic stay to the Individual Defendants.

## I.     Background

On or about May 29, 2025, ISG filed a Motion for Emergency Stay of Proceedings (ECF 281) outlining its financial difficulties and seeking a continuation and stay of pending depositions and the trial. On May 30, 2025, the Court denied the emergency nature of ISG's request but reserved its decision on the broader request to stay the litigation pending full briefing. On August 1, 2025, ISG filed its Reply in Support of its Motion for Emergency Stay of Proceedings (ECF 314) asserting continued financial distress and advising of the company's imminent bankruptcy. On August 15, 2025, the Court denied ISG's request for a stay. ISG has since been working

diligently to develop its plan and secure its financing for a Chapter 11 Bankruptcy, while also preparing for trial on the chance it was able to avoid bankruptcy. Now that ISG has filed bankruptcy, the Individual Defendants respectfully request that this Court exercise its discretionary authority to stay this litigation pending the outcome of the bankruptcy, or at the very least until the Bankruptcy Court determines whether to extend the automatic stay to the Individual Defendants.

## II.     Legal Standard

The automatic stay is one of the "fundamental debtor protections" which is used as a shield to protect the debtor and the assets of the estate from creditors seeking to recover on pre-petition claims.[2] Under 11 U.S.C. §362 the stay serves "to protect the debtor's assets and to provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse."[3] By its terms the automatic stay applies only to "the debtor, not to co-debtors or co-tortfeasors."[4] Nonetheless, courts extend the stay to co-defendants in "unusual circumstances"[5] particularly when "there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment against or finding against the debtor"[6] or when, "the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization".[7]

---

[2] H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6296.
[3] *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir. 1985).
[4] *Id.*
[5] *McCartney v. Integra Nat. Bank N.*, 106 F.3d at 510 (3rd Cir. 1997); See also *In re LTL Management, LLC,* 638 B.R. 291, 304 (Bankr. D.N.J. 2022).
[6] *A.H. Robins Co.,* 788 F.2d 994, 999 (4th Cir. 1986); See also *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).
[7] *In re W.R. Grace & Co.*, No. 01-01139 (JKF), 2004 WL 954772, at *2 (Bankr. D. Del. Apr. 29, 2004); See also *In re LTL Management, LLC,* 638 B.R. 291, 304 (Bankr. D.N.J. 2022).

Federal courts may extend stay protection to non-debtors when their interests are so closely aligned with the debtor's that their identities are considered essentially indistinguishable.[8] In *A.H. Robins Co.*, the Fourth Circuit held that the identity of interests between non-debtor co-defendants that were indemnified associates, employees or insureds of the debtor were covered under the umbrella of the automatic stay because their interests were essentially similar in nature to that of the debtor.[9] Moreover, in *In re LTL Mgmt., LLC,* the court extended the automatic stay to non-debtors because the claims against them mirrored those against the debtor as they involved the same products, time periods, alleged injuries, and evidence.[10] The court reasoned that proceeding against the non-debtors was effectively the same as proceeding against the debtor, thereby threatening to disturb the bankruptcy process and constituting an "unusual circumstance" justifying extension of the stay.[11]

In *Hal Luftig Co., Inc.*, the bankruptcy court extended a corporate debtor's stay to its sole shareholder, who was found to be jointly and severally liable with the corporate debtor on a judgment.[12] The court reasoned that a judgment against the shareholder would have curtailed his financial support and promotional efforts that were essential to the debtor's reorganization.[13] Moreover, in *In re MCSi, Inc.*, the court stayed an action against non-debtor co-defendants reasoning that the bankrupt estate would be adversely affected because the creditor's action threatened to deplete funds or consume time that would otherwise aid the reorganization efforts of the debtor.[14]

---

[8] *A.H. Robins Co.v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986).
[9] *Id.* at 999–1001.
[10] *In re LTL Management, LLC,* 638 B.R. 291 at 306.
[11] *Id.*
[12] No. 22-01176, 2023 Bankr. LEXIS 19, at *1 (Bankr. S.D.N.Y. Jan. 5, 2023).
[13] *Id.* at *9-10.
[14] 371 B.R. 270, 271–72 (S.D. Ohio 2004); See also *Gray v. Hirsch,* 230 B.R. 239, 243 (S.D.N.Y.1999).

Federal courts have also recognized an exception where vicarious liability creates automatic estate liability. In *C.H. Robinson Co. v. Paris & Sons, Inc*, the court, quoting *A.H. Robins,* noted that extension of an automatic stay is appropriate when there is an "automatic creation of liability against the debtor because of any judgment against the non-debtor codefendant."[15]

In addition to and separate from an extension of the automatic stay, a district court has the authority to stay proceedings as part of its inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.[16] Courts in this Circuit generally consider three factors in determining whether to grant a stay: "(1) the potential prejudice to the non-moving party if the stay is granted, (2) the potential hardship to the moving party if the stay is denied, and (3) judicial efficiency."[17] Importantly, district courts have broad discretion to stay proceedings beyond the debtor where it is necessary to avoid duplicative litigation, piecemeal adjudication[18], or undue prejudice, and may do so on equitable grounds to promote judicial economy.[19]

### III.    Argument

MMR's claims against the Individual Defendants are so closely aligned with ISG that their identities are indistinguishable. The claims against all defendants are largely identical, and the facts and evidence are the same. Critically, the claims of conspiracy and vicarious liability generate direct and immediate claims against ISG in the bankruptcy case; and conversely, potential liability for the Individual Defendants arising from the bankruptcy case. Therefore, allowing separate and

---

[15] 180 F. Supp. 2d 1002, 1017 (N.D. Iowa 2001).
[16] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); See also *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009); *U.S. v. Bazemore*, 2010 WL 11618040, *1 (N.D. Tex. June 24, 2010).
[17] *Blunt v. Prospect Mortg.*, 2013 WL 12129263, at *1 (N.D. Tex. Nov. 20, 2013).
[18] *Raudonis 2016 Revocable Trust v. RealtyShares, Inc.,* 507 F.Supp.3d 378 (2020).
[19] *Id.* at 381; See also *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

parallel actions to proceed against the defendants would create serious prejudicial effects and hardship against all defendants and the substantial risk for inconsistent judgments.

A stay of these proceedings is warranted to avoid unnecessary expenditure of judicial resources, avoid duplicative proceedings, ensure consistent outcomes and allow for the orderly resolution of ISG's financial obligations through the bankruptcy process. Proceeding to trial now against the Individual Defendants would risk two parallel trials on the same facts, with the same witnesses, before different finders of fact – creating the very real possibility of conflicting verdicts.

Further, defense of parallel litigation would divert attention and resources needed for ISG's restructuring, hampering reorganization efforts. Similar to the shareholder in *Hal Luftig,* the Individual Defendants are integral to ISG's operations and financing as they are officers and managers who oversee the day-to-day essential functions of the business. Continued litigation or enforcement of a judgment against the Individual Defendants would directly diminish resources available in the bankruptcy proceeding and undermine the financial stability of ISG.

Finally, granting a stay will promote judicial economy by preventing wasteful and potentially inconsistent litigation. At the same time, a stay ensures fairness by protecting the Individual Defendants from the undue prejudice of being forced to try the case without the debtor—the alleged primary beneficiary of the claims—present in the litigation.

For the reasons set forth herein, the Individual Defendants respectfully request that the Court grant their Motion for Emergency Stay of Proceedings.

Dated: September 12, 2025

> Respectfully submitted,
> **DUNLAP FIORE LLC**
>
> /s/ Jennifer A. Fiore
> Jennifer A. Fiore (Bar # 28038)

Hunter R. Bertrand (Bar #30181)
Erin G. Fonacier (Bar # 33861)
6700 Jefferson Hwy, Building #2
Baton Rouge, LA 70806
Telephone: 225-282-0660
Facsimile: 225-282-0680
jfiore@dunlapfiore.com
hbertrand@dunlapfiore.com
efonacier@dunlapfiore.com

*Attorneys for JB Group of LA, LLC d/b/a
Infrastructure Solutions Group, Jason Yates,
Travis Dardenne, David Heroman and
Michael Lowe*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the

Clerk of Court using the CM/ECF system, which will send notice to all counsel on this 12$^h$ day

of September 2025.


/s/ Jennifer A. Fiore
Jennifer A. Fiore